Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6017 - MDL 1182 (all cases) | **DATE** | 9/7/2000 |
| **CASE TITLE** | In Re: Synthroid Marketing Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at ____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Parties' joint motion to enter final order and judgment is granted. The proposed settlement is fair, reasonable and adequate in light of the complexity, expense and likely duration of the litigation, in the light of the risks involved in establishing liability and damages, and in maintaining a class action through trial. For details see the Final Order and Judgment attached hereto. Enter Final Order and Judgment. The court retains jurisdiction to enforce the terms of stipulation and the final order and judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 8 2000 | Document Number |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 874 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP -7 PM 6:00 | date mailed notice |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation ) | Master File No. 97 C 6017 |
| ) | MDL No. 1182 |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | **DOCKETED** |
| ) | Judge Elaine E. Bucklo |
| All Actions ) | **SEP 0 8** 2000 |
| ) | |

# FINAL ORDER AND JUDGMENT

**All capitalized terms used in this Final Order and Judgment shall
have the meanings and/or definitions given them in the Stipulation of
Settlement and Compromise ("Stipulation") entered into by or on
behalf of the Settling Parties, and preliminarily approved by this
Court on October 22, 1999. A copy of the Stipulation is attached
hereto as Exhibit A.**

This Court, having on October 22, 1999, and November 1, 1999, entered orders

preliminarily approving the Proposed Settlement, subsequently conducted a hearing to determine

whether the Stipulation entered into by or on behalf of the Settling Parties was fair, reasonable,

adequate and in the best interests of the Consumer Settlement Class and the TPP Settlement

Class and on August 4, 2000, entered an order finally approving the Proposed Settlement. After

considering: (i) the memoranda submitted on behalf of the respective Settling Parties and other

interested persons or entities, (ii) the Stipulation and all exhibits thereto, (iii) the record of this

proceeding, including the evidence adduced at the hearing, (iv) the representations and argument

1

of counsel for the respective Settling Parties and other interested persons or entities, and (v) the relevant law, including, without limitation, the requirements of Rule 23 of the Federal Rules of Civil Procedure and based upon the findings of fact and law identified below and implicit in this order:

IT IS ORDERED, ADJUDGED, AND DECREED that:

(1)     The Consumer Settlement Class is so numerous that the joinder of all members is impracticable;

(2)     The TPP Settlement Class is so numerous that the joinder of all members is impracticable;

(3)     There are questions of law or fact common to the Consumer Settlement Class;

(4)     There are questions of law or fact common to the TPP Settlement Class;

(5)     The claims or defenses of the Consumer Plaintiffs named in the Master Consumer Complaint are typical of the claims or defenses of the members of the Consumer Settlement Class;

(6)     The claims or defenses of the TPP Plaintiffs named in the TPP Complaints are typical of the claims or defenses of the members of the TPP Settlement Class;

(7)     The Consumer Settlement Class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the Consumer Settlement Class for purposes of the conclusiveness of this judgment;

(8)     The TPP Settlement Class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the TPP Settlement Class for purposes of the conclusiveness of this judgment;

(9)     The representatives of the Consumer Settlement Class and the TPP Settlement Class have fairly and adequately protected the interests of the Consumer Settlement Class and the TPP Settlement Class, respectively;

(10)     Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and the Consumer Plaintiffs named in the Master Consumer Complaint have adequately represented the Consumer Settlement Class for purposes of entering into and implementing the Proposed Settlement;

(11)     Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and the TPP Plaintiffs named in the TPP Complaints have adequately represented the TPP Settlement Class for purposes of entering into and implementing the Proposed Settlement;

(12)     The questions of law or fact common to the members of the Consumer Settlement Class predominate over any questions affecting only individual members of the Consumer Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(13)     The questions of law or fact common to the members of the TPP Settlement Class predominate over any questions affecting only individual members of the TPP Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(14)     The notice methodology implemented pursuant to the Stipulation complies in all respects with Rule 23(e) of the Federal Rules of Civil Procedure and (i) constitutes reasonable and the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise putative Consumer Settlement Class Members and putative TPP Settlement Class Members of the pendency of the Actions and the Synthroid® Marketing Litigation, the terms of the Proposed Settlement, their right to object to or exclude

12724819.1 81800 1100C 98447402

3

themselves from the Proposed Settlement and to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure and any other applicable rules of the Court;

(15) The Settling Parties, the Consumer Settlement Class and the TPP Settlement Class have submitted to the jurisdiction of the Court for purposes of the Proposed Settlement; the Court has personal jurisdiction over the Settling Parties, the Consumer Settlement Class Members and TPP Settlement Class Members; the Court has subject matter jurisdiction over this Action; and the Court has subject matter jurisdiction to approve the Stipulation, including all exhibits thereto;

(16) The objections made to due process, constitutionality, procedures, and compliance with law, including but not limited to, the adequacy of notice and the fairness of the Proposed Settlement, lack merit and are hereby overruled;

(17) The Stipulation was the result of extensive and intensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation;

(18) The Proposed Settlement is fair, reasonable and adequate in light of the complexity, expense and likely duration of the litigation, in light of the risks involved in establishing liability and damages, and in maintaining a class action through trial. The Court hereby declares (i) the Stipulation to be binding on all Consumer Settlement Class Members and TPP Settlement Class Members; and (ii) the Stipulation to be preclusive in all pending and future lawsuits or other proceedings. The Settling Parties and their counsel are hereby directed to comply with and consummate the terms of the Stipulation;

(19)     The amount of oral and written discovery and independent investigation conducted in this litigation to date, and the factual record compiled, suffices to enable the Settling Parties to make an informed decision as to the fairness and adequacy of the Proposed Settlement;

(20)     The certification of the Consumer Settlement Class and the TPP Settlement Class for settlement purposes only, is hereby confirmed;

(21)     Each and every term and condition of the Stipulation and the Stipulation as a whole is approved as proposed and as preliminarily approved in the October 22, 1999, and November 1, 1999, Orders and as finally approved in the August 4, 2000, Order, and the Stipulation is made part of this Final Order and Judgment and is to be effective, implemented and enforced as provided in the Stipulation;

(22)     All claims of the Consumer Settlement Class and TPP Settlement Class as set forth in the Stipulation, under the terms and conditions of the Stipulation, against each of the Releasees are hereby dismissed, with prejudice, each party to bear its own costs, and Releasees are forever discharged from any claims or liabilities relating to the Synthroid® Marketing Litigation and/or the Released Claims, in accordance with the Stipulation;

(23)     The Master Consumer Complaint and the TPP Complaints are hereby dismissed upon the Final Settlement Date, with prejudice, and without attorneys' fees or costs to any party except as provided in the Stipulation;

(24)     Prior to the Final Settlement Date, any counsel receiving Attorneys' Fees pursuant to paragraphs 18 or 19 of the Stipulation shall, without need for any motion by Defendants or any further notice, order or judgment, within five (5) days after (A) issuance of

mandate or order reversing or modifying this Final Order and Judgment, or (B) the termination

of the Stipulation or the Stipulation becoming null and void pursuant to any provision thereof or

for any other reason, return to the First Escrow Agent for deposit into the First Escrow Account

(if returned by Lead Counsel for the Consumer Settlement Class or other consumer counsel), or

return to the Defendants (if returned by Lead Counsel for the TPP Settlement Class), the full

amount of all Attorneys' Fees awarded to such counsel and paid to such counsel pursuant to

paragraph 18 or 19, together with interest thereon from the date of payment of Attorneys' Fees

by the First Escrow Agent or by Defendants (whichever is applicable) to the date of return, at the

rate earned by the Consumer Settlement Amount (if returned by Lead Counsel for the Consumer

Settlement Class or other counsel) or the TPP Settlement Amount (if returned by Lead Counsel

for the TPP Settlement Class) during the period between payment of such amount by the First

Escrow Agent or Defendants and repayment of such amount.

(25)    Counsel receiving Attorneys' Fees pursuant to paragraph 18 or 19 or the

Stipulation shall, without need for any motion by Defendants or any further notice, order or

judgment, within five (5) days after issuance of a mandate or order reducing the amount of

Attorneys' Fees awarded to any such counsel, return to the First Escrow Agent for deposit into

the First Escrow Account (if returned by Lead Counsel for the Consumer Settlement Class or

other counsel), or return to the Defendants (if returned by Lead Counsel for the TPP Settlement

Class), the amount paid in excess of the amount to which the Attorneys' Fees were reduced, plus

interest on said excess from the date of payment of Attorneys' Fees by the First Escrow Agent or

by Defendants (whichever is applicable) to the date of return, at the rate earned by the Consumer

Settlement Amount (if returned by Lead Counsel for the Consumer Settlement Class or other

counsel) or the TPP Settlement Amount (if returned by Lead Counsel for the TPP Settlement Class) during the period between payment of such amount by the First Escrow Agent or Defendants and repayment of such amount.

(26)    Pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 2283, the Court hereby bars and enjoins: (i) all Consumer Settlement Class Members and TPP Settlement Class Members and all persons acting on behalf of or in concert or participation with such Consumer Settlement Class Members and/or TPP Settlement Class Members, from filing, commencing, prosecuting, intervening in or participating in any lawsuit in any jurisdiction on behalf of any Consumer Settlement Class Member or TPP Settlement Class Member, based upon or asserting any of the Released Claims (irrespective of whether such lawsuit is brought by or on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members against the Releasees, or brought by or on behalf of TPP Settlement Class Members against the Consumer Releasees, or brought by or on behalf of the Consumer Settlement Class Members against the TPP Releasees); and (ii) all putative Consumer Settlement Class Members and putative TPP Settlement Class Members who have not timely and validly excluded themselves from their respective classes, and all persons acting on behalf of or in concert or participation with such Consumer Settlement Class Members and/or TPP Settlement Class Members, from bringing a class action on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members or seeking to certify a class which includes such Consumer Settlement Class Members and/or TPP Settlement Class Members in any lawsuit (including by seeking to amend a pending complaint to include class action allegations, or seeking class certification in a pending action) based upon or asserting any of the Released Claims;

12724819.1  81800 1100C 98447402

7

(27)   The Second Settlement Fund, when established, shall be formed and operate to meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1; and the First Settlement Fund shall continue to operate and meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1;

(28)   All funds to be paid to or for the benefit of Consumer Settlement Class Claimants who are minors, incompetents, successions or absentees shall be placed in appropriate safekeeping pending the completion of appointment, qualification, and administrative procedures otherwise applicable with respect to the interests and property of minors, incompetents, successions and absentees;

(29)   Under applicable law, the Stipulation was entered into in good faith, at arms length, and is fair, reasonable and adequate and in the best interests of the Consumer Settlement Class and TPP Settlement Class;

(30)   The Final Order and Judgment shall be immediately appealable subject to the provisions of Rule 54 of the Federal Rules of Civil Procedure; and

(31)   The Court retains continuing and exclusive jurisdiction over the parties to the Stipulation for all purposes necessary or proper: (1) for the consummation, administration, supervision, interpretation, construction and/or enforcement of the Stipulation and the Final Order and Judgment; (2) for supervising the management and disbursement of the funds in the First Settlement Fund and/or the Second Settlement Fund; (3) to protect and effectuate the Final Order and Judgment; and (4) for any other necessary purpose.

ENTERED:

Date: _Sept. 7, 2000_____

By:_____

Honorable Elaine E. Bucklo

*Exhibit A*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation )<br>)<br>)<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>)<br>All Actions )<br>) | Master File No. 97 C 6017<br>MDL No. 1182<br><br><br>Judge Elaine E. Bucklo |

## STIPULATION OF SETTLEMENT AND COMPROMISE

Subject to the following terms and conditions, the named Consumer Plaintiffs in the

Master Consumer Complaint, and the named TPP Plaintiffs in the TPP Complaints, on behalf of

themselves and in their respective capacities as representatives of the Consumer Settlement

Class; and the TPP Settlement Class; Defendants; and the Individual Defendants, in

consideration of the agreements set forth below, agree to the comprehensive final settlement of

the Released Claims against Releasees upon the following terms and conditions, and stipulate

and agree to seek court approval of these terms and conditions as follows:

WHEREAS, Consumer Plaintiffs and TPP Plaintiffs contend, and Defendants deny, that

Defendants are liable for various actions in connection with the marketing of Synthroid® by,

inter alia, publishing disparaging materials, including material that claimed other levothyroxine

sodium products are not bioequivalent or are otherwise inferior to Synthroid® and refusing to

grant permission to publish a study and manuscript prepared by Betty Dong, et al., comparing

Synthroid® to certain levothyroxine products, which study Defendants deny is a scientifically

1

valid study but which was published in 1997 in part in response to requests by counsel for Consumer Plaintiffs, and by other alleged wrongful conduct as set forth in the Actions;

WHEREAS, commencing in April 1996, numerous state and federal court actions were filed throughout the United States, seeking damages and other relief from Defendants;

WHEREAS, Defendants petitioned the Judicial Panel on Multi district Litigation to consolidate all cases pending in, or removed to, federal court for pretrial proceedings, and based upon an agreement in principle between Defendants and the Consumer Plaintiffs to settle the litigation (which fact was reported to the panel), the Consumer Plaintiffs agreed to request coordination in the United States District Court for the Northern District of Illinois as In re Synthroid® Marketing Litigation, MDL 1182, where pretrial discovery, including establishing a document depository, continued;

WHEREAS, the 1997 Proposed Settlement was presented to the Court and, pursuant to the 1997 Proposed Settlement and preliminary Court order dated October 30, 1997, Defendants contributed Ninety-Eight Million and No/100 ($98,000,000.00) Dollars plus interest accrued to the First Settlement Fund, which constituted and continues to constitute a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1 and has continued to qualify as a qualified settlement fund since its creation on December 23, 1997, and such First Settlement Fund has remained in full force and effect subject to the terms of the escrow agreement for the First Escrow Account dated December 18, 1997;

WHEREAS, the 1998 Fairness Hearing was held, during which intervenors and others, such as various third party payors and state Attorneys General, many of whom were not parties 1to the MDL Action, objected to and/or sought exclusion from the 1997 Proposed Settlement,

citing, inter alia, issues of potentially overlapping claims among consumers and other entities that purchased, reimbursed, paid for and/or furnished value for the purchase of Synthroid® on behalf of consumers;

WHEREAS, following the August 14, 1998 Opinion and Order in which the Court stated that the 1997 Proposed Settlement could not be approved without the participation of all appropriate interested persons and/or entities, vigorous discovery and related motion practice resumed in various jurisdictions throughout the United States;

WHEREAS, since at least December 1997, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel have conducted extensive formal and informal discovery and investigation;

WHEREAS, subsequent to the August 14, 1998 Opinion and Order, counsel for the Defendants, various counsel for the Consumer Plaintiffs in the MDL Action, counsel for the TPPs and others participated in mediation sessions, and thereafter conducted settlement discussions in Washington, D.C., Chicago, Illinois, New Orleans, Louisiana and New York, New York in 1998 and 1999;

WHEREAS, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class have concluded, after additional discovery and further investigation of the facts and the law including, among other things, comprehensive deposition discovery of class representatives, depositions of insurance industry personnel and depositions of Defendants' current and former personnel, and after carefully considering the circumstances, including the potentially overlapping claims by Consumer Plaintiffs and TPP Plaintiffs regarding the right to participate in claims against

Defendants, the effect, if any, of the alleged wrongful conduct, and in light of the complete nature of the claims and the parties and the applicable law, that it would be in the best interests of the respective class members to enter into this Stipulation and to continue and supplement the settlement funds described below, in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the respective class members, and further, that Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class consider this Proposed Settlement to be fair, reasonable and adequate and in the best interests of the respective classes;

WHEREAS, Defendants have insisted that the simultaneous settlement of the claims of all Consumer Settlement Class Members and TPP Settlement Class Members, and a single settlement agreement encompassing all Consumer Settlement Class Members and TPP Settlement Class Members is necessary to resolve the claims of any Consumer Settlement Class Member and/or TPP Settlement Class Member;

WHEREAS, on July 19, 1999, this Court entered an order certifying a class of consumers in the United States who purchased Synthroid® between January 1, 1990 and the present, with respect to claims asserted under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and the state consumer protection statutes of the 50 states; and

WHEREAS, on July 19, 1999, this Court entered an order certifying a class of all insurance providers and other third party payors, including self-funded plans but excluding governmental agencies, that paid Synthroid® expenses incurred by any consumer in the United States between January 1, 1990 and the present, with respect to claims asserted under RICO and various state consumer protection statutes, including the Illinois Consumer Fraud and Deceptive

Business Practices Act;

WHEREAS, on September 17, 1999 this Court entered an order providing that notice of the class action be sent to the class consisting of all insurance providers and other third party payors, including self-funded plans but excluding governmental agencies, that paid Synthroid® expenses incurred by any consumer in the United States between January 1, 1990 and the present; and

WHEREAS, in light of the factors surrounding this litigation, including but not limited to the complete nature of the claims and parties in the Actions, all parties have agreed that this Court is an appropriate forum for the settlement of the claims at issue in this Stipulation;

WHEREAS, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class have advised Defendants and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class that each of the Consumer Plaintiffs named in the Master Consumer Complaint has represented to Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class that he or she (i) has agreed to serve as a representative of the Consumer Settlement Class proposed to be certified herein; (ii) is willing, able and ready to perform any of the duties and obligations of a representative of the Consumer Settlement Class, including the need to be available for, and involved in, discovery and fact finding by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class; (iii) has consulted with Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class or any other counsel they may have about the Actions, this Stipulation and the obligations of a class representative; and (iv) will remain and serve as a representative of the Consumer Settlement Class until the terms of this Stipulation are effectuated, this Stipulation is terminated in accordance with its terms or the Court at any time

determines that said Consumer Plaintiff cannot represent the Consumer Settlement Class;

WHEREAS, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class have advised Defendants and Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class that each of the TPP Plaintiffs named in the TPP Complaints has represented to Lead Counsel for the TPP Plaintiffs and TPP Settlement Class that it (i) has agreed to serve as a representative of the TPP Settlement Class proposed to be certified herein; (ii) is willing, able and ready to perform any of the duties and obligations of a representative of the TPP Settlement Class, including the need to be available for, and involved in, discovery and fact finding by Lead Counsel for the TPP Plaintiffs and TPP Settlement Class; (iii) has consulted with Lead Counsel for the TPP Plaintiffs and TPP Settlement Class or any other counsel they may have about the Actions, this Stipulation and the obligations of a class representative; and (iv) will remain and serve as a representative of the TPP Settlement Class, until the terms of this Stipulation are effectuated, this Stipulation is terminated in accordance with its terms or the Court at any time determines that said TPP Plaintiff cannot represent the TPP Settlement Class;

WHEREAS, Defendants agree to class certification only for settlement purposes and only if all the terms and conditions of this Stipulation are met, and reserve all defenses and objections against and rights to oppose certification of litigation classes if this Proposed Settlement does not become Final and any of the Actions has not been finally dismissed with prejudice and/or otherwise finally disposed of in a way that has the same force and effect as a final dismissal with prejudice or a final judgment on the merits that has been entered against plaintiffs;

WHEREAS, despite their belief that they are not liable for the claims asserted and have good defenses thereto, Defendants will enter into a comprehensive settlement to finally resolve

all claims asserted by or on behalf of the Consumer Settlement Class and the TPP Settlement

Class, which are or could have been asserted, and enter into this Stipulation to avoid the further

expense, inconvenience and burden of this protracted litigation, and the related distraction and

diversion of their personnel and resources, and thereby to put to rest this controversy, and to

avoid the risks inherent in uncertain complex litigation;

WHEREAS, arm's-length settlement negotiations have taken place between and among

counsel for Consumer Plaintiffs, TPP Plaintiffs and Defendants, resulting in this Proposed

Settlement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between,

and among Consumer Plaintiffs named in the Master Consumer Complaint (individually and in

their respective capacities as representatives of the Consumer Settlement Class) and TPP

Plaintiffs named in the TPP Complaints (individually and in their respective capacities as

representatives of the TPP Settlement Class), on the one hand, and Defendants and Individual

Defendants, on the other hand, that all Released Claims are hereby settled, compromised and

dismissed on the merits with prejudice on the terms and conditions specified herein and subject

to the approval of the Court.

1. <u>Definitions</u>. As used in this Stipulation and the attached Exhibits (which are an

integral part of this Stipulation and are incorporated herein in their entirety by reference), the

following terms shall have the following meanings (unless a part or subpart of this Stipulation or

its Exhibits otherwise provides):

a. "Actions" shall mean all of the following: the MDL Action; the cases listed in

Exhibit A; the cases listed in Exhibit B; and any and all new cases filed to the date of the entry of

the Final Order and Judgment in state or federal court by Lead Counsel for the Consumer

Plaintiffs and Consumer Settlement Class on behalf of putative Consumer Settlement Class

Members and/or by Lead Counsel for the TPP Plaintiffs and TPP Settlement Class on behalf of

putative TPP Settlement Class Members asserting any of the Released Claims.

  b.  "Attorneys' Fees" shall mean such funds, including interest awarded thereon, but

not including Expenses, as may be awarded by the Court to Lead Counsel for the Consumer

Plaintiffs and Consumer Settlement Class, other counsel for the Consumer Plaintiffs and

Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class

and/or other counsel for the TPP Plaintiffs and TPP Settlement Class to compensate them for

their efforts in representing and generating benefits for the Consumer Plaintiffs, Consumer

Settlement Class, TPP Plaintiffs and TPP Settlement Class. As used in this Stipulation, the term

"attorneys' fees" (without initial capitalization) shall have its common and ordinary meaning.

  c.  "August 14, 1998 Opinion and Order" shall mean the opinion and order dated

August 14, 1998, issued and entered by this Court.

  d.  "Class Period" shall mean the period commencing January 1, 1990 and

terminating on the Effective Date, inclusive.

  e.  "Consumer Claim Form" shall mean the document to be submitted by each

Consumer Settlement Class Claimant to establish his or her claim, substantially in the form

attached hereto as Exhibit D.

  f.  "Consumer Plaintiff" and "Consumer Plaintiffs" shall mean, individually and/or

collectively, the individual consumers or the individuals' legal representatives who have filed

Actions.

g. "Consumer Releasees" shall mean Consumer Plaintiffs, Consumer Settlement Class Members, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, other counsel for the Consumer Plaintiffs and Consumer Settlement Class and each of their respective successors, administrators, executors, representatives, assigns and heirs.

h. "Consumer Settlement Administrator" shall mean the third party administrator retained by Defendants pursuant to the terms of Paragraph 8 hereof to help implement the terms of the Proposed Settlement as it relates to the Consumer Settlement Class.

i. "Consumer Settlement Amount" shall mean all monies in the First Settlement Fund, less (i) First Settlement Fund Costs and less (ii) Twenty Million and No/100 ($20,000,000.00) Dollars (which amount shall be paid into the Second Settlement Fund within sixty (60) days following the Final Settlement Date) and less (iii) the amounts deposited by Defendants pursuant to Paragraph 6.a for expenses of notice of, and administration of, the Proposed Settlement.

j. "Consumer Settlement Class," "Consumer Settlement Class Member" and "Consumer Settlement Class Members" shall mean, individually and/or collectively, all individuals or the individuals' legal representatives in the United States and Puerto Rico who Purchased Synthroid® during the Class Period and (i) do not validly exclude themselves from participation under this Stipulation, and (ii) are not governmental entities and/or agencies represented by state Attorneys General, and (iii) are not TPPs or recipients of Synthroid® exclusively through state funded pharmaceutical drug programs who made no payments for Synthroid®, and (iv) are not the Individual Defendants.

k. "Consumer Settlement Class Claim" shall mean a valid claim by a Consumer

Settlement Class Member meeting all of the conditions for payment set forth in Paragraphs 7 and 9 hereof.

l. "Consumer Settlement Class Claimant" shall mean, individually and collectively, each Consumer Settlement Class Member who timely submits a valid Consumer Claim Form.

m. "Court" shall mean the United States District Court for the Northern District of Illinois, Eastern Division, where the MDL Action is pending.

n. "Defendants" shall mean, individually or collectively, BASF Corporation and Knoll Pharmaceutical Company.

o. "Defendants' Counsel" shall mean the law firms of Mayer, Brown & Platt; Pillsbury Madison & Sutro, LLP; and Baker & Botts, L.L.P.

p. "Distribution Order" and "Distribution Orders" shall mean the Court's order(s) authorizing distribution of funds from the First Settlement Fund and/or the Second Settlement Fund.

q. "Effective Date" shall mean the date on which this Stipulation receives preliminary approval from the Court after the filing of a joint motion for preliminary approval by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel substantially in the form attached hereto as Exhibit H and the entry of an order by the Court preliminarily approving the Proposed Settlement in the form attached hereto as Exhibit H.

r. "Expenses" shall mean the amount awarded by the Court for costs and expenses incurred by Consumer Plaintiffs, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, other counsel for the Consumer Plaintiffs and Consumer Settlement Class, TPP

Plaintiffs, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and/or other counsel for the TPP Plaintiffs and TPP Settlement Class during the prosecution of the Actions.

     s.    "1998 Fairness Hearing" shall mean the hearing in the MDL Action regarding the 1997 Proposed Settlement held by this Court.

     t.    "Final" shall mean (i) the Proposed Settlement has been granted final approval by the Court without modification or condition pursuant to the Final Order and Judgment, and (ii) if no appeal has been taken from the Final Order and Judgment, that the time to appeal therefrom has expired, and (iii) if any appeal has been taken from the Final Order and Judgment, or other challenge has been made to the Final Order and Judgment, that all such appeals and challenges, including petitions for rehearing or reargument, petitions for rehearing en banc, petitions for review, petitions for writ of mandamus, petitions for issuance of extraordinary writs of any kind and petitions for certiorari or any other form of review have been finally disposed of in a manner that affirms the Final Order and Judgment in all respects without any modification or condition, and that the time for any further appeals or review, except those contemplated by Rule 60 of the Federal Rules of Civil Procedure, has expired, and (iv) all of the Actions have been finally dismissed with prejudice and/or a final judgment on the merits has been entered against plaintiffs, and all appeals therefrom or other challenges thereto have been finally disposed of in a manner that affirms the dismissal with prejudice or final judgment on the merits against plaintiffs.

     u.    "Final Order and Judgment" shall mean the order issued by the Court in the form attached hereto as Exhibit I approving the Proposed Settlement and the judgment entered pursuant to that order.

v.     "Final Settlement Date" shall mean the date on which the Proposed Settlement (as approved by the Final Order and Judgment by the Court) becomes Final.

w.     "First Escrow Account" shall mean the escrow account established for the First Settlement Fund.

x.     "First Escrow Agent" shall mean the escrow agent for the First Settlement Fund.

y.     "First Settlement Fund" shall mean (i) the Ninety-Eight Million and No/100 ($98,000,000.00) Dollars in monies and accrued interest deposited and established at Citibank, N.A., Account Number 358330 on December 23, 1997, and which totaled One Hundred Million Three Hundred Nineteen Thousand Seven Hundred Eighty and 82/100 ($100,319,780.82) Dollars as of that date and is a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, plus (ii) One Million and no/100 ($1,000,000.00) Dollars to be deposited by Defendants into the First Escrow Account no later than five (5) days after the Final Order and Judgment is executed by the Court, and (iii) monies deposited by Defendants pursuant to Paragraph 6.a of this Stipulation for expenses of notice of, and reasonable administration of, the Proposed Settlement, together with the interest thereon until the date of disbursement.

z.     " First Settlement Fund Costs" shall consist of (i) any taxes on interest earned or accrued on the First Settlement Fund proceeds, and (ii) any reserves for taxes, and (iii) administrative expenses for the First Escrow Account.

aa.     "Individual Defendants" shall mean Barbara Buhler, Carter Eckert, Neil Kurtz and Gilbert Mayor.

bb.     "Individual Defendants' Counsel" shall mean Pillsbury Madison & Sutro, LLP.

cc.     "Knoll" shall mean Knoll Pharmaceutical Company, a New Jersey corporation

with its principal place of business in New Jersey.

dd.     "Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class" shall

mean the law firms of Milberg Weiss Bershad Hynes & Lerach LLP; Lieff, Cabraser, Heimann

& Bernstein LLP; Allan Kanner & Associates, PC; Miller Faucher Cafferty and Wexler LLP;

and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

ee.     "Lead Counsel for the TPP Plaintiffs and TPP Settlement Class" shall mean the

law firms of Donaldson, Guin & Slate, LLC; Gauthier, Downing, LaBarre, Beiser & Dean; and

Kohn, Swift & Graf, P.C.

ff.     "Master Consumer Complaint" shall mean the Master Consumer Class Action

Complaint filed October 15, 1997, In re Synthroid® Marketing Litigation, No. cv 6017, in the

MDL Action.

gg.     "MDL Action" shall mean case No. 97 C 6017, MDL No. 1182, pending in the

United States District Court for the Northern District of Illinois.

hh.     "Preliminary Approval" shall mean the date on which the Court enters the order

preliminarily approving the Proposed Settlement in the form attached hereto as Exhibit H, upon

the filing of a joint motion by Lead Counsel for the Consumer Plaintiffs and Consumer

Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants'

Counsel in the form attached hereto as Exhibit G.

ii.     "Proposed Settlement" shall mean the terms of settlement as set forth in this

Stipulation.

jj.     "1997 Proposed Settlement" shall mean the settlement agreed to as of October 16,

1997, and presented to this Court.

kk. "1997 Proposed Settlement Order" shall mean the order entered by the Court on October 30, 1997, preliminarily approving the 1997 Proposed Settlement.

ll. "Purchase", "Purchases" or "Purchased" shall mean to make payment for, to be obligated to make payment for or to otherwise obtain pursuant to a health, medical, prescription and/or pharmaceutical insurance or health benefit coverage plan or program of which the consumer is a member or participant.

mm. "Released Claims" shall mean any and all claims or causes of action, alleged bases of liability, damages, injuries, losses, restitution, disgorgement, punitive damages, statutory penalties, equitable, legal and administrative relief, interest, attorneys' fees, demands or rights, of any kind or nature whatsoever, whether known or unknown, that have been or could have been alleged or asserted (i) by the Consumer Plaintiffs or TPPs, or the Consumer Settlement Class or TPP Settlement Class, or any Consumer Settlement Class Member or TPP Settlement Class Member against the Releasees, (ii) by the TPPs, TPP Settlement Class or any TPP Settlement Class Member against the Consumer Releasees, or (iii) by the Consumer Plaintiffs, Consumer Settlement Class or any Consumer Settlement Class Member against the TPP Releasees, in the Synthroid® Marketing Litigation or in any other court action or before any administrative body, tribunal or arbitration panel on the basis of or relating to, arising from or connected with, in whole or in part, the advertising, marketing, promotion, labeling, distribution, branding, lobbying, research, interchangeability, bioequivalency, testing, pricing and/or sale of Synthroid®, whether based upon statute or common law, including but not limited to the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et seq., the Food, Drug and Cosmetic Act, other federal law,

14

codes, rules or regulations or the laws or statutes of any state or municipality or any other source, and which were or could have been asserted in, are connected with, arise out of and/or relate to, in whole or part, the conduct alleged, or that could have been alleged, in the Actions, relating to (i) conduct arising from or relating to a study performed by Betty Dong, et al. which is the subject of an article entitled "Bioequivalence of Generic and Brand-name Levothyroxine Products in the Treatment of Hypothyroidism," published in the April 16, 1997, edition of The Journal of the American Medical Association; (ii) any other claims or allegations relating to the alleged conduct of the Releasees regarding relative bioequivalence or interchangeability, bioavailability, therapeutic equivalence, relative effectiveness or superiority of levothyroxine sodium products, including Synthroid®; (iii) any and all claims or allegations relating to any agreement of Releasees to pay rebates, discounts or other compensation related to the purchase and/or utilization of Synthroid® and/or payment or reimbursement for Synthroid® regardless of whether such agreement to pay is made by Releasees to TPPs, mail order or retail pharmacies; (iv) any and all claims or causes of action and/or alleged bases of liability relating to the rights, if any, of the TPPs and TPP Settlement Class against the Consumer Releasees, or the rights, if any, of the Consumer Plaintiffs and Consumer Settlement Class against the TPP Releasees, in connection with or directly or indirectly relating to the Stipulation or the Proposed Settlement, including but not limited to any rights of subrogation, reimbursement or any claims related to payments by, to or on behalf of Consumers Plantiffs, Consumer Settlement Class Members or TPPs related to Synthroid®; (v) any and all acts, omissions, facts, matters, transactions, occurrences or oral or written statements or representations, whether disclosed or undisclosed, relating to levothyroxine sodium products; and (vi) any and all claims or causes of action and/or

alleged bases of liability relating to the rights, if any, of the TPPs, TPP Settlement Class

Members and/or Consumer Settlement Class Members against the Releasees, in connection with

or directly or indirectly relating to the Stipulation or the Proposed Settlement, including but not

limited to any rights of subrogation, reimbursement and/or any claims related to payments by, to

or on behalf of Consumer Settlement Class Members or TPPs related to Synthroid®. It is not the

intent of this Stipulation to release the following: (i) any claims against Releasees by any retail

pharmacy that is not a TPP, and (ii) any personal injury claims or product defect claims asserting

that Synthroid® is not safe and/or effective, and (iii) any claims asserted against the Releasees in

In re Brand Name Prescription Drugs Antitrust Litigation, No. 94 C 897, United States District

Court for the Northern District of Illinois and/or parallel state court actions or proceedings

alleging a conspiracy between Releasees and another pharmaceutical manufacturer or wholesaler

to avoid discounts to retail pharmacies, and (iv) any claim arising out of an actionable breach of

a service agreement entered into by and between Releasees, their successors and assigns, and any

TPP.

      nn.   "Releasees" shall mean Defendants, Individual Defendants, Boots

Pharmaceuticals, Inc., Boots USA, Inc., The Boots Company PLC and BASF AG, individually

and/or collectively, and their current, former or future parents, subsidiaries, affiliates, brother or

sister corporations, partners, predecessors, successors and assigns, and each of their respective

past, present and future officers, directors, shareholders, employees, agents, independent

contractors, brokers, managers, representatives, attorneys, insurers, heirs, administrators,

executors, predecessors, successors and assigns, or any of them.

      oo.   "Second Escrow Account" shall mean the escrow account established for the

Second Settlement Fund.

pp.    "Second Escrow Agent" shall mean the escrow agent for the Second Settlement Fund.

qq.    "Second Settlement Fund" shall mean Twenty-Five Million Five Hundred Thousand and No/100 ($25,500,000.00) Dollars, plus (i) interest accrued and/or imputed thereon (calculated at the rate of 6.0% per annum, compounded annually) from two (2) business days following the execution of this Stipulation until said Twenty-Five Million Five Hundred Thousand and No/100 ($25,500,000.00) Dollars (plus interest earned, accrued and/or imputed) is deposited at a financial institution in an interest accruing trust account, which deposit shall be made by Defendants no later than five (5) days after the Final Settlement Date, plus (ii) Twenty Million and No/100 ($20,000,000.00) Dollars which shall be transferred from the First Settlement Fund to the same interest accruing trust account referenced in "(i)" above no later than sixty (60) days following the Final Settlement Date, plus (iii) interest thereon from the date on which the monies are deposited in said interest accruing trust account to the date of disbursement. Said interest accruing trust account shall be established as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The monies in the Second Settlement Fund, including the monies transferred from the First Settlement Fund, are paid to fully and completely settle claims, including direct, subrogation and reimbursement claims, the TPPs may have against Releasees and Consumer Releasees.

rr.    "Second Settlement Fund Costs" shall consist of (i) any taxes on interest earned, accrued and/or imputed on the Second Settlement Fund proceeds, and (ii) any reserves for taxes, and (iii) administrative expenses for the Second Escrow Account.

ss.    "Settled Defendants' Claims" shall mean any and all claims or causes of action, punitive damages, statutory penalties, equitable, legal and administrative relief, interest, attorneys' fees, demands or rights, of any kind or nature whatsoever, whether known or unknown, that have been, or could have been asserted by the Defendants or the Individual Defendants or any of them or the successors and assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Consumer Releasees or their attorneys and/or any TPP Releasees or their attorneys, which arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or asserted in the Actions, including but not limited to the institution and prosecution of the Actions or settlement of the above-captioned actions.

tt.    "Settlement Hearing" shall mean the hearing(s) at which the Proposed Settlement is presented to determine its fairness, reasonableness and adequacy and at which applications for Attorneys' Fees and Expenses are considered, including the reasonable expenses of litigation, as provided under Rule 23(e) of the Federal Rules of Civil Procedure.

uu.    "Settling Parties" shall mean the Consumer Plaintiffs named in the Master Consumer Complaint and the TPP Plaintiffs named in the Complaints (in their individual capacities and as representatives of the Consumer Settlement Class and TPP Settlement Class, respectively), the Defendants and Individual Defendants, individually and/or collectively.

vv.    "Stipulation" shall mean this Stipulation of Settlement and Compromise, including its annexed Exhibits (which are incorporated herein by reference), duly executed by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, Defendants, Defendants' Counsel and Individual

Defendants' Counsel.

ww.    "Synthroid®" shall mean Synthroid® (Levothyroxine Sodium Tablets, USP).

xx.    "Synthroid® Marketing Litigation" shall mean the Actions, as well as any other federal or state court lawsuits against the Releasees arising from or relating to the Released Claims.

yy.    "TPP" and "TPPs" shall mean, individually and/or collectively, any and all entities who offer and/or offered insured and/or risk and/or self-funded products for medical, pharmaceutical and/or prescription drug benefit coverage, including but not limited to insurance companies; health maintenance organizations; managed care organizations or plans, including but not limited to prepaid plans and plans which generally administer health benefits; self-funded plans; and Pharmacy Benefit Managers ("PBMs"), who are or were at risk and paid or were obligated to pay claims or a portion thereof or reimburse for the purchase of Synthroid® by those members enrolled in the TPPs' plan(s) during the Class Period and those entities are not and/or were not reimbursed for the payment of those claims. TPPs do not include third party administrators and PBMs who only function and/or functioned as a billing agent and are or were at no risk for claims paid. However, PBMs who are or were at risk and paid or were obligated to pay claims or a portion thereof for the purchase of Synthroid® during the Class Period and are not and/or were not reimbursed for the payment of those claims, and who can provide sufficient evidence of such, are TPPs.

zz.    "TPP Claim Form" shall mean the document to be submitted by each TPP Settlement Class Claimant to establish its claim, substantially in the form attached hereto as Exhibit F.

aaa. "TPP Complaints" shall mean those complaints by or on behalf of or for the benefit of TPPs filed in, or transferred to the MDL Action, and captioned as follows: (1) Aetna U.S. Healthcare Inc., et al. v. Knoll Pharmaceutical Company, et al.; (2) Blue Cross and Blue Shield of Alabama, et al. v. BASF Corporation, et al.; and (3) Brokerage Concepts, Inc. v. Carter Eckert, et al.

bbb. "TPP Plaintiff" and "TPP Plaintiffs" shall mean, individually and/or collectively, Blue Cross & Blue Shield of Alabama; Louisiana Health Service & Indemnity Company d/b/a Blue Cross & Blue Shield of Louisiana; Aetna U.S. Healthcare, Inc.; Aetna Life Insurance Co.; Corporate Health Insurance Co., Inc.; and Brokerage Concepts, Inc.

ccc. "TPP Releasees" shall mean the TPP Plaintiffs, TPP Settlement Class Members, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and each of their respective subsidiaries, parents, affiliates, officers, directors, divisions, successors, devisees, trustees in bankruptcy, debtors in possession, administrators, executors, attorneys, representatives, assigns and heirs.

ddd. "TPP Settlement Administrator" shall mean the third party administrator retained by Defendants pursuant to the terms of Paragraph 8 hereof to help implement the terms of the Proposed Settlement as it relates to the TPP Settlement Class.

eee. "TPP Settlement Amount" shall mean all monies in the Second Settlement Fund, less Second Settlement Fund Costs.

fff. "TPP Settlement Class", TPP Settlement Class Member" and "TPP Settlement Class Members" shall mean, individually and/or collectively, all TPPs in the United States and Puerto Rico who (i) do not validly exclude themselves from participation under this Stipulation,

and (ii) are not governmental entities and/or agencies represented by state Attorneys General.

ggg.    "TPP Settlement Class Claim" shall mean a valid claim by a TPP Settlement

Class Member meeting all of the conditions for payment set forth in Paragraphs 7 and 9 hereof.

hhh.    "TPP Settlement Class Claimant" shall mean, individually and collectively, each

TPP Settlement Class Member who timely submits a valid TPP Claim Form.

iii.    "Total Settlement Fund" shall mean the total monies from the First Settlement

Fund and the Second Settlement Fund.

jjj.    "Total Settlement Fund Costs" shall mean the First Settlement Fund Costs plus the

Second Settlement Fund Costs.

2.    Certification of Settlement Classes. In accordance with the terms of this

Stipulation:

a.    Consumer Settlement Class. Lead Counsel for the Consumer Plaintiffs and

Consumer Settlement Class and Defendants' Counsel shall jointly propose that the Court certify

the Consumer Settlement Class for settlement purposes only and stay enforcement of the July 19,

1999 order certifying a class of consumers located in the United States for litigation purposes,

including but not limited to entering an order that notice shall not be sent to a class of consumers

except as provided in this Stipulation, until either termination of this Stipulation or dismissal

with prejudice of the MDL Action. The parties acknowledge that the Court shall hold such

hearing as necessary for the Court to determine whether the Consumer Settlement Class should

be certified for those purposes, but only upon the joint motion by the parties shall the Court

schedule and hold such hearing. Defendants shall continue to reserve all of their rights to oppose

certification of a class of consumers other than for purposes of settlement until such time as the

Proposed Settlement becomes Final. Putative Consumer Settlement Class Members may exclude themselves from the class by mailing a written request for exclusion to the Consumer Settlement Administrator, who shall automatically notify Defendants' Counsel and Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and who shall periodically submit names of the opt-outs to the Clerk of Court in accordance with the procedures set forth in Paragraph 8.a(xi) herein. Such a timely and valid request for exclusion shall preclude such putative Consumer Settlement Class Members from participating in the Proposed Settlement, and they will be unaffected by this Stipulation. Any putative Consumer Settlement Class Member who does not timely submit such a valid written request for exclusion will be bound by the Proposed Settlement, if the Proposed Settlement is finally approved by the Court and the Proposed Settlement becomes Final. Any putative Consumer Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in the MDL Action, regardless of whether such putative Consumer Settlement Class Member is, or subsequently becomes, a plaintiff in any other lawsuit against the Releasees asserting any of the Released Claims.

b. <u>TPP Settlement Class</u>. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel shall jointly propose that the Court certify the TPP Settlement Class for settlement purposes only and stay enforcement of the July 19, 1999 order certifying a class of TPPs located in the United States for litigation purposes, including but not limited to entering an order that notice shall not be sent pursuant to the Court's September 17, 1999 order and/or to a TPP class except as provided in this Stipulation, until either termination of this Stipulation or dismissal with prejudice of the MDL Action. The parties acknowledge that the

Court shall hold such hearing as necessary for the Court to determine whether the TPP Settlement Class should be certified for those purposes, but only upon the joint motion by the parties shall the Court schedule and hold such hearing. Defendants shall continue to reserve all of their rights to oppose certification of a class of TPPs other than for purposes of settlement until such time as the Proposed Settlement becomes Final. Putative TPP Settlement Class Members may exclude themselves from the class by mailing a written request for exclusion to the TPP Settlement Administrator who shall automatically notify Defendants' Counsel and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and who shall periodically submit names of the opt-outs to the Clerk of Court in accordance with the procedures set forth in Paragraph 8(b)(x). Such a timely and valid request for exclusion shall preclude such TPPs from participating in the Proposed Settlement, and they will be unaffected by this Stipulation, including with respect to any subrogation, reimbursement and/or similar claims. Any putative TPP Settlement Class Member who does not timely submit such a valid written request for exclusion will be bound by the Proposed Settlement, if the Proposed Settlement is finally approved by the Court and the Proposed Settlement becomes Final. Any putative TPP Settlement Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in the MDL Action, regardless of whether such putative TPP Settlement Class Member is, or subsequently becomes, a plaintiff in any other lawsuit against the Releasees asserting any of the Released Claims.

    c.    <u>Dismissal and Stay of Consumer Actions</u>.

        (i)    Not later than thirty (30) days after the date of the entry of the Final Order and Judgment, Lead Counsel for the Consumer Plaintiffs and Consumer

Settlement Class shall furnish Defendants stipulated stays or certified

copies of stay orders in all of the Actions shown on Exhibit B. Defendants

will join in any stipulated stays or motions for stays.

(ii)    Prior to the Final Settlement Date, Lead Counsel for the Consumer

Plaintiffs and Consumer Settlement Class shall furnish Defendants

certified copies of judgments of dismissal, with prejudice, conditioned

upon the Final Settlement Date occurring, of all Actions filed by or on

behalf of Consumer Plaintiffs. In those jurisdictions where dismissal with

prejudice conditioned upon the Final Settlement Date occurring is not

available, any such Actions shall be dismissed with leave to reinstate if the

Proposed Settlement does not become Final and evidence of the dismissal

satisfactory to the Defendants must be provided and further, if the

Proposed Settlement becomes Final, any such Actions shall be dismissed

with prejudice as of the Final Settlement Date. Defendants agree to a

tolling of the statute of limitations for any Actions dismissed with leave to

reinstate for the period between the time such Actions are dismissed with

leave to reinstate to the date of the termination, prior to the Final

Settlement Date, of this Proposed Settlement for any reason.

(iii)    Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class,

in those cases listed in Exhibit B in which they are counsel of record, shall

immediately extend the stay of proceedings in those cases or move to

further stay the proceedings in those cases in order to maintain a complete

stay of all proceedings in which Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class are counsel of record.

(iv)   In the event that an Action is not stayed or dismissed, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall join with Defendants' Counsel in a motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and/or the Anti-Injunction Act, 28 U.S.C. § 2283.

(v)   The Defendants shall have the right to declare this Stipulation null and void if any one or more of the foregoing provisions is not timely fulfilled by the Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class.

d.   <u>Dismissal or Stay of TPP Actions.</u>

(i)   Prior to the Final Settlement Date, the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall furnish Defendants certified copies of judgments of dismissal, with prejudice, conditioned upon the Final Settlement Date occurring, of all Actions filed by or on behalf of the TPPs. Defendants agree to a tolling of the statute of limitations for any Actions dismissed with leave to reinstate for the period between the time such Actions are dismissed with leave to reinstate to the date of the termination, prior to the Final Settlement Date, of this Proposed Settlement for any reason.

(ii)   The Defendant shall have a right to declare this Stipulation null and void if any one or more of the foregoing provisions is not timely fulfilled by the

Lead Counsel for the TPP Plaintiffs and TPP Settlement Class.

     e.    <u>Application for Preliminary Approval of Proposed Settlement</u>. Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel shall, in accordance with the terms and conditions of this Stipulation, apply to the Court by the necessary joint motions for: (i) preliminary approval of the Proposed Settlement in the form of the motion and order attached hereto as Exhibits G and H, respectively; (ii) the Court to assign dates for any hearings necessary to advance or implement the Proposed Settlement; and (iii) the Court to set dates for any objections and comments by the Consumer Settlement Class Members and TPP Settlement Class Members with respect to the Proposed Settlement.

    3.    <u>Funding of the Settlement</u>.

    a.    The Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, TPP Plaintiffs named in the TPP Complaints, TPP Settlement Class Members, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, Individual Defendants and Defendants acknowledge that except as otherwise provided in this Stipulation (i) the Total Settlement Fund less Total Settlement Fund Costs and less the expenses of notice and administration of the Proposed Settlement that Defendants deposit into the First Settlement Fund pursuant to Paragraph 6.a of this Stipulation shall be the sole source of payment for all Consumer Settlement Class Claims and TPP Settlement Class Claims and Attorneys' Fees and Expenses; (ii) the Defendants shall not seek recovery of, or from, the First Settlement Fund, unless the Proposed Settlement does not become Final; and (iii) the Defendants shall have no other obligation

whatsoever for payments to the Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, other counsel for the Consumer Plaintiffs and Consumer Settlement Class, TPP Plaintiffs named in the TPP Complaints, TPP Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and other counsel for the TPP Plaintiffs and TPP Settlement Class.

b.     All Consumer Settlement Class Claims shall be paid after the Final Settlement Date and shall be paid solely from the Consumer Settlement Amount in accordance with one or more Distribution Orders.  The Consumer Settlement Amount is to be paid in consideration of the Consumer Settlement Class' discharge of all Released Claims against the Releasees and/or TPP Releasees, including direct claims, subrogation, reimbursement and/or other similar claims.

c.     All TPP Settlement Class Claims shall be paid after the Final Settlement Date and shall be paid solely from the TPP Settlement Amount in accordance with one or more Distribution Orders.  The TPP Settlement Amount is to be paid in consideration of the TPP Settlement Class' discharge of all Released Claims against the Releasees and/or Consumer Releasees, including direct claims, subrogation, reimbursement and/or other similar claims.

d.     Taxes, if any, imposed upon the First Settlement Fund and/or the Second Settlement Fund shall be paid from the First Settlement Fund and Second Settlement Fund, respectively, and in no event shall Releasees have any liability for such taxes.  If, notwithstanding the Settling Parties' agreement to the contrary, federal income tax liability (or any other tax liability) is finally assessed and paid by Defendants (or Releasees) as a result of income earned by the First Settlement Fund or the Second Settlement Fund, Defendants (or Releasees, as applicable) shall be entitled to reimbursement of such payment from the First

Settlement Fund or Second Settlement Fund, as the case may be. The Consumer Settlement Administrator, the TPP Settlement Administrator, the First Escrow Agent and/or Second Escrow Agent shall, if Knoll elects, join Knoll in making a Relation Back Election within the meaning of Treasury Regulation § 1.468B-1 to treat the Second Settlement Fund as a "qualified settlement fund" coming into existence as of the date of the deposit(s) described above.

e. Subject to the terms of this Stipulation, access to distributions from the Total Settlement Fund will be made available after the Final Settlement Date upon entry of an applicable Distribution Order to Consumer Settlement Class Members and TPP Settlement Class Members who submit timely and valid Consumer Settlement Class Claims and/or TPP Settlement Class Claims, respectively, and do not otherwise timely and validly exclude themselves from their respective classes.

f. Subject to the limitations described in Paragraph 7 below, the Consumer Settlement Amount less Attorneys' Fees and Expenses awarded by the Court to Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and other counsel for the Consumer Plaintiffs and Consumer Settlement Class shall be allocated among the Consumer Settlement Class Claimants in accordance with the plan of allocation described in the notice which is attached hereto as Exhibit C, subject to the approval of the Court.

g. Subject to the limitations described in Paragraph 7 below, the TPP Settlement Amount less Attorneys' Fees and Expenses awarded by the Court to Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and other counsel for the TPP Plaintiffs and TPP Settlement Class shall be allocated among the TPP Settlement Class Claimants in accordance with the plan of allocation described in paragraph IV of the Notice of Proposed Class Action Settlement and

Hearing Thereon which is attached hereto as Exhibit E, subject to the approval of the Court.

h.     Defendants further agree to pay putative TPP Settlement Class Members who have filed in a timely manner a valid written request for exclusion pursuant to Paragraph 2.b hereof of legally valid subrogation and/or reimbursement claims, if any, based upon payments on behalf of or to Consumer Settlement Class Members for Synthroid® during the Class Period and who have judicially established through judgment in a court of competent jurisdiction the validity and enforceability of such subrogation and/or reimbursement claims based upon payments on behalf of or to Consumer Settlement Class Members for Synthroid® during the Class Period.

i.     Notwithstanding any other provision herein, Defendants' total obligations with respect to the payments to or for Consumer Settlement Class Claimants, TPP Settlement Class Claimants, First Settlement Fund Costs and Second Settlement Fund Costs and Attorneys' Fees and Expenses shall not in the aggregate exceed the Total Settlement Fund (plus notice and administrative expenses to be paid pursuant to Paragraph 6.b hereof). Defendants and Releasees shall have no responsibilities or obligations with respect to the First Settlement Fund and/or the Second Settlement Fund or the administration thereof after the Final Settlement Date except as otherwise provided herein.

4.     Notice to the Consumer Settlement Class. Upon the entry of an order in the MDL Action substantially in the form attached hereto as Exhibit H, the putative Consumer Settlement Class Members shall be given notice of the certification of the Consumer Settlement Class and the Proposed Settlement as follows:

a.     Notice shall be published in a manner, and in the form or forms and on dates that

29

are acceptable to Defendants and Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class as approved by the Court. The notice to the Consumer Settlement Class also shall be posted on the Internet as soon as practicable, and shall stay posted until the expiration of the period established by the Court for submitting Consumer Claim Forms. Notice shall be individually mailed by the Consumer Settlement Administrator to persons who have previously filed claim forms or requests for exclusions with respect to the 1997 Proposed Settlement, as well as potential Consumer Settlement Class Members identified by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, or the Consumer Settlement Administrator, who have expressed interest in the Synthroid® Marketing Litigation. Notice shall be individually mailed, via certified mail, return receipt requested, by the Consumer Settlement Administrator to persons known to have previously objected to or otherwise commented upon the 1997 Proposed Settlement.

b.      Prior to publication of the notice, a toll-free telephone number, a post office box and an Internet site address shall be established for use by the Consumer Settlement Administrator to provide information regarding the Proposed Settlement and by putative Consumer Settlement Class Members to obtain copies of the notice and Consumer Claim Forms. Such telephone number, post office box and Internet site address shall be referred to in the notice described in Subparagraph 4.a above, and shall be maintained until the expiration of the period established by the Court for submitting Consumer Claim Forms.

c.      Notice and Consumer Claim Forms will be sent by the Consumer Settlement Administrator directly to the addresses of all putative Consumer Settlement Class Members who have expressed interest in the Synthroid® Marketing Litigation by calling the toll-free telephone

number, writing to the designated post office box or contacting the Internet site, as provided in more detail in Paragraph 4 hereof.

5. _Notice to the TPP Settlement Class_. Upon the entry of an order in the MDL Action substantially in the form attached hereto as Exhibit H, putative TPP Settlement Class Members shall be given notice of the certification of the TPP Settlement Class and the Proposed Settlement as follows: (a) with respect to those putative TPP Settlement Class Members who can be identified by reasonable means, the TPP Settlement Administrator shall send, by first class mail, a true and correct copy of the notice to putative TPP Settlement Class Members to the person(s) or entities authorized to accept service of process for that putative TPP Settlement Class Member, and (b) with respect to all other putative TPP Settlement Class Members, notice shall be made by publication in one issue of the national edition of the _Wall Street Journal_ and trade publications. Notice shall be individually mailed, via certified mail, return receipt requested, by the TPP Settlement Administrator to TPPs known to have previously objected to or otherwise commented upon the 1997 Proposed Settlement.

6. _Notice and Settlement Administration Expenses_. Defendants shall pay all reasonable expenses of administration of the Proposed Settlement (except for First Settlement Fund Costs and Second Settlement Fund Costs) and expenses of notice of the Proposed Settlement pursuant to a notice program approved by the Court. The manner in which such notice and administration expenses shall be paid is as follows:

a. With respect to notice and administration expenses regarding the Consumer Settlement Class, all such expenses shall be billed to the Consumer Settlement Administrator to be paid. The Consumer Settlement Administrator shall prepare invoices to Defendants for

expenses of notice and administration as such expenses are billed to the Consumer Settlement Administrator. Defendants shall within thirty (30) days of receipt of any such invoices, deposit in the First Settlement Fund monies sufficient to cover any such expenses that the Administrator has invoiced.

b.     With respect to notice and administration expenses regarding the TPP Settlement Class, Defendants shall be billed directly and shall pay directly all such expenses.

c.     In the event that this Stipulation is terminated prior to the Final Settlement Date, Defendants will pay for any such notice and/or reasonable administration costs with respect to both the Consumer Settlement Class and the TPP Settlement Class incurred prior to that date or as a consequence of such termination.

7.     Conditions for Payment to Consumer Settlement Class Members and TPP Settlement Class Members of the Settlement Proceeds.

a.     All of the following conditions shall be met by a Consumer Settlement Class Member and a TPP Settlement Class Member before he, she or it shall be entitled to receive any settlement proceeds:

(i)     The Consumer Settlement Class Member or TPP Settlement Class Member shall not have timely and validly excluded himself, herself or itself from the Consumer Settlement Class or TPP Settlement Class, respectively;

(ii)    The Consumer Settlement Class Member shall (a) have returned a valid Consumer Claim Form to the Consumer Settlement Administrator within the time period established by the Court or (b) previously have submitted

32

a valid claim form in connection with the 1997 Proposed Settlement and not subsequently have timely and validly excluded himself or herself from the Proposed Settlement within the time period established by the Court;

(iii)   The TPP Settlement Class Member shall have returned a valid TPP Claim Form to the TPP Settlement Administrator within the time period established by the Court.

(iv)   With respect to Consumer Settlement Class Claims and as provided in more detail in Paragraph 9 hereof, the Consumer Settlement Administrator shall have determined that the Consumer Settlement Class Claimant is entitled to distribution of settlement proceeds and the Court has entered an appropriate Distribution Order;

(v)   With respect to TPP Settlement Class Claims and as provided in more detail in Paragraph 9 hereof, the TPP Settlement Administrator shall have determined that the TPP Settlement Class Claimant is entitled to distribution of settlement proceeds and the Court has entered an appropriate Distribution Order;

(vi)   With respect to Consumer Settlement Class Claimants who are minors, incompetents, successions or absentees, any proposed plan of distribution of the Consumer Settlement Amount shall include appropriate provisions, where required by law, to ensure that all funds adjudicated to or for the benefit of any Consumer Settlement Class Claimants who are minors, incompetents, successions or absentees shall be placed in appropriate

safekeeping pending the appointment, qualification and administrative

procedures required by law for the interests and property of minors,

incompetents, successions and absentees, and that no funds shall be

released to any person on behalf of a Consumer Settlement Class Claimant

minor, incompetent, succession and/or absentee until appropriate

arrangements for safekeeping shall be made; and

(vii)   All of the prerequisites set forth in Paragraphs 3 and 9 hereof have been

fulfilled.

b.      If any Consumer Claim Form is not timely filed or properly submitted, it shall be

rejected by the Consumer Settlement Administrator as provided in Paragraph 9 hereof.

c.      If any TPP Claim Form is not timely filed or properly submitted, it shall be

rejected by the TPP Settlement Administrator as provided in Paragraph 9 hereof.

d.      If a Consumer Claim Form is properly and timely submitted by a Consumer

Settlement Class Claimant, and there is no dispute as to its validity, the payment to the

Consumer Settlement Class Claimant shall be paid by the Consumer Settlement Administrator in

accordance with a Distribution Order(s) consistent with the allocation plan filed with the Court

after the later of (i) the Final Settlement Date, and (ii) expiration of the period for submission

and verification of any and all Consumer Claim Forms.

e.      If a TPP Claim form is properly and timely submitted by a TPP Settlement Class

Claimant, and there is no dispute as to its validity, the TPP Settlement Class Claimant shall be

paid by the TPP Settlement Administrator in accordance with a Distribution Order(s) consistent

with the allocation plan filed with the Court after the later of (i) the Final Settlement Date, and

(ii) expiration of the period for submission and verification of any and all TPP Claim Forms.

8.    Settlement Administration For Consumer Settlement Amount And TPP

Settlement Amount.

a.    Within twenty (20) days after the Court issues an order preliminarily approving

the Proposed Settlement in accordance with the terms of this Stipulation, Defendants shall, after

consulting with Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class,

submit to the Court for its approval the name of a designee to act as Consumer Settlement

Administrator for administration and distribution of the settlement proceeds and processing of

Consumer Claim Forms and exclusion requests.  The Consumer Settlement Administrator

designee shall not be submitted to the Court for its approval until such time that all of the terms

of a contract, including but not limited to, terms governing the services to be provided by the

designee and payment for such services has been negotiated and agreed to by the Defendants.

Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Defendants'

Counsel shall endeavor in good faith to agree upon a Consumer Settlement Administrator.  If

they cannot agree, then Defendants shall propose a Consumer Settlement Administrator to the

Court.  Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall have the

right to object reasonably to the designee proposed by Defendants.  If the Court rejects the

tendered designee, Defendants shall promptly submit the name of a replacement designee for

Court approval.  Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall

have the right to object reasonably to the replacement designee.  The Consumer Settlement

Administrator shall be paid a reasonable and competitive fee from the First Settlement Fund as

provided for in Paragraph b hereof.  The Consumer Settlement Administrator shall:

(i)    administer the Proposed Settlement as it relates to the Consumer Settlement Class;

(ii)    oversee distributions and issue checks to Consumer Settlement Class Claimants;

(iii)    determine, in the first instance, the validity of Consumer Claim Forms submitted;

(iv)    resolve disputes in the first instance as to the validity of Consumer Claim Forms raised by the Settling Parties, subject to the provisions set forth in Paragraph 9 hereof;

(v)    keep Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Defendants apprised as to Consumer Claim Form submissions;

(vi)    deliver copies of all requests for exclusion from the Consumer Settlement Class to Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Defendants upon receipt, and as further provided in Paragraph 9 hereof;

(vii)    supply the First Escrow Agent with the information needed to comply with all tax information reporting and withholding requirements relating to the First Settlement Fund;

(viii)    verify that the First Escrow Agent pays taxes in accordance with the provisions of the escrow agreement for the First Escrow Account and makes appropriate reserves for taxes;

(ix)    confer with the First Escrow Agent and make a good faith estimate of the

amount which needs to be reserved within the First Settlement Fund for the payment of taxes;

(x)    pay all amounts billed to the First Settlement Fund for the reasonable expense of notice of the Proposed Settlement to the Consumer Settlement Class and reasonable expenses of administration of the Proposed Settlement, and prepare and send invoices for such expenses (except First Settlement Fund Costs) to Defendants, except that any amounts invoiced to the First Settlement Fund by, and payable to, the Consumer Settlement Administrator shall require approval by Defendants and any three (3) of the Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class; and

(xi)    shall submit to the Court a report or reports in a form satisfactory to Defendants on a regular monthly basis.

b.    Within twenty (20) days after the Court issues an order preliminarily approving the Proposed Settlement in accordance with the terms of this Stipulation, Defendants shall, after consulting with Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, submit to the Court for its approval the name of a designee to act as TPP Settlement Administrator for administration and distribution of the settlement proceeds and processing of TPP Claim Forms and exclusion requests. The TPP Settlement Administrator designee shall not be submitted to the Court for its approval until such time that all of the terms of a contract, including but not limited to, terms governing the services to be provided by the designee and payment for such services has been negotiated and agreed to by the Defendants. Lead Counsel for the TPP

Plaintiffs and TPP Settlement Class and Defendants' Counsel shall endeavor in good faith to agree upon a TPP Settlement Administrator. If they cannot agree, then Defendants shall propose a TPP Settlement Administrator to the Court. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall have the right to object reasonably to the designee proposed by Defendants. If the Court rejects the tendered designee, Defendants shall promptly submit the name of a replacement designee for Court approval. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall have the right to object reasonably to the replacement designee. The TPP Settlement Administrator shall be paid a reasonable and competitive fee as part of the administrative expenses payable by Knoll for services rendered pursuant to this Stipulation. The TPP Settlement Administrator shall:

    (i)    administer the Proposed Settlement as it relates to the TPP Settlement Class;

    (ii)    oversee distributions and issue checks to TPP Settlement Class Claimants;

    (iii)    determine, in the first instance, the validity of TPP Claim Forms;

    (iv)    resolve disputes in the first instance as to the validity of TPP Claims; Forms raised by the Settling Parties, subject to the provisions set forth in Paragraph 9 hereof;

    (v)    keep Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants apprised as to TPP Claim Form submissions;

    (vi)    deliver copies of all requests for exclusion from the TPP Settlement Class to Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants upon receipt, and as further provided in Paragraph 9 hereof;

(vii)    supply the Second Escrow Agent with the information needed to comply with all tax information reporting and withholding requirements relating to the Second Settlement Fund;

(viii)    verify that the Second Escrow Agent pays taxes in accordance with the provisions of the escrow agreement for the Second Escrow Account and makes appropriate reserves for taxes;

(ix)    confer with the Second Escrow Agent and make a good faith estimate of the amount which needs to be reserved within the Second Settlement Fund for the payment of taxes; and

(x)    shall submit to the Court a report or reports in a form satisfactory to Defendants on a regular monthly basis.

c.    Defendants shall have no responsibility for, and no obligation or liabilities of any kind whatsoever in connection with, the determination, administration, calculation or disbursement of the Total Settlement Fund to Consumer Settlement Class Members and TPP Settlement Class Members.

d.    In the event that this Stipulation receives preliminary but not Final approval, and expenses are incurred by the Consumer Settlement Administrator and/or TPP Settlement Administrator for services properly performed, payment of those expenses pursuant to paragraph 6 shall remain the obligation of Knoll Pharmaceutical Company, notwithstanding the fact that this Stipulation has not been consummated.

9.    <u>Administration of Claims and Disputes as to Validity of Claims.</u>

a.    The Consumer Settlement Administrator shall provide reasonable access to

Consumer Claim Forms and communications with Consumer Settlement Class Members to (i) Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, (ii) Defendants' Counsel and (iii) employees of such counsel.

b.     The TPP Settlement Administrator shall provide reasonable access to TPP Claim Forms and communications with TPP Settlement Class Members to (i) Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, (ii) Defendants' Counsel and (iii) employees of such counsel.

c.     The Consumer Settlement Administrator shall initially review each timely submitted Consumer Claim Form, conduct any necessary investigation of Consumer Claim Forms that the Consumer Settlement Administrator believes may be invalid (including by seeking verification or substantiation from the putative Consumer Settlement Class Claimant), and shall reject any Consumer Claim Form which is not properly completed or executed, is not submitted timely or is determined by the Consumer Settlement Administrator to be otherwise invalid.  In such event, the Consumer Settlement Administrator shall notify the putative Consumer Settlement Class Claimant promptly of the reason for rejection of the Consumer Claim Form, provide copies of such notification to a designated representative of Defendants' Counsel and a designated representative of Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, and afford the  putative Consumer Settlement Class Claimant an opportunity to resubmit the Consumer Claim Form within thirty (30) days.

d.     If Defendants or Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class dispute the validity of any Consumer Claim Form received from the Consumer Settlement Administrator, the party disputing the claim must, within thirty (30) days of receipt of

the Consumer Claim Form from the Consumer Settlement Administrator, provide written notice

to the Consumer Settlement Administrator, with a copy to Lead Counsel for the Consumer

Plaintiffs and Consumer Settlement Class or Defendants (as applicable), stating that the

Consumer Claim Form is disputed and the basis therefor. The Consumer Settlement

Administrator shall furnish to the putative Consumer Settlement Class Claimant a copy of such

challenge and afford the putative Consumer Settlement Class Claimant an opportunity to respond

thereto in writing within fifteen (15) days after receipt of the copy of the challenge from the

Consumer Settlement Administrator. Within twenty (20) days of the putative Consumer

Settlement Class Claimant's timely submitted response, the Consumer Settlement Administrator

shall render its determination on the validity of the Consumer Claim Form. For good cause

shown, the Consumer Settlement Administrator may consider the response of a putative

Consumer Settlement Class Claimant which is not submitted timely. However, absent any

response or good cause shown for the submittal of a timely response, the Consumer Settlement

Administrator shall render a determination that the relevant Consumer Claim Form is invalid.

Such determination shall be forwarded to the putative Consumer Settlement Class Claimant,

Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Defendants'

Counsel. Such determination shall be final and in all respects binding upon both the putative

Consumer Settlement Class Claimant, Lead Counsel for the Consumer Plaintiffs and Consumer

Settlement Class and Defendants to the same extent as an award rendered pursuant to the Federal

Arbitration Act. Nothing herein is intended to preclude review, otherwise available, of the

Court's Distribution Order(s). All valid claims made by Consumer Settlement Class Members in

connection with the 1997 Proposed Settlement shall be considered valid with respect to the

Proposed Settlement.

     e.     The TPP Settlement Administrator shall initially review each timely submitted TPP Claim Form, conduct any necessary investigation of TPP Claim Forms that the TPP Settlement Administrator believes may be invalid (including by seeking verification or substantiation from the putative TPP Settlement Class Claimant), and shall reject any TPP Claim Form which is not properly completed or executed, is not submitted timely or is determined by the TPP Settlement Administrator to be otherwise invalid. In such event, the TPP Settlement Administrator shall notify the putative TPP Settlement Class Claimant promptly of the reason for rejection of the TPP Claim Form, provide copies of such notification to a designated representative of Defendants' Counsel and a designated representative of Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, and afford the putative TPP Settlement Class Claimant an opportunity to resubmit the TPP Claim Form within thirty (30) days.

     f.     If Defendants or Lead Counsel for the TPP Plaintiffs and TPP Settlement Class dispute the validity of any TPP Claim Form received from the TPP Settlement Administrator, the party disputing the claim must, within thirty (30) days of receipt of the TPP Claim Form from the TPP Settlement Administrator, provide written notice to the TPP Settlement Administrator, with a copy to Lead Counsel for the TPP Plaintiffs and TPP Settlement Class or Defendants (as applicable), stating that the TPP Claim Form is disputed and the basis therefor. The TPP Settlement Administrator shall furnish to the putative TPP Settlement Class Claimant a copy of such challenge and afford the putative TPP Settlement Class Claimant an opportunity to respond thereto in writing within fifteen (15) days after receipt of the copy of the challenge from the TPP Settlement Administrator. Within twenty (20) days of the putative TPP Settlement Class

Claimant's timely submitted response, the TPP Settlement Administrator shall render its determination on the validity of the TPP Claim Form. For good cause shown, the TPP Settlement Administrator may consider the response of a putative TPP Settlement Class Claimant which is not submitted timely. However, absent any response or good cause shown for the submittal of a timely response, the TPP Settlement Administrator shall render a determination that the relevant TPP Claim Form is invalid. Such determination shall be forwarded to the putative TPP Settlement Class Claimant, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel. Such determination shall be final and in all respects binding upon the putative TPP Settlement Class Claimant, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants to the same extent as an award rendered pursuant to the Federal Arbitration Act.

10.     Legal Fees and Expenses of Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Counsel for the TPP Plaintiffs and TPP Settlement Class.

a.     Compensation for Attorneys' Fees and Expenses for counsel for the Consumer Plaintiffs and Consumer Settlement Class shall be made only out of the Consumer Settlement Amount. Compensation for Attorneys' Fees and Expenses for Counsel for the TPP Plaintiffs and TPP Settlement Class shall be made only out of the TPP Settlement Amount. Applications to the Court for an award of Attorneys' Fees and Expenses shall be made not less than ten (10) days before the date of the Settlement Hearing. Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall advise the Court, prior to determination of the adequacy of the notice to the putative Consumer Settlement Class Members, of the maximum amount or percentage of Attorneys' Fees and Expenses that Lead Counsel for the Consumer Plaintiffs and

Consumer Settlement Class will request so that such amount or percentage can be included in the notice. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall advise the Court, prior to determination of the adequacy of the notice to the putative TPP Settlement Class Members, of the maximum amount or percentage of Attorneys' Fees and Expenses that Lead Counsel for the TPP Plaintiffs and TPP Settlement Class will request so that such amount or percentage can be included in the notice.

      b.     Subject to the conditions set forth below, each of which must be fully satisfied, any Attorneys' Fees and Expenses awarded by the Court shall be paid within five (5) days after the Final Settlement Date, except to the extent that the conditions in Paragraph 18 (applicable to counsel for the Consumer Plaintiffs and Consumer Settlement Class) and the conditions in Paragraph 19 (applicable to counsel for the TPP Plaintiffs and TPP Settlement Class) are fully and completely satisfied in which case a portion of Attorneys' Fees and Expenses as set forth in Paragraphs 18 and 19, respectively, may be paid prior to five (5) days after the Final Settlement Date.

      c.     Upon: (1) entry of an order of the Court awarding Attorneys' Fees and Expenses to Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and/or other counsel for the Consumer Plaintiffs, Consumer Settlement Class, TPP Plaintiffs and/or TPP Settlement Class; and (2) either (i) the full and complete satisfaction of the conditions in Paragraph 18 (applicable to counsel for the Consumer Plaintiffs and Consumer Settlement Class) and the conditions in Paragraph 19 (applicable to counsel for the TPP Plaintiffs and TPP Settlement Class), in which case a portion of Attorneys' Fees and Expenses as set forth in Paragraphs 18 and 19, respectively, may be paid

prior to five (5) days after the Final Settlement Date, or (ii) the Proposed Settlement becomes

Final and the requirements of Paragraph 10 are fully and completely met, in which case the

remaining portion of Attorneys' Fees and Expenses as set forth in Paragraphs 18 and 19 may be

paid five (5) days after the Final Settlement Date (if Paragraphs 18 and 19 have been fully and

completely satisfied) or all Attorney's Fees and Expenses may be paid five (5) days after the

Final Settlement Date, in order to implement the award of Attorneys' Fees and Expenses, the

First Escrow Agent shall be authorized to accept payment instructions from Lead Counsel for the

Consumer Plaintiffs and Consumer Settlement Class and the Second Escrow Agent shall be

authorized to accept payment instructions from Lead Counsel for the TPP Plaintiffs and TPP

Settlement Class with respect to Attorneys' Fees and Expenses awarded in the Final Order and

Judgment.

11.    _Final Order and Judgment_.  Following notice as provided in Paragraphs 4 and 5

hereof, a hearing shall be held by the Court to consider approval of this Stipulation and the

Proposed Settlement as fair, reasonable and adequate.  If, at or after such hearing, this

Stipulation and the Proposed Settlement is finally approved by the Court, Lead Counsel for the

Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and

TPP Settlement Class and Defendants' Counsel shall apply to the Court for a Final Order and

Judgment to be entered by the Court substantially in the form attached hereto as Exhibit I.  The

Final Order and Judgment shall (among other things):

a.    find that the Settling Parties, the Consumer Settlement Class and the TPP

Settlement Class have submitted to the jurisdiction of the Court for purposes of the Proposed

Settlement; that the Court has personal jurisdiction over the Settling Parties, the Consumer

Settlement Class Members and the TPP Settlement Class Members; that the Court has subject matter jurisdiction over the claims asserted in the MDL Action, and the Court has subject matter jurisdiction to approve this Stipulation, including all Exhibits thereto;

b.      approve the Proposed Settlement as fair, reasonable and adequate; find that the Stipulation was entered into in good faith and is in the best interests of the Consumer Settlement Class and the TPP Settlement Class; direct the Settling Parties and their counsel to comply with and consummate the terms of this Stipulation; and declare this Stipulation to be binding on all Consumer Settlement Class Members and TPP Settlement Class Members and to be preclusive in all pending and future lawsuits or other proceedings asserting the Released Claims;

c.      provide that each and every term and condition of this Stipulation and this Stipulation as a whole is approved as proposed and that the Stipulation is made part of the Final Order and Judgment and is to be effective, implemented and enforced as provided in this Stipulation;

d.      confirm the certification of the Consumer Settlement Class and TPP Settlement Class for settlement purposes only;

e.      find that the notice methodology implemented pursuant to this Stipulation complies in all respects with Rule 23(e) of the Federal Rules of Civil Procedure and (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise putative Consumer Settlement Class Members and putative TPP Settlement Class Members of the pendency of the Actions and the Synthroid® Marketing Litigation, the terms of the Proposed Settlement, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Settlement Hearing;

(iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and

(iv) meets the requirements of the United States Constitution, the Federal Rules of Civil

Procedure and any other applicable rules of the Court;

      f.      find that Lead Counsel for the Consumer Plaintiffs and Consumer Settlement

Class and the Consumer Plaintiffs named in the Master Consumer Complaint adequately

represented the Consumer Settlement Class for purposes of entering into and implementing the

Proposed Settlement;

      g.      find that Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and the

TPP Plaintiffs named in the TPP Complaints adequately represented the TPP Settlement Class

for purposes of entering into and implementing the Proposed Settlement;

      h.      dismiss the Master Consumer Complaint, the TPP Complaints and the cases listed

on Exhibit A, on the merits, with prejudice and without attorneys' fees or costs to any party

except as provided in this Stipulation;

      i.      order that, where required by law, all funds payable to or for the benefit of

Consumer Settlement Class Claimants who are minors, incompetents, or absentees be placed in

appropriate safekeeping pending the completion of appointment, qualification and administrative

procedures with respect to the interests and property of minors, incompetents, and absentees;

      j.      incorporate the release set forth in Paragraph 13 of this Stipulation and forever

discharge the Releasees from any claims or liabilities relating to the Synthroid® Marketing

Litigation and/or the Released Claims;

      k.      bar and enjoin: (i) all Consumer Settlement Class Members and TPP Settlement

Class Members and all persons acting on behalf of or in concert or participation with such

Consumer Settlement Class Members and/or TPP Settlement Class Members, from filing, commencing, prosecuting, intervening in or participating in any lawsuit in any jurisdiction on behalf of any Consumer Settlement Class Member or TPP Settlement Class Member, based upon or asserting any of the Released Claims (irrespective of whether such lawsuit is brought by or on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members against the Releasees, or brought by or on behalf of TPP Settlement Class Members against the Consumer Releasees, or brought by or on behalf of the Consumer Settlement Class Members against the TPP Releasees); and (ii) all putative Consumer Settlement Class Members and putative TPP Settlement Class Members who do not timely and validly exclude themselves from their respective classes, and all persons acting on behalf of or in concert or participation with such Consumer Settlement Class Members and/or TPP Settlement Class Members, from bringing a class action on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members or seeking to certify a class which includes such Consumer Settlement Class Members and/or TPP Settlement Class Members in any lawsuit (including by seeking to amend a pending complaint to include class action allegations, or seeking class certification in a pending action) based upon or asserting any of the Released Claims;

l.    provide that the Second Settlement Fund, if established, shall be formed and operate to meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the First Settlement Fund continues to operate and meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1; and

m.    retain continuing and exclusive jurisdiction over all matters relating to

administration, consummation, enforcement and interpretation of this Stipulation, the First

Settlement Fund and Second Settlement Fund and the Final Order and Judgment, to protect and

effectuate the Final Order and Judgment, and for any other necessary purpose.

12. <u>Stipulation Conditioned on Approval</u>. This Stipulation shall be null and void for

all purposes, and no party to this Stipulation shall be bound by any of its terms: (i) if the court in

any of the Actions shall not dismiss all the claims before that court with prejudice as of the Final

Settlement Date; or if (ii) the Proposed Settlement is not preliminarily approved as provided

herein; or if (iii) the Final Order and Judgment annexed hereto as Exhibit I is not entered, is

modified by the Court so as not to fulfill in all respects the requirements of Paragraph 11, or is

modified or reversed on appeal or review; or if (iv) the Proposed Settlement does not become

Final; or if (v) this Stipulation is terminated pursuant to Paragraphs 15 and/or 17; or if (vi) the

Court certifies any class except on joint motion by the parties in accordance with paragraph 2

herein or for any reason other than as provided herein (except the Court's prior certification of

classes on July 19, 1999); or if (vii) the Court or any reviewing court enters an order or judgment

with respect to the Proposed Settlement materially at variance with the terms of this Stipulation.

In the event this Stipulation becomes null and void for all purposes, any and all steps taken or

positions asserted by the Settling Parties in contemplation of the Proposed Settlement shall be of

no force or effect and shall neither be binding upon the Settling Parties nor shall be referred to in

the Actions or in any other proceeding, including without limitation those cases comprising the

Synthroid® Marketing Litigation. Provided, however, that notwithstanding any modification of

the terms of this Stipulation, if Defendants and Consumer Plaintiffs named in the Master

Consumer Complaint and TPP Plaintiffs named in the TPP Complaints nevertheless elect in

writing to proceed with implementing the Proposed Settlement, then this Stipulation, as modified, shall be in full force and effect. Notwithstanding any other provision or statement in this Stipulation, if this Stipulation shall become null and void, then subject to provisions of Paragraph 6 of the escrow agreement for the First Escrow Account, any funds paid by Knoll pursuant to this Stipulation (and all interest thereon) into the First Settlement Fund, shall be returned as soon as practicable, but in no event later than five (5) business days thereafter, to Knoll by the First Escrow Agent.

13.  Release.

a.  The Actions shall be dismissed on the merits, with prejudice, and without costs, other than the costs expressly provided for in this Stipulation, and the claims of Consumer Plaintiffs named in the Master Consumer Complaint, the Consumer Settlement Class, the TPP Plaintiffs named in the TPP Complaints and the TPP Settlement Class, which include the Released Claims, shall be forever barred.

b.  As an express element and condition of this Stipulation and the benefits conferred, the Consumer Plaintiffs named in the Master Consumer Complaint, the Consumer Settlement Class Members, the TPP Plaintiffs named in the TPP Complaints and the TPP Settlement Class Members, individually and collectively, agree that, except for claims expressly reserved in Subparagraph 13.c. below, Consumer Plaintiffs named in the Master Consumer Complaint, the Consumer Settlement Class, the Consumer Settlement Class Members, the TPP Plaintiffs named in the TPP Complaints, the TPP Settlement Class and the TPP Settlement Class Members (individually and/or collectively) (i) shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly, on their own behalf, on behalf of any

class or any other person, any action, suit, cause of action, claim or demand as to any Released

Claims and (ii) release and discharge the Releasees from all of the Released Claims.

c.     It is not the intent of this Stipulation to release the following:  (i) any claims

asserted against Releasees by any retail pharmacy that is not a TPP, and (ii) any personal injury

claims or product defect claims asserting that Synthroid® is not safe and/or effective, and (iii)

any claims asserted against the Releasees in In re Brand Name Prescription Drugs Antitrust

Litigation, No. 94 C 897, United States District Court for the Northern District of Illinois and/or

parallel state court actions or proceedings alleging a conspiracy between Releasees and another

pharmaceutical manufacturer or wholesaler to avoid discounts to retail pharmacies, and (iv) any

claim arising out of an actionable breach of a service agreement entered into by and between

Releasees, their successors and assigns, and any TPP.

d.     As an express element and condition of this Stipulation and the benefits conferred

herein, the TPP Plaintiffs named in the TPP Complaints and the TPP Settlement Class Members,

individually and collectively, agree that they shall not now or hereafter institute, maintain or

assert against the Consumer Plaintiffs and/or their attorneys and/or Consumer Class Members

and/or their attorneys, either directly or indirectly, on their own behalf, on behalf of the TPP

Settlement Class or any other person, any action, suit, cause of action, claim or demand as to any

Released Claims against Consumer Releasees.

e.     As an express element and condition of this Stipulation and the benefits conferred

herein, the Consumer Plaintiffs named in the Master Consumer Complaint and the Consumer

Settlement Class Members, individually and collectively, agree that they shall not now or

hereafter institute, maintain or assert against the TPP Plaintiffs and/or their attorneys and/or the

TPP Settlement Class Members and/or their attorneys, either directly or indirectly, on their own behalf, or on behalf of the Consumer Settlement Class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims against the TPP Releasees.

f.    As an express element and condition of this Stipulation and the benefits conferred herein, the Defendants and the Individual Defendants, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the Consumer Releasees and/or their attorneys and/or the TPP Releasees and/or their attorneys, either directly or indirectly, on their own behalf or on behalf of any other person, and release and discharge the Consumer Releasees and their attorneys and the TPP Releasees and their attorneys from the Settled Defendants' Claims, reserving all rights Defendants have against Releasees' insurers.

g.    Consumer Plaintiffs named in the Master Consumer Complaint, TPP Plaintiffs named in the TPP Complaints and all Consumer Settlement Class Members and TPP Settlement Class Members expressly agree that this release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release of the Releasees herein.

h.    Without in any way limiting the scope of the release, this release covers, without limitation, any and all claims for Attorneys' Fees and Expenses; Total Settlement Fund Costs; and/or disbursements incurred by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and any other counsel representing Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, any purported class of Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints, TPP Settlement Class Members, any purported class of

TPP Settlement Class Members, or any of them, in connection with or related in any manner to the Synthroid® Marketing Litigation, the Proposed Settlement, the administration of the Proposed Settlement and/or the Released Claims except to the extent otherwise specified in the Stipulation.

       i.     Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members expressly understand that Section 1542 of the Civil Code of the State of California provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Cal. Civ. Code § 1542. To the extent that, notwithstanding the choice of law provisions in this Stipulation, California or other law may be applicable, Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree that the provisions of Section 1542 and all similar federal and/or state laws, rights, rules or legal principles of any other jurisdiction (including, without limitation, North Dakota and South Dakota) which may be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members with respect to the Released Claims, and Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree and acknowledge that this is an essential term of this release.

j.    Nothing in this release shall preclude any action by the Settling Parties to enforce the terms of this Stipulation.

k.    The failure of any Consumer Settlement Class Member and/or TPP Settlement Class Member to claim or obtain any settlement proceeds shall not in any manner invalidate or otherwise affect the release provided herein.

14.    <u>Best Efforts</u>.  The Settling Parties and their counsel shall use their best efforts to cause the Court to give preliminary approval to the Proposed Settlement in the form attached hereto as Exhibit H as promptly as possible and in accordance with this Stipulation to take all steps contemplated by this Stipulation to effectuate this Stipulation and the Proposed Settlement. Among other things, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class will, with the cooperation of Defendants, take any and all steps necessary, including but not limited to seeking the stay or dismissal of any and all lawsuits asserting the Released Claims, in order to aid the Court's jurisdiction to consider and effectuate the Proposed Settlement and/or to protect and effectuate the Court's orders and judgments.  No Consumer Settlement Class Member or TPP Settlement Class Member shall be precluded from questioning or objecting to the Proposed Settlement at the Settlement Hearing, notwithstanding Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class' and/or Lead Counsel for the TPP Plaintiffs and TPP Settlement Class' recommendation(s).

15.    <u>Defendants' Unilateral Right to Withdraw and/or Right to Return of Portion of TPP Settlement Amount</u>.

a.    <u>Withdrawal Because Consumer Opt-Out Threshold Exceeded</u>:

Notwithstanding anything else in this Stipulation, including without limitation Paragraph 12 above, Defendants may, in Defendants' sole discretion, but are not required to, unilaterally withdraw from and terminate this Stipulation as to the Proposed Settlement with respect to the Consumer Plaintiffs named in the Master Consumer Complaint and Consumer Settlement Class and with respect to the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class if those persons who elect to exclude themselves as described in Paragraph 2.a herein from the Consumer Settlement Class number more than the Consumer Settlement Class "opt-out" threshold which shall be communicated to the Court under seal.

  b.   <u>Withdrawal or Right to Return of Portion of TPP Settlement Amount Because TPP Opt-Out Range Met or Exceeded</u>:

  (i)   If the TPPs who elect to exclude themselves as described in Paragraph 2.b herein from the TPP Settlement Class do not exceed the lower level of the TPP Settlement Class "opt-out" threshold range (which range shall be communicated to the Court under seal), then Defendants shall not have the right to unilaterally withdraw from and terminate this Stipulation under this Paragraph 15.b and shall not have the right to return of any portion of the TPP Settlement Amount.

  (ii)   If the TPPs who elect to exclude themselves as described in Paragraph 2.b herein from the TPP Settlement Class are within the TPP Settlement Class "opt-out" threshold range, then Defendants shall not have the right to unilaterally withdraw from and terminate this Stipulation under this Paragraph 15.b, however an amount of money in the Second Settlement Fund shall be returned to, or retained by, the Defendants (which amount shall be computed by the TPP Settlement Administrator pursuant to Paragraph 15.d of this Stipulation).

(iii)    Notwithstanding anything else in this Stipulation, including without limitation Paragraph 12 above, if the TPPs who elect to exclude themselves as described in Paragraph 2.b herein from the TPP Settlement Class exceed the upper level of the TPP Settlement Class "opt-out" threshold range, then Defendants may, in Defendants' sole discretion, do either of the following:

(aa)    Unilaterally withdraw from and terminate this Stipulation as to the Proposed Settlement with respect to the Consumer Plaintiffs named in the Master Consumer Complaint and Consumer Settlement Class and with respect to the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class; or

(bb)    Elect to have an amount of money in the Second Settlement Fund returned to, or retained by, the Defendants (which amount shall be computed by the TPP Settlement Administrator pursuant to Paragraph 15.d of this Stipulation).

c.    Time for Election To Terminate Stipulation: Any withdrawal and termination by Defendants pursuant to this Paragraph 15 must be made no later than twenty-one (21) days after the expiration of the time period within which persons may exclude themselves from the Consumer Settlement Class and/or the TPP Settlement Class and a final and complete list of the opt-outs is provided to Defendants' Counsel.  If Defendants elect to withdraw from and terminate this Stipulation in accordance with Paragraph 15.a, the provisions of Paragraph 12 above shall apply.

d.    Computation of Amount To Be Returned To Or Retained By Defendants: In the event that an amount of money is to be returned to or retained by Defendants from the Second Settlement Fund pursuant to Paragraph 15.b. of this Stipulation, the TPP Settlement

Administrator shall compute the amount of money to be returned or retained by Defendants as follows: The TPP Settlement Administrator shall determine the level of actual TPP opt-outs (expressed as a percentage) using the formula communicated to the Court under seal for determining the TPP Settlement Class threshold opt-out range. The TPP Settlement Administrator shall (1) subtract the lowest level in the opt-out threshold range (which is expressed as a percentage) from the level of actual TPP opt-outs (expressed as a percentage), (2) multiply the resulting percentage by the TPP Settlement Amount, and (3) multiply the resulting dollar amount by two-thirds (2/3).

16.    <u>Effect of Settlement</u>. Neither this Stipulation, nor anything contained herein, nor the Proposed Settlement are or shall be interpreted to be concessions or admissions of wrongdoing or liability, concessions or admissions of the truthfulness of any claim or allegations asserted by plaintiffs in the Synthroid® Marketing Litigation, or concessions or admissions that the Actions or any case in the Synthroid® Marketing Litigation is appropriate for class action treatment for litigation purposes. Neither this Stipulation, nor anything contained herein, nor the Proposed Settlement shall be used or construed as an admission of any fault, omission, liability or wrongdoing. Neither the fact of settlement, nor any settlement negotiations, discussions or communications, nor the judgments to be entered approving the Proposed Settlement, nor any related document shall be offered or received in evidence for any purpose whatsoever, including without limitation as an admission, concession, presumption or inference against any party to this Stipulation, in the Synthroid® Marketing Litigation or any other proceeding. Notwithstanding the foregoing, this Stipulation and the Proposed Settlement, and the orders and judgments entered pursuant hereto, may be introduced by any Settling Party in any proceeding to

enforce the terms hereof, including introduction to support the assertion of the bar of collateral estoppel or res judicata or issue preclusion or claim preclusion against any action now being prosecuted or hereafter commenced by, or on behalf of, Consumer Settlement Class Members and/or TPP Settlement Class Members. Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class agree to cooperate with Defendants, including but not limited to by filing joint motions, filing affidavits or otherwise providing support, in good faith in connection with Defendants' defense of litigation asserting the Released Claims filed by putative Consumer Settlement Class Members and/or putative TPP Settlement Class Members who have not validly excluded themselves from their respective classes. Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class agree to cooperate with Lead Counsel for the TPP Plaintiffs and TPP Settlement Class in good faith in connection with the TPP Settlement Class Members' defense of litigation asserting the Released Claims filed by Consumer Settlement Class Members. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class agree to cooperate with Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class in good faith in connection with the Consumer Settlement Class Members' defense of litigation asserting the Released Claims filed by TPP Settlement Class Members.

17. Additional Termination Provisions. This Stipulation shall be null and void for all purposes in the event any one or more of the following occur and written notice of the enforcement of this paragraph is provided to Defendants' Counsel, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, as applicable, by; (i) Defendants, in the event the plaintiffs in the MDL

58

Action proceed with discovery (other than such discovery as specifically ordered by the Court solely to implement the Proposed Settlement) in the MDL Action after _____, 1999 (reserving all parties' rights to request a new scheduling order in the event this Stipulation becomes null and void for all purposes); (ii) Defendants, in the event any action other than settlement pursuant to this Stipulation is taken in the MDL Action or if the Proposed Settlement is not approved following the fairness hearing or does not become Final; (iii) Defendants, in the event notice (other than Notice of the Proposed Settlement as provided for in Paragraph 5 hereof) is sent to the certified class of third party payors in the MDL Action; (iv) Defendants, in the event the court in any of the Actions or in any other case involving any Released Claims certifies a class; (v) Defendants, in the event the Actions are not stayed no later than thirty (30) days after the entry of the Final Order and Judgment pending the Final Settlement Date and dismissed with prejudice prior to the Final Settlement Date conditioned upon the occurrence of the Final Settlement Date; (vi) Defendants, in the event the Final Settlement Date does not occur; or (vii) Defendants, in the event this Stipulation allows them to terminate it for any other reason provided herein, including but not limited to Paragraphs 2.c and/or 2.d and/or 12 and/or 15 hereof.

18.    Payment of Attorneys' Fees to Consumer Plaintiffs' Counsel.  Within twenty (20) days after all conditions set forth below have been fully satisfied, but not prior to the date on which the Court enters the Final Order and Judgment granting final approval to the Proposed Settlement, and the judgment is not subject to modification by the Court, eighty (80%) percent of any Attorneys' Fees approved by the Court and awarded to any counsel for Consumer Plaintiffs and/or the Consumer Settlement Class shall be paid by the First Escrow Agent out of the First

Escrow Account. Such payment shall be subject to and conditioned upon all of the following terms and conditions, unless otherwise waived in writing by Defendants' Counsel:

     i.     Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall provide Defendants' Counsel an order of dismissal with prejudice for each of the Actions filed by or on behalf of the Consumer Plaintiffs, which order of dismissal may be conditioned upon the occurrence of the Final Settlement Date. In the event that any one or more of the Actions filed by or on behalf of the Consumer Plaintiffs are not so dismissed, Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class shall file or cause to have filed a motion to stay, and an order entered staying, such actions. The stay orders, if any, shall stay the respective proceedings until the Proposed Settlement becomes Final, at which time the Actions shall be dismissed with prejudice. In those jurisdictions where dismissal with prejudice conditioned upon the Final Settlement Date occurring is not available, any such Actions shall be dismissed with leave to reinstate if the Proposed Settlement does not become Final and evidence of the dismissal satisfactory to the Defendants must be provided and further, if the Proposed Settlement becomes Final, any such Actions shall be dismissed with prejudice as of the Final Settlement Date. Defendants agree to a tolling of the statute of limitations for any Actions dismissed with leave to reinstate for the period between the time such Actions are dismissed with leave to reinstate to the date of the termination, prior to the Final Settlement Date, of this Proposed Settlement for any reason.

     ii.     The Final Order and Judgment shall provide that, prior to the Final Settlement Date, if this Stipulation becomes null and void for any reason, or is terminated, any counsel receiving Attorneys' Fees pursuant to this provision shall be obligated to repay to the First

Escrow Agent for deposit into the First Escrow Account all Attorneys' Fees awarded by the Court to such counsel and paid from the First Escrow Account to such counsel, without the need for any motion by the Defendants or any further notice, order or judgment, provided, however, that the Court shall retain jurisdiction to enter all orders necessary to enforce such obligation.

iii.     The Final Order and Judgment shall provide that any counsel receiving Attorneys' Fees pursuant to this provision shall, without need for any motion by Defendants or any further notice, order or judgment, within five (5) days after (A) issuance of a mandate or order reversing or modifying the Final Order and Judgment, or (B) the termination of the Stipulation or the Stipulation becoming null and void pursuant to any provision hereof or for any other reason, return to the First Escrow Agent for deposit into the First Escrow Account the full amount of all Attorneys' Fees awarded to such counsel and paid to such counsel pursuant to this provision, together with interest thereon from the date of payment of Attorneys' Fees by the First Escrow Agent to the date of return, at the rate earned by the Consumer Settlement Amount during the period between payment of such amount by the First Escrow Agent and repayment of such amount.  The Final Order and Judgment shall also provide that any counsel receiving Attorneys' Fees pursuant to this provision shall, without need for any motion by Defendants or any further notice, order or judgment, within five (5) days after issuance of a mandate or order reducing the amount of Attorneys' Fees awarded to any such counsel, return to the First Escrow Agent for deposit into the First Escrow Account the amount paid in excess of the amount to which the Attorneys' Fees were reduced, plus interest on said excess from the date of payment of Attorneys' Fees by the First Escrow Agent to the date of return, at the rate earned by the Consumer Settlement Amount during the period between payment of such amount by the First

Escrow Agent and repayment of such amount.

iv.     In no event shall the First Escrow Agent make any payment of Attorneys' Fees prior to the Final Settlement Date unless the repayment of such Attorneys' Fees and any interest thereon is secured by a letter of credit, or letters of credit, issued by one or more banks acceptable to Defendants' Counsel, which letter(s) of credit shall be in amount, form and substance acceptable to Defendants' Counsel and, at a minimum, shall allow Defendants to immediately draw upon such letter(s) of credit, without the need for any motion by the Defendants or any notice, order or judgment, to satisfy the obligations of any counsel receiving Attorneys' Fees pursuant to this provision for the repayment of Attorneys' Fees and the payment of interest thereon under this Paragraph 18 in the event any such counsel fail to make any required payments within five (5) days of any applicable triggering event provided in Paragraph 18 (iii).  Each counsel or firm which draws Attorneys' Fees prior to the Final Settlement Date shall be required to provide a letter of credit only to the extent of that counsel or firm's withdrawal plus interest (pursuant to this Paragraph 18), and shall likewise be required to reimburse (pursuant to Paragraph 18 (iii)) only that counsel's or firm's withdrawal plus interest accrued thereon in the event of (A) any order or mandate reversing or modifying the Final Order and Judgment or modifying the amount of Attorneys' Fees or (B) the termination of the Stipulation or the Stipulation becoming null and void pursuant to any provision hereof or for any other reason.

v.     For purposes of further effectuating this provision, any counsel receiving Attorneys' Fees pursuant to this provision irrevocably waive and agree not to assert, by way of motion, as a defense or via request for injunctive relief or otherwise, any claim or objection to

the call, draft, demand or enforcement of the payment on the applicable letter(s) of credit.

vi.    Upon payment of any Attorneys' Fees to any counsel receiving Attorneys' Fees pursuant to this provision, such counsel agrees to be deemed to have irrevocably submitted themselves to the exclusive venue and jurisdiction of the Court.

vii.    If within five (5) days after the Final Settlement Date, any counsel receiving Attorneys' Fees pursuant to this provision have no outstanding obligations to the First Escrow Agent for the repayment of Attorneys' Fees or the payment of interest thereon, the First Escrow Agent shall return any letter(s) of credit to such counsel and shall pay to such counsel any remaining unpaid amount of Attorneys' Fees awarded by the Court.

viii.    In order to implement the award of Attorneys' Fees, the First Escrow Agent shall be authorized to accept payment instructions from any counsel receiving fees pursuant to this provision with respect to the Attorneys' Fees awarded in the Final Order and Judgment to such counsel.

19.    <u>Payment of Attorneys' Fees to TPPs' Counsel</u>.  Within twenty (20) days after all conditions set forth below have been fully satisfied, but not prior to the date on which the Court enters the Final Order and Judgment granting final approval to the Proposed Settlement, and the judgment is not subject to modification by the Court, eighty (80%) percent of any Attorneys' Fees approved by the Court and awarded to any counsel for TPP Plaintiffs and/or the TPP Settlement Class shall be paid by Defendants.  Such payment shall be subject to and conditioned upon all of the following terms and conditions, unless otherwise waived in writing by Defendants' Counsel:

i.    Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall provide

Defendants' Counsel an order of dismissal with prejudice for each of the Actions filed by or on

behalf of the TPP Plaintiffs, which order of dismissal may be conditioned upon the occurrence of

the Final Settlement Date. In the event that any one or more of the Actions filed by or on behalf

of the TPP Plaintiffs are not so dismissed, Lead Counsel for the TPP Plaintiffs and TPP

Settlement Class shall file or cause to have filed a motion to stay, and an order entered staying,

such actions. The stay orders, if any, shall stay the respective proceedings until the Proposed

Settlement becomes Final, at which time the Actions shall be dismissed with prejudice.

      ii.     The Final Order and Judgment shall provide that, prior to the Final Settlement

Date, if this Stipulation becomes null and void for any reason, or is terminated, any counsel

receiving Attorneys' Fees pursuant to this provision shall be obligated to repay to the Defendants

all Attorneys' Fees awarded by the Court to such counsel and paid by Defendants to such

counsel, without the need for any motion by the Defendants or any further notice, order or

judgment, provided, however, that the Court shall retain jurisdiction to enter all orders necessary

to enforce such obligation.

      iii.    The Final Order and Judgment shall provide that any counsel receiving

Attorneys' Fees pursuant to this provision shall, without need for any motion by Defendants or

any further notice, order or judgment, within five (5) days after (A) issuance of a mandate or

order reversing or modifying the Final Order and Judgment, or (B) the termination of the

Stipulation or the Stipulation becoming null and void pursuant to any provision hereof or for any

other reason, return to the Defendants the full amount of all Attorneys' Fees awarded to such

counsel and paid to such counsel pursuant to this provision, together with interest thereon from

the date of payment of Attorneys' Fees by Defendants to the date of return, at the rate earned by

the TPP Settlement Amount during the period between payment of such amount by the Defendants and repayment of such amount. The Final Order and Judgment shall also provide that any counsel receiving Attorneys' Fees pursuant to this provision shall, without need for any motion by Defendants or any further notice, order or judgment, within five (5) days after issuance of a mandate or order reducing the amount of Attorneys' Fees awarded to any such counsel, return to the Defendants the amount paid in excess of the amount to which the Attorneys' Fees were reduced, plus interest on said excess from the date of payment of Attorneys' Fees by Defendants to the date of return, at the rate earned by the TPP Settlement Amount during the period between payment of such amount by the Defendants and repayment of such amount.

     iv.    In no event shall the Defendants make any payment of Attorneys' Fees prior to the Final Settlement Date unless the repayment of such Attorneys' Fees and any interest thereon is secured by a letter of credit, or letters of credit, issued by one or more banks acceptable to Defendants' Counsel, which letter(s) of credit shall be in amount, form and substance acceptable to Defendants' Counsel and, at a minimum, shall allow Defendants to immediately draw upon such letter(s) of credit, without the need for any motion by the Defendants or any notice, order or judgment, to satisfy the obligations of any counsel receiving Attorneys' Fees pursuant to this provision for the repayment of Attorneys' Fees and the payment of interest thereon under this Paragraph 19 in the event any such counsel fail to make any required payments within five (5) days of any applicable triggering event provided in Paragraph 19 (iii).

     v.    For purposes of further effectuating this provision, any counsel receiving Attorneys' Fees pursuant to this provision irrevocably waive and agree not to assert, by way of

motion, as a defense or via request for injunctive relief or otherwise, any claim or objection to the call, draft, demand or enforcement of the payment on the applicable letter(s) of credit.

vi.     Upon payment of any Attorneys' Fees to any counsel receiving Attorneys' Fees pursuant to this provision, such counsel agrees to be deemed to have irrevocably submitted themselves to the exclusive venue and jurisdiction of the Court.

vii.    If within five (5) days after the Final Settlement Date, any TPP counsel receiving Attorneys' Fees pursuant to this provision have no outstanding obligations to the Defendants for the repayment of Attorneys' Fees or the payment of interest thereon, the Defendants shall return any letter(s) of credit to such counsel and shall pay to such counsel any remaining unpaid amount of Attorneys' Fees awarded by the Court.

viii.   In order to implement the award of Attorneys' Fees, the Defendants shall be authorized to accept payment instructions from any counsel receiving fees pursuant to this provision with respect to the Attorneys' Fees awarded in the Final Order and Judgment to such counsel.

20.     Right of Communication with Claimants.  Defendants expressly reserve the right to communicate with Consumer Settlement Class Members and/or TPP Settlement Class Members in the normal course of Defendants' business.  Defendants agree that, other than as provided in this Stipulation, neither Defendants nor Defendants' Counsel will initiate any communication with any Consumer Settlement Class Member and/or TPP Settlement Class Member related to or in connection with the Proposed Settlement, without first notifying and obtaining consent from Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class (in the case of communications with Consumer Settlement Class Members) and/or Lead

Counsel for the TPP Plaintiffs and TPP Settlement Class (in the case of communications with TPP Settlement Class Members), or from the Court regarding such communications with Consumer Settlement Class Members and/or TPP Settlement Class Members. Defendants agree that, if Defendants or Defendants' Counsel are approached with an inquiry from a Consumer Settlement Class Member or a TPP Settlement Class Member related to the Proposed Settlement, which inquiry is not purely procedural, but touches on the substance of the Proposed Settlement or some part thereof, Defendants' Counsel will, before Defendants respond to said inquiry, promptly notify and consult with Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class (in the case of inquiries from Consumer Settlement Class Members) and/or Lead Counsel for the TPP Plaintiffs and TPP Settlement Class (in the case of inquiries from TPP Settlement Class Members), with respect to any response to said inquiry. If Defendants' Counsel and Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class (in the case of inquiries from Consumer Settlement Class Members) and/or Lead Counsel for the TPP Plaintiffs and TPP Settlement Class (in the case of inquiries from TPP Settlement Class Members) do not agree on the appropriate response to said inquiry, Defendants will move for and obtain the Court's approval of Defendants' proposed response to said inquiry before further communicating with the class member with respect to said inquiry.

21. <u>Subrogation and Assignment of Rights.</u> Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby transfer and assign to Defendants, and subrogate Defendants to, the Released Claims, including any and all rights of direct action such Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class

Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members have or may have against any and all insurers of Releasees arising out of the Released Claims.

22. <u>No Release of Other Entities By Defendants</u>. This Stipulation does not release any claims Defendants may have against any other person or entity, including other Releasees, but not including Consumer Releasees and TPP Releasees, for any of the Released Claims, and/or for any cost, expense, contribution, indemnity or reimbursement related to the Released Claims, including attorneys' fees and costs, all of which are expressly reserved by the Releasees.

23. <u>No Third Party Beneficiary Rights of Enforcement</u>. Only the Settling Parties shall have the right to exercise rights granted by the Stipulation, provided however, the Releasees, the Consumer Releasees and TPP Releasees shall have the right to enforce the release granted herein if and when the Proposed Settlement becomes Final.

24. <u>Applicable Law</u>. This Stipulation, its Exhibits and any ancillary agreements shall be governed by and interpreted according to the substantive law of the State of Illinois, without regard to its choice of law or conflict of laws principles.

25. <u>Computation of Time</u>. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days. As used in this

paragraph, "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr.,

Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day,

Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or

the Congress of the United States or by the State of Illinois.

26. <u>Extension of Time</u>. The Settling Parties reserve the right to agree in writing upon

and implement any reasonable extensions of time that might be necessary to carry out any of the

provisions of this Stipulation.

27. <u>Continuing Jurisdiction</u>. The Settling Parties shall request the Court to retain

continuing and exclusive jurisdiction over all matters relating to administration, consummation,

enforcement and interpretation of this Stipulation and the Final Order and Judgment, to protect

and effectuate the Final Order and Judgment and for any other necessary purpose.

28. <u>Joint Drafting</u>. This Stipulation shall be deemed to have been jointly drafted by

all Settling Parties.

29. <u>Provision of Notice</u>. Whenever this Stipulation requires or contemplates that one

party shall or may give notice to the others, notice shall be provided as follows:

a. If to Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class,

then to:

> David J. Bershad, Esq.
> Milberg Weiss Bershad Hynes & Lerach LLP
> One Pennsylvania Plaza
> New York, New York 10119
>
> and

69

William Bernstein, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
San Francisco, California 94111

and

Allan Kanner, Esq.
Allan Kanner & Associates, PC
701 Camp Street
New Orleans, Louisiana 70130

and

Marvin A. Miller, Esq.
Miller Faucher Cafferty and Wexler LLP
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602

and

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

b. If to Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, then to:

Wendell Gauthier, Esq.
James R. Dugan, II, Esq.
Gauthier, Downing, LaBarre, Beiser & Dean
3500 North Hullen Street
Metairie, Louisiana 70002

and

Pamela B. Slate, Esq.
Donaldson, Guin & Slate, LLC
Morgan Keegan Center
Suite 230
2900 Highway 280
Birmingham, Alabama 35223

and

Joseph C. Kohn, Esq.
Kohn Swift & Graf, P.C.
Suite 2400
1101 Market Street
Philadelphia, Pennsylvania 19107

c.      If to Defendants or Defendants' Counsel, then to:

Tyrone C. Fahner, Esq.
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, Illinois 60603

and

Mary B. Cranston, Esq.
Pillsbury Madison & Sutro, LLP
235 Montgomery Street
San Francisco, California 94014

and

Richard L. Josephson, Esq.
Baker & Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002

30.     Non-Waiver.  The waiver by one or more parties of any breach of this Stipulation

shall not be deemed a waiver of any prior or subsequent breach of this Stipulation.

31.     Entire Agreement.  This Stipulation, including its Exhibits, constitutes the entire

agreement between Consumer Plaintiffs named in the Master Consumer Complaint, TPP

Plaintiffs named in the TPP Complaints, both on behalf of themselves and the Consumer Settlement Class and the TPP Settlement Class, Defendants and Individual Defendants with regard to the subject matter hereof, supersedes all prior agreements and understandings (whether written or oral) and may not be modified or amended except in writing signed by counsel for all parties hereto.

32.   <u>Successors and Assigns</u>.  This Stipulation shall be binding upon and shall inure to the benefit of Consumer Plaintiffs named in the Master Consumer Complaint, the Consumer Settlement Class,  TPP Plaintiffs named in the TPP Complaints, the TPP Settlement Class, Defendants and Individual Defendants and, each of them, their successors, devisees, trustees in bankruptcy, debtors in possession, administrators, executors, representatives, assigns and heirs. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Consumer Plaintiffs named in the Master Consumer Complaint, TPP Plaintiffs named in the TPP Complaints and their counsel shall be binding upon all members of their respective classes (except for putative Consumer Settlement Class Members and/or putative TPP Settlement Class Members who validly exclude themselves from their respective classes).

33.   <u>Enforcement of Stipulation</u>.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.  Defendants, Individual Defendants, Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and/or TPP Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation and the Exhibits hereto.  Solely for purposes of such suit, action or proceeding, to the fullest extent they

may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court.

34.    Counterparts.  This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all such counterparts together shall constitute one and the same document.  For purposes of this paragraph, facsimile signatures are acceptable, however the original signature page shall be substituted as soon as practicable.

35.    Headings.  The headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

Dated: _____, 1999

APPROVED AND AGREED TO BY AND ON BEHALF OF THE CONSUMER PLAINTIFFS, NAMED IN THE MASTER CONSUMER COMPLAINT, INDIVIDUALLY AND ON BEHALF OF THE CONSUMER SETTLEMENT CLASS

By:_____
       David J. Bershad, Esq.
       Milberg Weiss Bershad Hynes & Lerach LLP

       Lead Counsel for the Consumer Plaintiffs and
       Consumer Settlement Class


By:_____
       William Bernstein, Esq.
       Lieff, Cabraser, Heimann & Bernstein LLP

       Lead Counsel for the Consumer Plaintiffs and
       Consumer Settlement Class

By:_____
       Allan Kanner, Esq.

may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court.

34. <u>Counterparts</u>. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all such counterparts together shall constitute one and the same document. For purposes of this paragraph, facsimile signatures are acceptable, however the original signature page shall be substituted as soon as practicable.

35. <u>Headings</u>. The headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

Dated: __10/11/99__, 1999

APPROVED AND AGREED TO BY AND ON BEHALF OF THE CONSUMER
PLAINTIFFS, NAMED IN THE MASTER CONSUMER COMPLAINT,
INDIVIDUALLY AND ON BEHALF OF THE CONSUMER SETTLEMENT CLASS

By:_____

     David J. Bershad, Esq.
     Milberg Weiss Bershad Hynes & Lerach LLP

     Lead Counsel for the Consumer Plaintiffs and
     Consumer Settlement Class

By:_____

     William Bernstein, Esq.
     Lieff, Cabraser, Heimann & Bernstein LLP

     Lead Counsel for the Consumer Plaintiffs and
     Consumer Settlement Class

By:_____

     Allan Kanner, Esq.

may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court.

34. <u>Counterparts</u>. This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all such counterparts together shall constitute one and the same document. For purposes of this paragraph, facsimile signatures are acceptable, however the original signature page shall be substituted as soon as practicable.

35. <u>Headings</u>. The headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

Dated: _____, 1999

APPROVED AND AGREED TO BY AND ON BEHALF OF THE CONSUMER PLAINTIFFS, NAMED IN THE MASTER CONSUMER COMPLAINT, INDIVIDUALLY AND ON BEHALF OF THE CONSUMER SETTLEMENT CLASS

By:_____
    David J. Bershad, Esq.
    Milberg Weiss Bershad Hynes & Lerach LLP

    Lead Counsel for the Consumer Plaintiffs and
    Consumer Settlement Class

By:_____
    William Bernstein, Esq.
    Lieff, Cabraser, Heimann & Bernstein LLP

    Lead Counsel for the Consumer Plaintiffs and
    Consumer Settlement Class

By:_____
    Allan Kanner, Esq.

Allan Kanner & Associates, PC

Lead Counsel for the Consumer Plaintiffs and
Consumer Settlement Class


By:_____

Marvin A. Miller, Esq.
Miller Faucher Cafferty and Wexler LLP

Lead Counsel for the Consumer Plaintiffs and
Consumer Settlement Class


By: _Alan M. Menette for Michael D Hausfeld._

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

Lead Counsel for the Consumer Plaintiffs and
Consumer Settlement Class


APPROVED AND AGREED TO BY AND ON BEHALF
OF THE TPP PLAINTIFFS NAMED IN THE TPP
COMPLAINTS, INDIVIDUALLY AND ON BEHALF OF
THE TPP SETTLEMENT CLASS


By:_____

Wendell Gauthier, Esq.
James R. Dugan II, Esq.
Gauthier, Downing, LaBarre, Beiser & Dean

Lead Counsel for the TPP Plaintiffs and TPP
Settlement Class


By:_____

Pamela B. Slate, Esq.
Donaldson, Guin & Slate LLC

Lead Counsel for the TPP Plaintiffs and TPP
Settlement Class

Allan Kanner & Associates, PC

Lead Counsel for the Consumer Plaintiffs and
Consumer Settlement Class

By: _____

Marvin A. Miller, Esq.
Miller Faucher Cafferty and Wexler LLP

Lead Counsel for the Consumer Plaintiffs and
Consumer Settlement Class

By: _____

    Michael D. Hausfeld, Esq.
    Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

    Lead Counsel for the Consumer Plaintiffs and
    Consumer Settlement Class

APPROVED AND AGREED TO BY AND ON BEHALF
OF THE TPP PLAINTIFFS NAMED IN THE TPP
COMPLAINTS, INDIVIDUALLY AND ON BEHALF OF
THE TPP SETTLEMENT CLASS

By: _____

    Wendell Gauthier, Esq.
    James R. Dugan II, Esq.
    Gauthier, Downing, LaBarre, Beiser & Dean

    Lead Counsel for the TPP Plaintiffs and TPP
    Settlement Class

By: _____

    Pamela B. Slate, Esq.
    Donaldson, Guin & Slate LLC

    Lead Counsel for the TPP Plaintiffs and TPP
    Settlement Class

By:_____

    Joseph C. Kohn, Esq.
    Douglas A. Abrahams, Esq.
    Kohn Swift & Graf P.C.

    Lead Counsel for the TPP Plaintiffs and TPP
    Settlement Class


APPROVED AND AGREED TO BY BASF
CORPORATION


By:_____

    Thomas Y. Allman, Esq.
    Senior Vice President and General Counsel
    BASF Corporation


APPROVED AND AGREED TO BY KNOLL
PHARMACEUTICAL COMPANY


By:_____

    Thomas Y. Allman
    Vice-President and Secretary
    Knoll Pharmaceutical Company


APPROVED AND AGREED TO BY COUNSEL TO
BASF CORPORATION AND KNOLL
PHARMACEUTICAL COMPANY


By:_____

    Tyrone C. Fahner, Esq.
    Mayer, Brown & Platt


By:_____

    Mary B. Cranston, Esq.
    Pillsbury Madison & Sutro, LLP

By:_____

      Richard L. Josephson, Esq.
      Baker & Botts, L.L.P.


APPROVED AND AGREED TO BY THE
INDIVIDUAL DEFENDANTS


By:_____

      Mary B. Cranston, Esq.
      Pillsbury Madison & Sutro, LLP

# EXHIBIT A

## CASES CENTRALIZED IN NORTHERN DISTRICT OF ILLINOIS
## IN RE SYNTHROID® MARKETING LITIGATION, MDL 1182

| Case Number | Caption | From | Nature of Action/Counsel |
|---|---|---|---|
| 97 cv 6017 | In re Synthroid® Marketing Litigation | MDL Action: Master Consumer Class Action Complaint | Consumer Class Action |
| 97 cv 6084 | Cash v. BASF | AR ED 4:97-188 | Consumer Class Action |
| 97 cv 6085 | Brune v. Knoll | CA CD 8:97-376 | Consumer Class Action |
| 97 cv 6086 | Scheibel v. Knoll | CA ND 3:97-1578 | Consumer Class Action |
| 97 cv 6088 | Komins v. Knoll | CA ND 3:97-1745 | Consumer Class Action |
| 97 cv 6089 | Quaid v. Knoll | CA ND 3:97-1881 | Consumer Class Action |
| 97 cv 6090 | Bertucci v. Knoll | CA ND 3:97-1977 | Consumer Class Action |
| 97 cv 6091 | Fischer v. Knoll | CA ND 3:97-1965 | Consumer Class Action |
| 97 cv 6092 | Wright v. BASF | GA ND 1:97-591 | Consumer Class Action |
| 97 cv 6093 | Cox v. BASF | HI 1:97-319 | Consumer Class Action |
| 97 cv 6094 | Friday v. BASF | LA WD 5:97-407 | Consumer Class Action |
| 97 cv 6095 | Gherardini v. BASF | MO ED 4:97-338 | Consumer Class Action |

## EXHIBIT A

## CASES CENTRALIZED IN NORTHERN DISTRICT OF ILLINOIS
## IN RE SYNTHROID® MARKETING LITIGATION, MDL 1182

| Case Number | Caption | From | Nature of Action/Counsel |
|---|---|---|---|
| 97 cv 6096 | Benefield v. Boots | MS SD 1:97-215 | Consumer Class Action |
| 97 cv 6113 | Perales v. BASF | NM 6:97-331 | Consumer Class Action |
| 97 cv 6114 | Lupo v. BASF | OK ED 6:97-76 | Consumer Class Action |
| 97 cv 6115 | Dryer v. BASF | TX SD 3:97-97 | Consumer Class Action |
| 97 cv 6116 | Gervais v. BASF | TX SD 4:97-1991 | Consumer Class Action |
| 97 cv 6970 | Sellers v. BASF | AL ND 2:97-1444 | Consumer Class Action |
| 97 cv 6971 | Rogers v. BASF | AL ND 3:97-1263 | Consumer Class Action |
| 97 cv 6972 | McDaniel v. BASF | Al SD 1:97-481 | Consumer Class Action |
| 97 cv 6973 | Nelson v. BASF | CA CD 8:97-509 | Consumer Class Action |
| 97 cv 6974 | Vuletich v. BASF | CO 1:97-1230 | Consumer Class Action |
| 97 cv 6975 | Tirana v. BASF | DC 1:97-1241 | Consumer Class Action |
| 97 cv 6976 | Kaliser v. Knoll | FL SD 0:97-6840 | Consumer Class Action |
| 97 cv 6977 | Weiner v. BASF | FL SD 0:97-6977 | Consumer Class Action |

# EXHIBIT A

## CASES CENTRALIZED IN NORTHERN DISTRICT OF ILLINOIS
## IN RE SYNTHROID® MARKETING LITIGATION, MDL 1182

| Case Number | Caption | From | Nature of Action/Counsel |
|---|---|---|---|
| 97 cv 6979 | Rotolo v. Boots | LA ED 2:97-2625 | Consumer Class Action |
| 97 cv 6980 | Berry v. BASF | LA WD 1:97-1410 | Consumer Class Action |
| 97 cv 6981 | Ramos v. BASF | MA 1:97-11819 | Consumer Class Action |
| 97 cv 6982 | Williams v. Knoll | MN 1:97-1631 | Consumer Class Action |
| 97 cv 6983 | Rausch v. BASF | OH SD 2:97-727 | Consumer Class Action |
| 97 cv 6984 | Wright v. Knoll | OR 3:97-767 | Consumer Class Action |
| 97 cv 6985 | Blondet-Alvardo v. BASF | PR 3:97-2025 | Consumer Class Action |
| 97 cv 7004 | Sykes v. BASF | MD 1:97-3009 | Consumer Class Action |
| 97 cv 7006 | Denman v. BASF | SC 2:97-2676 | Consumer Class Action |
| 97 cv 7007 | Fletcher v. BASF | WVA SD 2:97-858 | Consumer Class Action |
| 97 cv 7325 | Pechacek v. Boots | TX SD H-97-3056 | Consumer Class Action |
| 97 cv 7570 | Nemeroff v. Knoll | CA ND 3:97-2093 | Consumer Class Action |
| 97 cv 7571 | Gay v. BASF | TN MD 3:97-949 | Consumer Class Action |

# EXHIBIT A

## CASES CENTRALIZED IN NORTHERN DISTRICT OF ILLINOIS
## IN RE SYNTHROID® MARKETING LITIGATION, MDL 1182

| Case Number | Caption | From | Nature of Action/Counsel |
|---|---|---|---|
| 97 cv 8501 | Davila v. Knoll | TX SD 2:97-550 | Consumer Class Action |
| 98 cv 0964 | Huckabee v. BASF | SC 4:97-2661 | Consumer Class Action |
| 98 cv 2185 | Meek v. BASF | TN MD 3:97-1182 | Consumer Class Action |
| 97 cv 8420 | Rootenberg v. Knoll | CA CD 8:97-924 | Private Attorney General Action |
| 98 cv 4800 | Storey v. BASF | CA SD 3:98-623 | Private Attorney General Action |
| 98 cv | Alabama Blue Cross Blue Shield v. BASF | AL SD 1:97-1161 | Third Party Payor Class Action |
| 97 cv 6017 | Aetna Healthcare, et al. | | Third Party Payor Class Action Complaint |
| 97 cv 6017 | Cigna Healthcare, et al. | | Third Party Payor Class Action Complaint in Intervention |
| 98 cv 6379 | Brokerage Concepts v. Eckert | NJ 2:98-1843 | Self-Insured Health Plan Class Action |

## EXHIBIT B

### SYNTHROID® MARKETING STATE COURT LITIGATION
### NOT BEFORE MDL

Smith v. Knoll Pharm. Co., No. CV-97C-1264 (Green County Circuit Court, Alabama)

Tafoya v. BASF Corp., et al., No. CV-97-01584 (Arizona Superior Court, Maricopa County)

King-Cole v. BASF Corp., et al., No. BC-165217 (California Superior Court, Los Angeles Cty.), (consolidated with Quinet)

Quinet v. Knoll Pharm., et al., No. CV767723 (California Superior Court, Santa Clara County), (consolidated with King-Cole)

Estrella v. Knoll Pharmaceutical, et al., No. 96 CH 4300, Cons. with Schwab No. 96 CH 5113 and Pinsoff No. 96 CH 04700 (Illinois Chancery Court, Cook Cty.)

Schwab v. Knoll Pharmaceutical, et al., No. 96 CH 05113 (Illinois Chancery Court, Cook Cty.) (consolidated with Estrella)

Pinsoff v. Knoll Pharm. Co., No. 96 CH 04700 (Illinois Chancery Court, Cook County) (consolidated with Estrella and Schwab)

Dudley v. BASF Corp., et al., No. 97 C 366 (Kansas 18th Judicial Cir. Court, Sedgwick Cty.)

Hall v. BASF Corp., et al., No. 97-CI 00035 (Carter County, Kentucky)

Indehar-Sepp v. BASF, et al., No. C9-97-7906 (Minnesota 10th Judicial District, Anoka County)

Cronin v. BASF, et al., (New Hampshire Superior Court) writ issued March 31, 1999

Goldstrom v. Knoll Pharm., et al., No. MRS L-1401-96 Cons. with Williams No. L-3624-97 (New Jersey Superior Court, Morris Cty.)

Strauss v. BASF Corp., et al., No. MRS-L-2387-97 (New Jersey Superior Court, Morris Cty., Law Div.)

Fair v. BASF Corp., et al., Docket No. 71,368, Division B (10th Judicial Court for the Parish of Natchitoches, State of Louisiana)

## EXHIBIT B

### SYNTHROID® STATE COURT LITIGATION
### NOT BEFORE MDL

<u>Williams v. BASF Corp.</u>, et al., No. L-3624 97 Cons. with Goldstrom No. L-3624-97 (New Jersey Superior Court, Camden Cty.)

<u>Doyle, et al. v. Knoll Pharmaceutical, et al.</u>, No. 3760/99 (Supreme Court of the State of New York, County of Westchester)

<u>Diamond v. Boots Co., et al.</u>, No. 96/107601 (New York Supreme Court, NY City)

<u>Harwood v. Knoll Pharmaceutical</u>, No. 11280/97 and 8534/97 (New York Supreme Court, Westchester Cty.)

<u>Disselhorst v. BASF Corp., et al.</u>, No. CV-8143 (North Dakota Northwest Judicial District Court, Mountrail Cty.)

<u>Knopf v. BASF Corp.</u>, No. 9205-0303, (Pennsylvania Court Comm. Pleas, Philadelphia Cty.) (consolidated with <u>Mitnick</u>)

<u>Mitnick v. BASF Corp., et al.</u>, No. GD-98-017767 (Pennsylvania Court Comm. Pleas, Philadelphia Cty.) (consolidated with <u>Knopf</u>)

# EXHIBIT C

**(PROPOSED COVER LETTER TO BE SENT TO THOSE WHO PREVIOUSLY FILED CLAIMS)**

Synthroid® Marketing Litigation
Claims Administration


Dear _____:

A proposed class action Settlement has been reached on behalf of all consumers in the United States and Puerto Rico who purchased Synthroid® at any time between January 1, 1990 and _____, 1999, relating to the marketing of Synthroid®.

Please note that no question is raised about the safety or effectiveness of Synthroid®.

You may have responded to a Settlement Notice that was disseminated in 1997-1998. Even if you previously filed a claim or otherwise responded to that Notice, you should read this Notice completely.

**If you previously filed a claim and, after reading this notice, desire your prior claim to be used in this settlement, YOU NEED TAKE NO ACTION UNLESS YOUR ADDRESS HAS CHANGED AND YOU HAVE NOT PREVIOUSLY INFORMED THE SETTLEMENT ADMINISTRATOR OF THAT FACT.**

Many of the common questions that you may have are addressed in this Notice:

| | |
|---|---|
| How much money might I receive? | (see page x) |
| What is this case about? | (see page x) |
| Who is affected by the Settlement? | (see page x) |
| How do I qualify? | (see page x) |
| How do I go about claiming a share? | (see page x) |
| What if I previously filed a claim in the prior Settlement? | (see page x) |
| What are the deadlines to be aware of? | (see page x) |
| What other rights and options do I have? | (see page x) |
| When and how might the proposed settlement be finalized? | (see page x) |

Your personal and confidential information will not be released if you participate in this settlement.

Thank you. If you have any questions, or need additional information, you may call 1-800-000-0000.

4798644.3 101299 1650C 98447402

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Synthroid® Marketing Litigation | ) | Master File No. 97 C 6017 |
| | ) | MDL No. 1182 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | Judge Elaine E. Bucklo |
| All Actions | ) | |
| | ) | |

## NOTICE OF PROPOSED CONSUMER CLASS ACTION SETTLEMENT
## AND HEARING THEREON

TO:   All Consumers in the United States and Puerto Rico Who Purchased Synthroid® (Levothyroxine Sodium Tablets, USP) ("Synthroid®") At Any Time Between January 1, 1990 and _____, 1999:

Please Read this Notice Carefully and Completely. This Settlement Notice May Affect Your Rights. You May Be Entitled to Share in the Proceeds of a Proposed Class Action Settlement. This Notice Is Provided for the Purpose of Informing You of a Proposed Settlement and the Alternative Courses of Action That You May Take.

Please Read this Notice even if you responded to a Settlement Notice related to this topic that was disseminated in 1997-1998.

IMPORTANT: You may have responded to a Settlement Notice related to this topic that was disseminated in 1997-1998. That Settlement did not receive final Court approval. However, if you previously filed a claim and, after reading this notice, desire your prior claim to be used in this settlement, YOU NEED TAKE NO ACTION UNLESS YOUR ADDRESS HAS CHANGED AND YOU HAVE NOT PREVIOUSLY INFORMED THE SETTLEMENT ADMINISTRATOR OF THAT FACT. You may exclude yourself from or comment on this settlement. PLEASE READ THIS NOTICE CAREFULLY.

This Notice is provided to you pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and pursuant to an order of the United States District Court for the Northern District of Illinois, Eastern Division ("the Court") to inform you of:

A.    A determination by the Court that this action may be maintained as a class action for settlement purposes only;

B.    A proposed settlement on behalf of the Consumer Settlement Class which provides for, among other things:

    1.    The establishment of a settlement fund of Eighty-Six Million and No/100 ($86,000,000.00) Dollars, plus interest;

    2.    Payment by the Defendants of the cost of notifying the Consumer Settlement Class of the proposed settlement of this litigation and the details thereof, including the time and place of hearing and the options available to those who would be included within the Consumer Settlement Class;

    3.    Payment by the Defendants of the cost of administering the proposed settlement;

    4.    Releases to the Consumer Settlement Class of TPP Settlement Class Members' Claims against the Consumer Settlement Class and the Settlement Fund;

C.    The scheduling of a Settlement Hearing as described below;

D.    Your right, if the proposed settlement is approved and made final and if you are a Consumer Settlement Class Member, to share in the proceeds and other benefits of the proposed settlement;

E.    Your right to exclude yourself from the Consumer Settlement Class and the method for doing so; and

F.     Your right to object to the terms of the proposed settlement and the applications for

attorneys' fees and expenses, if you do not opt out of the Consumer Settlement Class.

**In order to be eligible to receive proceeds of the Proposed Settlement as a Member of the Consumer Settlement Class, you must submit a claim form in accordance with this Notice, which must be mailed to the Consumer Settlement Administrator, postmarked no later than _____, 1999.**

## BACKGROUND

Sandra Scheibel, Gloria Epstein, Mary M. Abeyta and Carolyn Gervais and a number of other individuals, on behalf of other similarly situated plaintiffs, have filed Consumer Settlement Class action lawsuits in federal and state courts against BASF Corporation, Knoll Pharmaceutical Company ("Knoll") (collectively, "Defendants"), certain predecessor corporations, and several current or former executives of Knoll or its predecessors concerning the marketing of Synthroid®. In such lawsuits, the plaintiffs seek compensatory and punitive damages, injunctive relief, restitution, disgorgement and other forms of relief. No question is raised about the safety or effectiveness of Synthroid®. Many of these lawsuits have been transferred to the United States District Court for the Northern District of Illinois under the name In Re Synthroid® Marketing Litigation (the "MDL Action").

The consumer lawsuits allege, among other things, that Defendants violated federal antitrust laws, federal anti-racketeering laws, state consumer protection, antitrust and deceptive trade practice laws and the common law of fraud, deceit and negligence by engaging in misleading advertising and by failing to timely disclose information relating to, and permit publication of, a study undertaken by Dr. Betty Dong, et al. at the University of California, San Francisco (the "Dong study") which concluded that three other levothyroxine products are bioequivalent to Synthroid®. Plaintiffs further

contend that Defendants made misrepresentations to the U.S. Food And Drug Administration ("FDA") and one or more state government agencies with the intent of inducing such agencies to continue to not classify Synthroid® and one or more other levothyroxine sodium drugs as bioequivalent. Plaintiffs assert that they paid too much for Synthroid® as a result of the challenged conduct, or would have switched to other levothyroxine products.

Defendants have denied and continue to deny each and every claim and contention asserted in the consumer lawsuits. Defendants have repeatedly asserted and continue to assert many defenses to the consumer lawsuits and have expressly denied any wrongdoing or legal liability arising out of the conduct alleged in the consumer lawsuits. Defendants deny that the Dong study is a scientifically valid study and that it establishes bioequivalence. Defendants believe that their conduct has at all times been lawful, and that the Dong study has had, and will have, no meaningful effect in light of what Defendants believe are its many deficiencies and its lack of acceptance in the medical community.

In addition to the consumer lawsuits, third party payors ("TPPs") Blue Cross & Blue Shield of Alabama, Louisiana Health Service & Indemnity Company, Aetna U.S. Healthcare, Inc., Aetna Life Insurance Co., Corporate Health Insurance Co, Inc., Brokerage Concepts, Inc. and HMO of Louisiana, Inc. have asserted claims against Defendants and have sought to bring class actions on behalf of all other insurance companies, managed health care plans, health maintenance organizations ("HMOs") and self insured health benefit plans and other TPPs (defined below) for alleged overcharges in the sale of Synthroid®. In connection with the TPP suits, a number of TPPs have claimed a right to assert against the Defendants some or all of the same claims being asserted by the consumers, under a theory of subrogation. If such subrogation claims were found by the

Court to exist, and to be enforceable, a number of TPPs could have asserted claims against consumers for any recovery such consumers received in this litigation from Defendants.

Defendants have denied and continue to deny each and every claim and contention asserted in the TPP lawsuits. Defendants have repeatedly asserted and continue to assert many defenses to the TPP lawsuits and have expressly denied any wrongdoing or legal liability arising out of the conduct alleged in the TPP lawsuits.

The consumer and TPP lawsuits are referred to as the "Synthroid® Marketing Litigation."

On July 19, 1999, the Honorable Elaine Bucklo, Judge of the United States District Court for the Northern District of Illinois, entered orders in the MDL Action certifying a class of consumers in the United States who purchased Synthroid® between January 1, 1990 and July 19, 1999, and a class of insurance companies, health maintenance organizations, managed care organizations or plans, including, but not limited to, prepaid plans and plans which generally administer health benefits, self funded plans and pharmacy benefit managers ("PBMs") who are or were at risk and paid or were obligated to pay claims or a portion thereof or reimburse for the purchase of Synthroid® by those members and enrolled in the TPPs plan(s) during the class period (January 1, 1990 through _____, 1999) and those entities are not and/or were not reimbursed for the payment of those claims. Defendants filed a petition for leave to appeal both of those orders to the United States Court of Appeals for the Seventh Circuit and the Defendants' petition was granted by the Seventh Circuit.

In order to resolve the Synthroid® Marketing Litigation, consumers, TPPs and the Defendants have agreed to a settlement (the "Proposed Settlement"). In doing so, Defendants continue to vigorously deny that they violated any law.

## SETTLEMENT WITH ATTORNEYS GENERAL

On July ___, 1999, defendants announced that they had reached agreement with the attorneys general of _____ states to settle certain claims asserted by the attorneys general with respect to the marketing of Synthroid® (the "AG Settlement"). In satisfaction of the claims of the states represented by those attorneys general, and without admitting or denying any liability, defendants agreed to pay the amount of ___ million dollars to said states, and to make certain undertakings with respect to future marketing activities concerning Synthroid®. Consumers are not entitled to receive any payment from the AG Settlement.

## THE PROPOSED SETTLEMENT

The complete terms of the Proposed Settlement are set forth in the Stipulation of Settlement and Compromise ("Stipulation") signed by the parties on _____, a copy of which is on file with the Clerk of Court for the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604, and is available for review. The Stipulation is a global agreement resolving all Released Claims (as defined below) between Defendants and the Consumer Settlement Class; between Defendants and the TPP settlement class; and between the TPP settlement class and the Consumer Settlement Class. The following is a summary of certain terms of the Proposed Settlement relating to the Consumer Settlement Class:

Under the terms of the Proposed Settlement, Defendants have agreed to establish a settlement fund for the Consumer Settlement Class in the amount of Eighty-Six Million and No/100 ($86,000,000.00) Dollars, plus interest. Defendants in addition will pay the costs of notice to putative Consumer Settlement Class Members and claims administration. If the Proposed

-6-

Settlement receives final approval after the settlement hearing, and dismissal stipulations are signed for all related lawsuits in other state and federal courts, then each member of the Consumer Settlement Class who submits a valid claim form in a timely fashion as set forth below that is approved by the consumer settlement administrator for payment will receive a share of the settlement fund as more specifically described below, less such Consumer Settlement Class Member's proportionate share of certain costs and court-awarded attorneys' fees and expenses. These pro rata shares will be issued in a certain number of "units" allocated to each person.

All Consumer Settlement Class Members who made purchases of Synthroid® before January 1, 1995 shall be allocated 3 units under the following allocation formula, while all Consumer Settlement Class Members who made purchases of Synthroid® on or after January 1, 1995 shall be allocated 2 units under the following allocation formula:

| Consumer Settlement Class | | (Net Consumer Settlement | | Units allocable to Class Member |
|---|---|---|---|---|
| Member allocable share | = | Amount available for distribution | x | -------------------------------------- |
| | | pursuant to Paragraph 3.g of the | | Total number of units allocable |
| | | Stipulation less attorneys' fees and | | to Consumer Settlement Class |
| | | expenses awarded by the Court) | | Members |

**The amount that any Consumer Settlement Class Member will receive under the settlement depends upon the number of valid claims filed and the relative percentages of claims for the time periods before and after January 1, 1995. Approximately 420,000 claims were filed in connection with a prior settlement which did not receive final court approval. Those claims will be honored unless determined to be invalid or the claimant excludes himself or herself**

from the Proposed Settlement. **The following example is provided for illustration only and is not a guarantee of what any one Consumer Settlement Class Member might receive.**

<u>Example</u>: (1) If 1 million valid claims are filed and 250,000 of the claimants began taking Synthroid® after January 1, 1995, and there was $86,000,000 in the settlement fund at the time of distribution, a consumer who began taking Synthroid® before January 1, 1995, would receive approximately $94 (less that consumer's pro rata share of any attorneys' fees and expenses awarded by the Court) and a consumer who began taking Synthroid® after January 1, 1995, would receive approximately $63 (less that consumer's pro rata share of any attorneys' fees and expenses awarded by the Court).

<u>Example</u>: (2): If 500,000 valid claims are filed, and 125,000 of the claimants began taking Synthroid® after January 1, 1995, and there was $86,000,000 in the settlement fund at the time of distribution, a consumer who began taking Synthroid® before January 1, 1995 would receive approximately $188 (less that consumer's pro rata share of any attorneys' fees and expenses awarded by the Court) and a consumer who began taking Synthroid® after January 1, 1995, would receive approximately $125 (less that consumer's pro rata share of any attorneys' fees and expenses awarded by the Court).

<u>HOW THE SETTLEMENT WAS REACHED</u>

Plaintiffs' counsel have made a thorough investigation of the law and facts relating to the allegations in this litigation and the denials thereof. That investigation has included the review and analysis of many hundreds of thousands of pages of files, correspondence and documents of the Defendants and of non-parties, as well as the depositions of a number of Defendants' current and former personnel and other persons.

The parties have engaged in extensive arm's-length negotiations which resulted in an agreement to settle the MDL Action and various related lawsuits as set forth in the Stipulation. In agreeing to the Stipulation, plaintiffs' counsel considered the risks of continued prolonged litigation against the Defendants and the likelihood of success, balanced against the substantial benefits to the Consumer Settlement Class which would occur as a result of the Proposed Settlement. Plaintiffs' counsel have concluded that the settlement is fair, reasonable and adequate and in the best interests of the Consumer Settlement Class.

Defendants have denied all wrongdoing and any liability to plaintiffs and the Consumer Settlement Class and concede no infirmity in any defense which might have been raised in the Synthroid® Marketing Litigation, but nonetheless have agreed to enter into the Stipulation in order to put to rest all controversy and to avoid further expense, burden, distraction and inconvenience of litigation.

WHO IS AFFECTED BY THE SETTLEMENT CLASS

On _____, 1999, for purposes of settlement only, the Court certified a Consumer Settlement Class consisting of all individuals or the individuals' legal representatives in the United States and Puerto Rico who purchased Synthroid® at any time between January 1, 1990 and _____, 1999, and do not validly exclude themselves from participation under the Stipulation (the "Consumer Settlement Class" or "Consumer Settlement Class Members"). The Consumer Settlement Class does not include: (i) governmental entities and/or agencies represented by state Attorneys General or recipients of Synthroid® exclusively through state funded pharmaceutical drug programs who made no payments for Synthroid®; (ii) TPPs, defined as any and all entities who offer and/or offered insured and/or risk and/or self-funded products for medical, pharmaceutical and/or

prescription drug benefit coverage, including but not limited to insurance companies; health maintenance organizations; managed care organizations or plans, including but not limited to prepaid plans and plans which generally administer health benefits; self-funded plans; and Pharmacy Benefit Managers ("PBMs"), who are or were at risk and paid or were obligated to pay claims or a portion thereof or reimburse for the purchase of Synthroid® members enrolled in the TPPs' plan(s) during the period between January 1, 1990 and _____, 1999 and are not and/or were not reimbursed for the payment of those claims (TPPs do not include third party administrators and PBMs who only function and/or functioned as a billing agent and are or were at no risk for claims paid), or (iii) the current or former executives of Knoll or its predecessors named as defendants in the Synthroid® Marketing Litigation.

<u>YOUR RIGHTS AND OPTIONS</u>

If you are a putative Consumer Settlement Class Member, you have a choice as to whether or not to be a member of the Consumer Settlement Class. Either choice will have its consequences, which you should understand before making your decision.

**If you want to be eligible to receive payments from the settlement fund, all you need to do is to submit the claim form accompanying this Notice, postmarked no later than _____, 1999, to the following address: Synthroid® Marketing Litigation, P. O. Box 7090, San Rafael, CA 94912-7090. You may also be required to take such further action as the court deems necessary to participate in the recovery. You do not need to attend the settlement hearing unless you want to. If you do not exclude yourself from the Consumer Settlement Class, in the manner described below, you will be a Consumer Settlement Class Member and judgments issued by the Court, whether favorable or not, and any release given in connection with the Proposed Settlement, will be binding upon you and you will not be able to commence or continue any other litigation, arbitration or other claim against any defendant in any other forum with respect to the settled claims. The Court has appointed the following Lead Counsel to represent the Consumer Settlement Class:**

David J. Bershad, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP

One Pennsylvania Plaza
New York, NY 10119

and

William Bernstein, Esq.
Lieff, Cabraser, Heinmann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3339

and

Allan Kanner, Esq.
Allan Kanner & Associates, PC
701 Camp Street
New Orleans, Louisiana 70130

and

Marvin A. Miller, Esq.
Miller Faucher Cafferty and Wexler LLP
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602

and

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, DC 20005

If you do not exclude yourself from the Consumer Settlement Class, you may, if you so desire, enter an appearance in this litigation through counsel, of your own choosing, at your own expense.

If you filed a claim in connection with the earlier settlement of the Synthroid® Marketing Litigation (whether or not your claim was filed before the deadline for that earlier settlement), and you wish to be eligible to receive payments from this settlement fund, you do not need to do anything. The claim form you submitted earlier will be considered timely filed for this settlement. If your earlier filed claim form is incomplete in any respect, you will be contacted by the Consumer Settlement

Administrator and/or counsel for the Consumer Settlement Class to obtain further information. If you have moved and not updated your address since you submitted an earlier claim, please contact the Consumer Settlement Administrator to make certain the Consumer Settlement Administrator has your correct address.

Even if you filed a claim in connection with the earlier settlement, you nonetheless have a right to exclude yourself from this settlement. To do so, follow the instructions set forth below.

If you want to exclude yourself from the class and not be included as a Consumer Settlement Class Member, the Court will exclude you from the Consumer Settlement Class and the Proposed Settlement only if you complete and mail, by first-class mail, postage prepaid, a written request for exclusion postmarked by _____, 1999. The written request for exclusion must include your name and address and, if the request for exclusion is provided by a representative of a putative Consumer Settlement Class Member, the capacity in which such person is acting. The written request for exclusion must be sent by first-class mail to the Consumer Settlement Administration at:

> Synthroid® Marketing Litigation
> P.O. Box 7090
> San Rafael, CA 94912-7090

If you timely exclude yourself from the Consumer Settlement Class, you will not be bound by the Proposed Settlement, you will not receive the payments described above, and you will not share in the Benefits of the Proposed Settlement. IF YOU WISH TO BE ELIGIBLE TO RECEIVE YOUR SHARE OF THE SETTLEMENT PROCEEDS, DO NOT FILE A REQUEST FOR EXCLUSION.

Defendants may, but are not required to, unilaterally withdraw from and terminate the Stipulation as to the settlement with respect to the named plaintiffs in the above entitled action and the Consumer Settlement Class if, among other things, those persons who elect to exclude themselves from the Consumer Settlement Class number more than the Consumer Settlement Class "opt-out" threshold which shall be communicated to the Court under seal. Such withdrawal and termination by Defendants must be made no later than twenty-one (21) days after _____,

_____.

## SETTLEMENT HEARING

Pursuant to an order of the Court dated _____, ____, a hearing will be held on _____, ____ at __:__ _.m. (or such adjourned dates as the Court may direct without further notice to the Class), in Courtroom 1725 at 219 South Dearborn Street, Chicago, Illinois, 60604:

A.    To determine whether the Court has jurisdiction to approve the settlement of the Released Claims and whether the Proposed Settlement is fair, reasonable and adequate and in the best interests of the Consumer Settlement Class and should be approved by the Court, and whether judgment should be entered thereon;

B.    To determine whether the Consumer Settlement Class has been fairly and adequately represented by the named plaintiffs in the above entitled action  and by attorneys for such plaintiffs and the Consumer Settlement Class;

C.    To consider the applications of counsel for the Consumer Settlement Class for an award of attorneys' fees and reasonable expenses;

D.    To consider whether to dismiss the complaints filed by the named plaintiffs in the above entitled action on the merits with prejudice without attorneys' fees or costs to any party except as provided in the Stipulation;

E.    To consider whether an order and judgment should be entered incorporating the release set forth below and forever discharging the Releasees from any claims or liabilities relating to the Synthroid® Marketing Litigation and/or the Released Claims; and

F.    To consider such other matters as the Court, may deem proper and necessary.

If you are a putative Consumer Settlement Class Member, as defined above, and you have not timely requested exclusion from the Consumer Settlement Class as set forth

in this Notice, you may object to the fairness, reasonableness or adequacy of the Proposed Settlement, the fairness or adequacy of representation or the applications for attorneys' fees and expenses.

<u>Written Objections</u>

Any putative Consumer Settlement Class Member who has not timely submitted a written request for exclusion from the Consumer Settlement Class and wishes to object to the Proposed Settlement, the fairness or adequacy of representation or the applications for attorneys' fees and expenses, must on or before _____, _____, file with the Clerk for the United States District Court, Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604, a written statement of objection, along with any other supporting materials, papers or briefs that he or she wishes the Court to consider, and must on the same date serve such papers by delivery to

> Marvin A. Miller, Esq.
> Miller Faucher Cafferty and Wexler LLP
> 30 North LaSalle Street
> Suite 3200
> Chicago, Illinois 60602
>
> One of the Attorneys for the Class
> and Lead Counsel's Notice Designee
>
> and
>
> Tyrone C. Fahner, Esq.
> Mayer, Brown & Platt
> 190 South LaSalle Street
> Chicago, Illinois 60603
>
> Counsel for BASF Corporation and
> Knoll Pharmaceutical Company

Objections must be filed with the Court and received by the above counsel no later than _____, ____. Any objection that is not timely made shall be forever barred. Any attorney representing a Consumer Settlement Class Member, at that Consumer Settlement Class Member's expense, for the purpose of making objections must file with the Clerk of Court, and serve a notice of appearance, no later than _____, ____ by delivery to: (a) Lead Counsel's Notice Designee, and (b) Counsel for BASF Corporation and Knoll Pharmaceutical Company.

Appearance at Settlement Hearing

Any Consumer Settlement Class Member who timely files and serves a written objection may also appear at the Settlement Hearing either in person or through counsel hired at the Consumer Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the Proposed Settlement, the fairness or adequacy of representation, or the applications for attorneys' fees and expenses. Class Members or their attorneys' intending to appear at the Settlement Hearing must deliver to Lead Counsel's Notice Designee and Counsel for BASF Corporation and Knoll Pharmaceutical Company, and file with the Court no later than _____, ____, a notice of intention to appear, setting forth (i) the name, address and telephone number of the Consumer Settlement Class Member (and if applicable, the name, address and telephone number of the Consumer Settlement Class Member's attorney), (ii) the objection, including any papers in support thereof, and (iii) the name and address of any witnesses to be presented at the Settlement Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony. Any Consumer Settlement Class Member who does not timely file and serve a written objection

and a notice of intention to appear by _____, ____, and any witness not identified in the notice of intention to appear, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be deemed to have waived and forfeited, and shall be foreclosed from raising, any objection to the Proposed Settlement made at the Settlement Hearing, and shall be bound by all of the terms of the Stipulation and by all proceedings, orders and judgments by the Court.

## ATTORNEYS' FEES, EXPENSES AND OTHER COSTS

At the Settlement Hearing, counsel for the named consumer plaintiffs in the above entitled action and the Class will apply to the Court for an award of attorneys' fees of 29% of the settlement fund, and plus an additional award of reimbursement of expenses not to exceed Two Million Five Hundred Thousand and No/100 ($2,500,000.00) Dollars. As part of the expenses of litigation, Counsel will apply to the Court for an award of not more than Two Thousand Five Hundred and No/100 ($2,500.00) per person to be paid to those persons who have served as representative plaintiffs in this action and related consumer actions. Plaintiffs' counsel may make supplemental application to the Court for attorneys' fees and expenses. All awards of attorneys' fees and expenses in the above entitled action shall be paid exclusively out of the settlement fund.

## SCOPE OF RELEASE AND DISMISSAL

If the Proposed Settlement is approved by the Court, then this litigation will be dismissed with prejudice. The parties also will seek, dismissal with prejudice of all other consumer lawsuits in the Synthroid® Marketing Litigation pending around the country, in state and federal courts, which contain allegations similar to those in this litigation.

The release of claims to be given to defendants in the Proposed Settlement is broad and will with certain exceptions release all claims under federal and state law which you may have against Defendants and TPPs concerning Synthroid®. The full text of the release is set forth below:

Definitions

For purposes of the following release, the following terms (which also are set forth in Paragraph 1 of the Stipulation) shall have the following meanings:

(1)     "Released Claims" shall mean any and all claims or causes of action, alleged bases of liability, damages, injuries, losses, restitution, disgorgement, punitive damages, statutory penalties, equitable, legal and administrative relief, interest, attorneys' fees, demands or rights, of any kind or nature whatsoever, whether known or unknown, that have been or could have been alleged or asserted (i) by the Consumer Plaintiffs or TPPs, or the Consumer Settlement Class or TPP Settlement Class, or any Consumer Settlement Class Member or TPP Settlement Class Member against the Releasees, (ii) by the TPPs, TPP Settlement Class or any TPP Settlement Class Member against the Consumer Releasees, or (iii) by the Consumer Plaintiffs, Consumer Settlement Class or any Consumer Settlement Class Member against the TPP Releasees, in the Synthroid® Marketing Litigation or in any other court action or before any administrative body, tribunal or arbitration panel on the basis of or relating to, arising from or connected with, in whole or in part, the advertising, marketing, promotion, labeling, distribution, branding, lobbying, research, bioequivalency, testing, pricing and/or sale of Synthroid®, whether based upon statute or common law, including but not limited to the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et seq., the Food, Drug and Cosmetic Act, other federal law, codes, rules or regulations or the laws or statutes

of any state or municipality or any other source, and which were or could have been asserted in, are connected with, arise out of and/or relate to, in whole or part, the conduct alleged, or that could have been alleged, in the Actions, relating to (i) conduct arising from or relating to a study performed by Betty Dong, et al. which is the subject of an article entitled "Bioequivalence of Generic and Brand-name Levothyroxine Products in the Treatment of Hypothyroidism," published in the April 16, 1997, edition of The Journal of the American Medical Association; (ii) any other claims or allegations relating to the alleged conduct of the Releasees regarding relative bioequivalence or interchangeability, bioavailability, therapeutic equivalence, relative effectiveness or superiority of levothyroxine sodium products, including Synthroid®; (iii) any and all claims or allegations relating to any agreement of Releasees to pay rebates, discounts or other compensation related to the purchase and/or utilization of Synthroid® and/or payment or reimbursement for Synthroid® regardless of whether such agreement to pay is made by Releasees to TPPs, mail order or retail pharmacies; (iv) any and all claims or causes of action and/or alleged bases of liability relating to the rights, if any, of the TPPs and TPP Settlement Class against the Consumer Releasees, or the rights, if any, of the Consumer Plaintiffs and Consumer Settlement Class against the TPP Releasees, in connection with or directly or indirectly relating to the Stipulation or the Proposed Settlement, including but not limited to any rights of subrogation, reimbursement or any claims related to payments by, to or on behalf of Consumer Plaintiffs or TPPs related to Synthroid®; (v) any and all acts, omissions, facts, matters, transactions, occurrences or oral or written statements or representations, whether disclosed or undisclosed, relating to levothyroxine sodium products and (vi) any and all

claims or causes of action and/or alleged bases of liability relating to the rights, if any, of the TPPs, TPP Settlement Class Members and/or Consumer Settlement Class Members against the Releasees, in connection with or directly or indirectly relating to the Stipulation or the Proposal Settlement, including but not limited to any rights of subrogation, reimbursement and/or any claims related to payments by, to or on behalf of Consumer Settlement Class Members or TPPs related to Synthroid®. It is not the intent of this Stipulation to release the following: (i) any claims against Releasees by any retail pharmacy that is not a TPP, and (ii) any personal injury claims or product defect claims asserting that Synthroid® is not safe and/or effective, and (iii) any claims asserted against the Releasees in In re Brand Name Prescription Drugs Antitrust Litigation, No. 94 C 897, United States District Court for the Northern District of Illinois and/or parallel state court actions or proceedings alleging a conspiracy between Releasees and another pharmaceutical manufacturer or wholesaler to avoid discounts to retail pharmacies, and (iv) any claim arising out of an actionable breach of a service agreement entered into by and between Releasees, their successors and assigns, and any TPP.

(2) "Releasees" shall mean Defendants [BASF Corporation and Knoll Pharmaceutical Company], Individual Defendants [Barbara Buhler, Carter Eckert, Neil Kurtz and Gilbert Mayor], Boots Pharmaceuticals, Inc., Boots USA, Inc., The Boots Company PLC and BASF AG, individually and/or collectively, and their current, former or future parents, subsidiaries, affiliates, brother or sister corporations, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, agents, independent contractors, brokers, managers,

representatives, attorneys, insurers, heirs, administrators, executors, predecessors, successors and assigns, or any of them.

(3)     All other capitalized terms used in the above definitions and/or the release shall have the meanings ascribed to them in the Stipulation.

Release

a.     The Actions shall be dismissed on the merits, with prejudice, and without costs, other than the costs expressly provided for in the Stipulation, and the claims of Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class, the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class which include the Released Claims shall be forever barred.

b.     As an express element and condition of the Stipulation and the benefits conferred, the Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Member, the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members, individually and collectively, agree that, except for claims expressly reserved in Subparagraph c below, Consumer Plaintiffs named in the Master Consumer Complaint,  the Consumer Settlement Class, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints, the TPP Settlement Class and TPP Settlement Class Members (individually and/or collectively) (i) shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly, on their own behalf, on behalf of any class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims and (ii) release and discharge the Releasees from all of the Released Claims.

c.     It is not the intent of the Stipulation to release the following: (i) any claims asserted against Releasees by any retail pharmacy that is not a TPP, (ii) any personal injury claims or product defect claims asserting that Synthroid® is not safe and/or effective, and (iii) any claims asserted against the Releasees in In re Brand Name Prescription Drugs Antitrust Litigation, No. 94 C 897, United States District Court for the Northern District of Illinois and/or parallel state court actions or proceedings alleging a conspiracy between Releasees and another pharmaceutical manufacturer or wholesaler to avoid discounts to retail pharmacies, and (iv) any claim arising out of an actionable breach of a service agreement entered into by and between Releasees, their successors and assigns, and any TPP.

d.     As an express element and condition of the Stipulation and the benefits conferred herein, the TPP Plaintiffs named in the TPP Complaints and the TPP Settlement Class Members, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the Consumer Plaintiffs and/or their attorneys and/or Consumer Settlement Class Members and/or their attorneys, either directly or indirectly, on their own behalf, on behalf of the TPP Settlement Class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims against Consumer Releasees.

e.     As an express element and condition of the Stipulation and the benefits conferred therein, the Consumer Plaintiffs named in the Master Consumer Complaint and the Consumer Settlement Class Members, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the TPP Plaintiffs and/or their attorneys and/or the TPP Settlement Class Members and/or their attorneys, either directly or indirectly, on their own

-21-

behalf, or on behalf of the Consumer Settlement Class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims against the TPP Releasees.

      f.    As an express element and condition of the Stipulation and the benefits conferred therein, the Defendants and the Individual Defendants, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the Consumer Releasees and/or their attorneys and/or the TPP Releasees and/or their attorneys, either directly or indirectly, on their own behalf or on behalf of any other person, and release and discharge the Consumer Releasees and their attorneys and the TPP Releasees and their attorneys from, the Settled Defendants' Claims reserving all rights Defendants have against their insurers.

      g.    Consumer Plaintiffs named in the Master Consumer Complaint, TPP Plaintiffs named in the TPP Complaints and all Consumer Settlement Class Members and TPP Settlement Class Members expressly agree that this release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release of the Releasees herein.

      h.    Without in any way limiting the scope of the release, this release covers, without limitation, any and all claims for Attorneys' Fees and Expenses; Total Settlement Fund Costs; and/or disbursements incurred by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and any other counsel representing Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, any purported class of Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints, TPP Settlement Class Members, any purported class of TPP Settlement Class Members, or any of them, in connection with or related in any manner to

the Synthroid® Marketing Litigation, the Proposed Settlement, the administration of the Proposed Settlement and/or the Released Claims except to the extent otherwise specified in the Stipulation.

        i.     Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members expressly understand that Section 1542 of the Civil Code of the State of California provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Cal. Civ. Code § 1542. To the extent that, notwithstanding the choice of law provisions in this Stipulation, California or other law may be applicable, Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree that the provisions of Section 1542 and all similar federal and/or state laws, rights, rules or legal principles of any other jurisdiction (including, without limitation, North Dakota and South Dakota) which may be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members with respect to the Released Claims, and Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree and acknowledge that this is an essential term of this release.

        j.     Nothing in this release shall preclude any action by the Settling Parties to enforce the terms of the Stipulation.

k.     The failure of any Consumer Settlement Class Member and/or TPP Settlement Class Member to claim or obtain any settlement proceeds shall not in any manner invalidate or otherwise affect the release provided herein.

HOW TO OBTAIN FURTHER INFORMATION

This Notice contains only a summary of the Proposed Settlement.  The terms of the Proposed Settlement are set forth in detail in the Stipulation, which is available to the public to review at the office of the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604. You may also obtain a copy of the Stipulation by sending a written request to Synthroid® Marketing Litigation, P. O. Box 7090, San Rafael, CA 94912-7090.

You may obtain further information about the Proposed Settlement, including the names and addresses of the representative parties, by contacting counsel for Plaintiffs and the Consumer Settlement Class identified earlier in the notice under the paragraph entitled "YOUR RIGHTS AND OPTIONS":

If you have questions concerning how to make a claim, you can call 1-800-853-4853 to listen to a prerecorded message summarizing the claims procedures or you may access information on the Internet at www.synthroidclaims.com.  **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR THE JUDGE.**

DATED:     _____, 1999          By Order of the Honorable Elaine E. Bucklo
                                Judge, United States District Court for the Northern
                                District of Illinois, Eastern Division

# EXHIBIT D

## CONSUMER CLAIM FORM

> **IMPORTANT NOTICE**: Please fill out this form (type or print all information except signature) and return it postmarked no later than _____ to Synthroid® Marketing Litigation, P.O. Box 7090,. San Rafael, CA, 94912-7090.

> If your completed, signed claim form is not mailed by first-class mail, postage prepaid, and postmarked by the indicated date, you will not be allowed to participate in the settlement distribution.

1. Name _____    Social Security Number: _____
   [Use name in which prescriptions were written]

2. Current Address: _____

   Street: _____

   City: _____    State: _____    Zip Code: _____

3. I have filled my SYNTHROID® prescription most recently at the following pharmacy or outlet:

   _____
   [Name/Address]

4. When did you begin using SYNTHROID®? _____
   [Year]

By submission of this proof of claim, I agree to be bound by all of the provisions of the Stipulation of Settlement and Compromise entered in the matter entitled In Re: Synthroid® Marketing Litigation, No. 97 C 6017, MDL No. 1182, United States District Court for the Northern District of Illinois, Eastern Division (the "Stipulation"), including granting to the "Releasees" -- i.e., BASF Corporation, BASF AG, Knoll Pharmaceutical Company, Boots Pharmaceuticals, Inc., Boots USA, Inc., The Boots Company PLC, Barbara Buhler, Carter Eckert, Neil Kurtz and Gilbert Mayor, individually and/or collectively, and any of their current, former and future parents, subsidiaries, affiliates, brother or sister corporations, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, agents, independent contractors, brokers, managers, representatives, attorneys, insurers, heirs, administrators, executors, predecessors, successors and assigns, or any of them -- a full and complete release of all Released Claims as defined and set forth in the Stipulation and the final order and judgment entered pursuant to the Stipulation. I agree that I submit to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division for the purposes of enforcing the Stipulation, and I certify that the foregoing is true and correct under the penalty of perjury.

_____          _____
Signature                                          Date

# EXHIBIT E

## [TO BE FURTHER REVISED CONSISTENT WITH STIPULATION]

### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation )<br> )<br>————————————— )<br> )<br>THIS DOCUMENT RELATES TO: )<br> )<br>All Actions )<br>————————————— ) | Master File No. 97 C 6017<br>MDL No. 1182<br><br>)<br>Judge Elaine E. Bucklo |

## NOTICE OF PROPOSED THIRD PARTY PAYOR ("TPP") SYNTHROID® MARKETING LITIGATION CLASS ACTION SETTLEMENT AND HEARING THEREON

TO:   ALL ENTITIES IN THE UNITED STATES AND PUERTO RICO, INCLUDING BUT NOT LIMITED TO INSURANCE COMPANIES, HEALTH MAINTENANCE ORGANIZATIONS, MANAGED CARE ORGANIZATIONS OR PLANS, INCLUDING, BUT NOT LIMITED TO, PREPAID PLANS AND PLANS WHICH GENERALLY ADMINISTER HEALTH BENEFITS, SELF-FUNDED PLANS AND PHARMACY BENEFIT MANAGERS ("PBMs") WHO ARE OR WERE AT RISK AND PAID OR WERE OBLIGATED TO PAY CLAIMS OR A PORTION THEREOF OR REIMBURSE FOR THE PURCHASE OF SYNTHROID® BY THOSE MEMBERS ENROLLED IN THE TPPS' PLAN(S) DURING THE CLASS PERIOD (JANUARY 1, 1990 THROUGH OCTOBER __, 1999) AND THOSE ENTITIES ARE NOT AND/OR WERE NOT REIMBURSED FOR THE PAYMENT OF THOSE CLAIMS. TPPS DO NOT INCLUDE THIRD PARTY ADMINISTRATORS AND PBMS WHO ONLY FUNCTION AND/OR FUNCTIONED AS A BILLING AGENT AND ARE OR WERE AT NO RISK FOR CLAIMS PAID.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. THIS SETTLEMENT NOTICE MAY AFFECT YOUR RIGHTS. YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF A PROPOSED CLASS ACTION SETTLEMENT. THIS NOTICE IS PROVIDED FOR THE PURPOSE OF

**INFORMING YOU OF A PROPOSED SETTLEMENT AND THE ALTERNATIVE COURSES OF ACTION THAT YOU MAY TAKE.**

This Notice is provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an order of the United States District Court for the Northern District of Illinois, Eastern Division, (the "Court") to inform you of:

A.    A determination by the Court that this action may be maintained as a class action for settlement purposes only;

B.    A proposed settlement on behalf of the TPP Settlement Class (the "TPP Settlement Class") which provides for, among other things:

    1.    The establishment of a settlement fund in the amount of Forty-Five Million Five Hundred Thousand and No/100 ($45,500,000.00) Dollars, plus interest;

    2.    The release of certain claims (including but not limited to subrogation and reimbursement claims) of a class of consumers against the TPP Settlement Class with respect to payments made to TPP Settlement Class Members related to Synthroid®;

    3.    Payment by the Defendants of the cost of notifying the TPP Settlement Class of the proposed settlement of this litigation and the details thereof, including the time and place of hearing and the options available to those who would be included within the Class;

    4.    Payment by the Defendants of the cost of administering the proposed settlement;

C.    The scheduling of a Settlement Hearing, as described below;

D.    Your right, if the proposed settlement is approved and made final, and if you are a TPP Settlement Class Member, to file a claim sharing in the proceeds and other benefits of the proposed settlement;

E.    Your right to exclude yourself from the Class and the method for doing so; and

F.    Your right to object to the terms of the proposed settlement, and the application for attorneys' fees and expenses, if you do not opt out of the Class.

**IN ORDER TO BE ELIGIBLE TO RECEIVE PROCEEDS OF THE PROPOSED SETTLEMENT AS A MEMBER OF THE CLASS, YOU MUST SUBMIT THE**

ATTACHED CLAIM FORM IN ACCORDANCE WITH THIS NOTICE, WHICH MUST BE MAILED TO THE TPP SETTLEMENT ADMINISTRATOR, POSTMARKED NO LATER THAN _____.

## I.   BACKGROUND

### A.   THE TPPS' CLAIMS

Blue Cross & Blue Shield of Alabama; Louisiana Health Service & Indemnity Company d/b/a Blue Cross & Blue Shield of Louisiana; Aetna U.S. Healthcare, Inc.; Aetna Life Insurance Company; Corporate Health Insurance Co., Inc.; and Brokerage Concepts, Inc. (collectively, "TPP Plaintiffs"), on behalf of themselves and a class of TPPs, have filed lawsuits against BASF Corporation, Knoll Pharmaceutical Company ("Knoll") (collectively, "Defendants"), certain predecessor corporations, and several current or former executives of Knoll or its predecessors concerning the marketing of Synthroid®. In such lawsuits, the plaintiffs seek compensatory and punitive damages, injunctive and other relief. No question is raised about the safety or effectiveness of Synthroid®. Many of these lawsuits have been transferred to the United States District Court for the Northern District of Illinois (the "Court") under the name In Re Synthroid® Marketing Litigation (the "MDL Action"). TPPs are entities, including but not limited to insurance companies, health maintenance organizations, managed care organizations or plans, and self-funded plans in the United States and Puerto Rico, that have between January 1, 1990 and _____ offered insured and/or risk products for pharmaceutical and/or prescription drug benefit coverage, and have reimbursed, paid or been obligated to pay any portion of the purchase of Synthroid® by members covered by such products.

The lawsuits allege, among other things, that Defendants violated federal antitrust laws, federal anti-racketeering laws, state consumer protection, antitrust and deceptive trade practices laws

and the common law of fraud, deceit and negligence by engaging in misleading advertising and by failing to timely disclose information relating to a study undertaken by Dr. Betty Dong, et al. at the University of California, San Francisco ("the Dong study") which concluded that three other levothyroxine products are bioequivalent to Synthroid®. Plaintiffs further contend that Defendants made misrepresentations to the U.S. Food and Drug Administration ("FDA") and one or more state government agencies with the intent of inducing such agencies to continue to not classify Synthroid® and one or more other levothyroxine sodium drugs as bioequivalent. No question is raised about the safety or effectiveness of Synthroid®. The lawsuits further allege that the Defendants' conduct caused health insurance companies, managed care organizations, self-funded plans and other putative TPP Settlement Class Members to pay excessive amounts for levothyroxine sodium drugs prescribed for their insureds or members, and prevented the putative TPP Settlement Class Members or other formulary developers upon which putative TPP Settlement Class Members rely from making informed decisions in the development of their prescription drug formularies.

Defendants have denied and continue to deny each and every claim and contention asserted in the TPP lawsuits. Defendants have repeatedly asserted and continue to assert many defenses to the TPP lawsuits and have expressly denied any wrongdoing or legal liability arising out of the conduct alleged in the TPP lawsuits. Defendants deny that the Dong study is a scientifically valid study and that it establishes bioequivalence. Defendants believe that their conduct has at all times been lawful, and that the Dong study has had, and will have, no meaningful effect in light of what Defendants believe are its many deficiencies and its lack of acceptance in the medical community.

B. **RELATED LITIGATION AND CLAIMS BY CONSUMERS**

In addition to the TPP lawsuits, a number of consumers have filed consumer class action lawsuits in federal and state courts against the Defendants, certain predecessor corporations, and several current or former executives of Knoll or its predecessors concerning the marketing of Synthroid®. In such lawsuits, consumers make similar allegations as the TPPs regarding Defendant's marketing of Synthroid®. No question is raised about the safety or effectiveness of Synthroid®. Defendants have denied and continue to deny each and every claim and contention asserted in the consumer lawsuits. Defendants have repeatedly asserted and continue to assert many defenses to the consumer lawsuits and expressly denied any wrongdoing or legal liability arising out of the conduct alleged in the consumer lawsuits.

The TPP and consumer lawsuits are referred to as the "Synthroid® Marketing Litigation".

C. **DISCOVERY, INVESTIGATION AND SETTLEMENT NEGOTIATIONS**

Counsel for the TPPs have been engaged in extensive formal and informal discovery in the Synthroid® Marketing Litigation since before December 1997. Between December 1997 and October 1999, TPP Plaintiffs have engaged in comprehensive discovery, including written interrogatories, review and organization of more than one million pages of documents produced by Defendants and deposition discovery of TPP and consumer class representatives, insurance industry personnel and many of Defendants' current and former personnel and experts.

Extensive settlement discussions among the TPPs, consumers and Defendants, both directly and with a mediator, have taken place from early 1998 and have resulted in a proposed settlement that resolves all claims by TPPs and consumers against Defendants, claims by consumers

against TPPs, claims by TPPs against consumers and claims by Defendants against TPPs and consumers relating to the marketing of Synthroid®.

1    In determining whether to enter into the proposed settlement, TPP Plaintiffs, through their counsel, considered the very real risks of continued litigation against the Defendants. Specifically, the continued prosecution of the Synthroid® Marketing Litigation against the Defendants would be subject to the inherent uncertainties and delays of litigation, including the substantial uncertainties associated with a jury trial, and the likelihood that, even if TPP Plaintiffs were awarded a verdict or judgment against the Defendants on their claims, a proposition that is far from certain, such verdict or judgment would be subject to appeals, which could take years to ultimately resolve. In order to resolve this and certain other related lawsuits and claims, Defendants and the TPP Plaintiffs have agreed to a settlement (the "Proposed Settlement"). In doing so, Defendants continue to deny vigorously that they violated any law.

## II.    TERMS OF THE PROPOSED SETTLEMENT

The complete terms of the Proposed Settlement are set forth in the Stipulation of Settlement and Compromise ("Stipulation") signed by the parties on _____, a copy of which is on file with the Clerk of Court for the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604, and is available for review. The Stipulation is a global agreement resolving all claims between Defendants and the TPP Settlement Class; between Defendants and the consumer settlement class; and between the TPP Settlement Class and the consumer settlement class. The following is a summary of certain terms of the Proposed Settlement relating to the TPP Settlement Class:

Under the terms of the Proposed Settlement, Defendants have agreed to establish a settlement fund in the amount of Forty-Five Million Five Hundred Thousand and No/100 ($45,500,000.00) Dollars, plus interest, subject to possible partial decrease if the lower level of the opt-out threshold range is exceeded (such threshold being filed under seal with the Court). If that lower level of the opt-out threshold range is exceeded, the amount of money to be returned to or retained by Defendants from the TPP Settlement Amount would be calculated as follows: The TPP Settlement Administrator shall determine the level of actual TPP opt-outs (expressed as a percentage) using the formula communicated to the Court under seal for determining the TPP Settlement Class opt-out threshold range. The TPP Settlement Administrator shall (1) subtract the lowest level in the opt-out threshold range (which is expressed as a percentage) from the level of actual TPP opt-outs (expressed as a percentage), (2) multiply the resulting percentage by the TPP Settlement Amount, and (3) multiply the resulting dollar amount by two-thirds (2/3).

By way of example only: Assume that at the end of the exclusion period the TPP Settlement Administrator determines that the TPPs that have elected to exclude themselves from this settlement represent a percentage of TPPs that does not exceed the lower level of the TPP Settlement Class opt-out threshold range. The remaining TPP Settlement Class Members would share in $45,500,000.00. On the other hand, if at the end of the exclusion period the TPP Settlement Administrator determines that the TPPs that have elected to exclude themselves from this settlement represent a percentage of TPPs that exceeds the lower level of the TPP Settlement Class opt-out threshold range by fifteen (15) percentage points, but has not exceeded the upper level of the TPP Settlement Class opt-out threshold range, the total TPP settlement fund would be calculated as follows:

$$\$45,500,000.00 - (\$45,500,000.00 \times .15 \times 2/3) = \$40,950,000.00$$

The Defendants would retain $$4,550,000.00 and all remaining TPP Settlement Class Members that file a timely and valid TPP Claim Form would share in $40,950,000.00.

Defendants in addition will pay the costs of notice to putative TPP Settlement Class Members and claims administration. In addition, the consumer settlement class has agreed to release any and all claims they may have related to payments to TPP Settlement Class Members related to Synthroid®.

If the Proposed Settlement receives final approval after the settlement hearing, and dismissal stipulations are signed for all related lawsuits in other state and federal courts, then each TPP Settlement Class Member who timely submits a valid TPP Claim Form that is approved by the TPP Settlement Administrator for payment as set forth below will receive a share of the settlement fund, as more specifically described in Section IV(A) below, less such TPP Settlement Class Member's proportionate share of certain costs and court-awarded attorneys' fees and expenses.

Under the Proposed Settlement, each putative TPP Settlement Class Member that does not opt out of the Class in accordance with Section IV(B) below (i) will be deemed to have released and forever discharged Defendants from all claims relating to the marketing and bioequivalency of Synthroid® as described in Section IV(D) below and (ii) will be a TPP Settlement Class Member and (iii) judgments issued by the Court, whether favorable or not, and any release given in connection with the Proposed Settlement will be binding upon such putative TPP Settlement Class Member. If the Proposed Settlement is approved by the Court, then this litigation will be dismissed with prejudice. The parties also will seek dismissal with prejudice of all other TPP lawsuits making claims raised in the Synthroid® Marketing Litigation pending around the country, in state and federal courts, which contain allegations similar to those in this litigation.

TPP Settlement Class Members will also receive a release from Defendants and from the consumer settlement class with respect to Synthroid®.

## III.    THE TPP SETTLEMENT CLASS

On _____, for settlement purposes only, the Court certified a TPP Settlement Class consisting of all TPPs (as such term is defined below) in the United States and Puerto Rico who (i) do not validly exclude themselves from participation under the Stipulation, and (ii) are not governmental entities and/or agencies represented by state Attorneys General.

As used in this Notice, the following terms shall have the following meanings (unless a part or subpart of this notice otherwise provides):

"TPP" and "TPPs" shall mean, individually and/or collectively, any and all entities who offer and/or offered insured and/or risk and/or self-funded products for medical, pharmaceutical and/or prescription drug benefit coverage, including but not limited to insurance companies; health maintenance organizations; managed care organizations or plans, including but not limited to prepaid plans and plans which generally administer health benefits; self-funded plans; and Pharmacy Benefit Managers ("PBMs"), who are or were at risk and paid or were obligated to pay claims or a portion thereof or reimburse for the purchase of Synthroid® by those members enrolled in the TPPs' plan(s) during the period from January 1, 1990 through _____, 1999 and those entities are not and/or were not reimbursed for the payment of those claims. TPPs do not include third party administrators and PBMs who only function and/or functioned as a billing agent and are or were at no risk for claims paid. However, PBMs who are or were at risk and paid or were obligated to pay claims or a portion thereof for the purchase of Synthroid® during the period from

January 1, 1990 through _____, 1999 and are not and/or were not reimbursed for the payment

of those claims, and who can provide sufficient evidence of such, are TPPs.

The Court designated TPP Plaintiffs as class representatives for the TPP Settlement Class

and the firms of Donaldson, Guin & Slate, LLC; Gauthier, Downing, LaBarre, Beiser & Dean; and

Kohn Swift & Graf P.C. as counsel for the TPP Settlement Class ("Lead Counsel for the TPP

Plaintiffs and TPP Settlement Class ").

## IV.   RIGHTS AND OPTIONS OF CLASS MEMBERS

### A.   PARTICIPATION IN THE CLASS SETTLEMENT AND ADMINISTRATION OF CLAIMS AND DISPUTES AS TO VALIDITY OF CLAIMS

If you are a putative member of the TPP Settlement Class and you desire to share in

the proceeds of the Proposed Settlement, you do not need to take any action other than to complete

the Proof of Claim described below, a copy of which is attached to this Notice.

### 1.   **PROOFS OF CLAIM**

To participate in the Proposed Settlement, you must be a putative member of the TPP

Settlement Class and timely submit a valid TPP Claim Form, which is attached hereto, and any

documentation requested by the TPP Claim Form by _____, in accordance with the

instructions contained in the TPP Claim Form. Any member of the TPP Settlement Class may also

be required to take such further action as the Court deems necessary in order for such member of

the TPP Settlement Class to participate in any recovery had by the TPP Settlement Class. The TPP

Settlement Administrator shall initially review each timely submitted TPP Claim Form, conduct any

necessary investigation of TPP Claim Forms that the TPP Settlement Administrator believes may

be invalid (including by seeking verification or substantiation from the putative member of the TPP

Settlement Class) and shall reject any TPP Claim Form which is not properly completed or executed, is not submitted timely or is determined by the TPP Settlement Administrator to be otherwise invalid. In such event, the TPP Settlement Administrator shall notify the putative member of the TPP Settlement Class promptly of the reason for rejection of the TPP Claim Form, provide copies of such notification to a designated representative of Defendants' counsel and a designated representative of Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, and afford the putative member of the TPP Settlement Class an opportunity to resubmit the TPP Claim Form within thirty (30) days.

If Defendants or the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class dispute the validity of any TPP Claim Form received from the TPP Settlement Administrator, the party disputing the claim must, within thirty (30) days of receipt of the TPP Claim Form from the TPP Settlement Administrator, provide written notice to the TPP Settlement Administrator, with a copy to the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class or Defendants (as applicable), stating that the TPP Claim Form is disputed and the basis therefor. The TPP Settlement Administrator shall furnish to the putative member of the TPP Settlement Class a copy of such challenge and afford the putative member of the TPP Settlement Class an opportunity to respond thereto in writing within fifteen (15) days.

Within twenty (20) days of a putative member of the TPP Settlement Class's response to the TPP Settlement Administrator's written notice of a dispute as to the validity of a claim, the TPP Settlement Administrator shall render its determination on the validity of the TPP Claim Form. Such determination shall be forwarded to the putative member of the TPP Settlement Class, the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' counsel. Such

determination shall be final and in all respects binding upon both the putative member of the TPP Settlement Class, the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants to the same extent as an award rendered pursuant to the Federal Arbitration Act.

## 2.   SUMMARY OF PLAN OF DISTRIBUTION

Each putative member of the TPP Settlement Class that is determined to have submitted a timely and valid TPP Claim Form will be designated as an Eligible Claimant. Within thirty (30) days following the date on which the TPP Settlement Administrator determines that all Eligible Claimants have been identified and that the number of Eligible Medical Covered Lives (as that term is defined in the TPP Claim Form) has been calculated for each Eligible Claimant, the TPP Settlement Administrator shall calculate the amount of money due each Eligible Claimant by dividing the total number of Eligible Medical Covered Lives as of January 1, 1995 attributable to that Eligible Claimant by the total number of Eligible Medical Covered Lives as of January 1, 1995 attributable to all Eligible Claimants collectively. (For TPP Claimants that did not exist as of January 1, 1995, but are otherwise eligible to make a claim as a member of the TPP Settlement Class, the TPP Settlement Administrator will estimate the number of January 1, 1995 Eligible Medical Covered Lives by simple linear regression, using Eligible Medical Covered Lives provided by TPP Claimant for the later years.) This calculation will determine each Eligible Claimant's percentage interest in the TPP Settlement Amount. Within five (5) business days of the date the Proposed Settlement becomes Final (as defined in the Stipulation) the TPP Settlement Administrator shall calculate the amount of money due each Eligible Claimant by applying each Eligible Claimant's percentage interest to the settlement fund (i.e., the settlement amount plus interest accrued, less any attorneys' fees, costs and expenses approved by the Court). Within ten (10)

business days of that date, the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class shall petition the Court to issue a Distribution Order directing payments to Eligible Claimants.

## B. REQUEST FOR EXCLUSION FROM THE CLASS

If any TPP wishes to exclude itself from the TPP Settlement Class and not be included as a member of the TPP Settlement Class, the Court will exclude it from the TPP Settlement Class and the Proposed Settlement, only if the TPP completes and mails by first-class U.S. Mail, postage prepaid, a written request for exclusion postmarked by _____. The written request for exclusion must include the TPP's name and address. If a request for exclusion is provided by the agent or representative of a TPP, said representative or agent must also provide a sworn statement stating that said agent or representative has the authority to act on behalf of the TPP in electing the TPP's exclusion from the TPP Settlement Class. All written requests for exclusion must be sent to:

_____.

If a TPP timely excludes itself from the TPP Settlement Class, that TPP will not be bound by the Proposed Settlement, will not receive the payments described above and will not share in the proceeds of the Proposed Settlement. **If you wish to be eligible to receive your share of the settlement proceeds, do not file a request for exclusion.**

## C. OBJECTIONS TO THE SETTLEMENT

Any putative member of the TPP Settlement Class that does not exclude itself from the TPP Settlement Class may object to the terms of the Proposed Settlement by filing, in accordance with Section V below, written objections with the Court at _____ with copies to the Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and to Defendants' counsel postmarked no later than

_____.

**Lead Counsel for the TPP Plaintiffs and TPP Settlement Class:**

Pamela B. Slate, Esq.
Donaldson, Guin & Slate, LLC
Morgan Keegan Center
2900 Highway 280, Suite 230
Birmingham, Alabama 35223

and

Wendell H. Gauthier, Esq.
James R. Dugan, Esq.
Gauthier, Downing, LaBarre, Beiser & Dean
3500 North Hullen Street
Metairie, Louisiana 70002

and

Joseph C. Kohn, Esq.
Kohn Swift & Graf P.C.
1101 Market Street, Suite 2400
Philadelphia, Pennsylvania 19107

**Defendants' Counsel:**

Tyrone Fahner, Esq.
Mayer, Brown & Platt
190 South LaSalle Street
Chicago, Illinois 60603-3441

Any putative member of the TPP Settlement Class that does not exclude itself from the TPP Settlement Class and objects in accordance with Section V below may appear at the Settlement Hearing and be heard. Further, any putative member of the TPP Settlement Class who does not exclude itself from the TPP Settlement Class may, if it so desires, enter an appearance in this litigation through counsel, of its own choosing, at its own expense.

### D. SCOPE OF RELEASE AND DISMISSAL

If the Proposed Settlement is approved by the Court, then this litigation will be dismissed with prejudice. The parties also will seek dismissal with prejudice of all other TPP lawsuits in the Synthroid® Marketing Litigation pending around the country, in state and federal courts, which contain allegations similar to those in this litigation.

THE RELEASE OF CLAIMS TO BE GIVEN TO DEFENDANTS IN THE PROPOSED SETTLEMENT IS BROAD AND WILL WITH CERTAIN EXCEPTIONS RELEASE ALL CLAIMS UNDER FEDERAL AND STATE LAW WHICH YOU MAY HAVE AGAINST DEFENDANTS AND CONSUMER SETTLEMENT CLASS MEMBERS CONCERNING SYNTHROID®. THE FULL TEXT OF THE RELEASE IS SET FORTH BELOW:

<u>Definitions</u>

For purposes of the following release, the following terms (which also are set forth in Paragraph 1 of the Stipulation) shall have the following meanings:

(1)     "Released Claims" shall mean any and all claims or causes of action, alleged bases of liability, damages, injuries, losses, restitution, disgorgement, punitive damages, statutory penalties, equitable, legal and administrative relief, interest, attorneys' fees, demands or rights, of any kind or nature whatsoever, whether known or unknown, that have been or could have been alleged or asserted (i) by the Consumer Plaintiffs or TPPs, or the consumer settlement class or TPP Settlement Class, or any Consumer Settlement Class Member or TPP Settlement Class Member against the Releasees, (ii) by the TPPs, TPP Settlement Class or any TPP Settlement Class Member against the Consumer Releasees, or (iii) by the Consumer Plaintiffs, consumer settlement class or any Consumer Settlement

Class Member against the TPP Releasees, in the Synthroid® Marketing Litigation or in any other court action or before any administrative body, tribunal or arbitration panel on the basis of or relating to, arising from or connected with, in whole or in part, the advertising, marketing, promotion, labeling, distribution, branding, lobbying, research, interchangeability, bioequivalency, testing, pricing and/or sale of Synthroid®, whether based upon statute or common law, including but not limited to the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et seq., the Food, Drug and Cosmetic Act, other federal law, codes, rules or regulations or the laws or statutes of any state or municipality or any other source, and which were or could have been asserted in, are connected with, arise out of and/or relate to, in whole or part, the conduct alleged, or that could have been alleged, in the Actions, relating to (i) conduct arising from or relating to a study performed by Betty Dong, et al. which is the subject of an article entitled "Bioequivalence of Generic and Brand-name Levothyroxine Products in the Treatment of Hypothyroidism," published in the April 16, 1997, edition of The Journal of the American Medical Association; (ii) any other claims or allegations relating to the alleged conduct of the Releasees regarding relative bioequivalence or interchangeability, bioavailability, therapeutic equivalence, relative effectiveness or superiority of levothyroxine sodium products, including Synthroid®; (iii) any and all claims or allegations relating to any agreement of Releasees to pay rebates, discounts or other compensation related to the purchase and/or utilization of Synthroid® and/or payment or reimbursement for Synthroid® regardless of whether such agreement to pay is made by Releasees to TPPs, mail orders or retail pharmacies; (iv) any and all claims or causes of

action and/or alleged bases of liability relating to the rights, if any, of the TPPs and TPP

Settlement Class against the Consumer Releasees, or the rights, if any, of the Consumer

Plaintiffs and consumer settlement class against the TPP Releasees, in connection with or

directly or indirectly relating to the Stipulation or the Proposed Settlement, including but not

limited to any rights of subrogation, reimbursement or any claims related to payments by,

to or on behalf of Consumer Plaintiffs, Consumer Settlement Class Members or TPPs related

to Synthroid®; and (v) any and all acts, omissions, facts, matters, transactions, occurrences

or oral or written statements or representations, whether disclosed or undisclosed, relating

to levothyroxine sodium products; and (vi) any and all claims or causes of action and/or

alleged bases of liability relating to the rights, if any, of the TPPs, TPPs Settlement Class

Members and/or Consumer Settlement Class Members against Releasees, in connection with

or directly or indirectly relating to the Stipulation or the Proposed Settlement, including but

not limited to any rights of subrogation, reimbursement and/or any claims related to

payments by, to or on behalf of Consumer Settlement Class Members or TPPs related to

Synthroid®. It is not the intent of this Stipulation to release the following: (i) any claims

against Releasees by any retail pharmacy that is not a TPP, and (ii) any personal injury

claims or product defect claims asserting that Synthroid® is not safe and/or effective, and (iii)

any claims asserted against the Releasees In re Brand Name Prescription Drugs Antitrust

Litigation, No. 94 C 897, United States District Court for the Northern District of Illinois

and/or parallel state court actions or proceedings alleging a conspiracy between Releasees

and another pharmaceutical manufacturer or wholesaler to avoid discounts to retail

pharmacies, and (iv) any claim arising out of an actionable breach of a service agreement entered into by and between Releasees, their successors and assigns, and any TPP.

(2)     "Releasees" shall mean Defendants [BASF Corporation and Knoll Pharmaceutical Company], Individual Defendants, Boots Pharmaceuticals, Inc., Boots USA, Inc., The Boots Company PLC and BASF AG, individually and/or collectively, and their current, former or future parents, subsidiaries, affiliates, brother or sister corporations, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, agents, independent contractors, brokers, managers, representatives, attorneys, insurers, heirs, administrators, executors, predecessors, successors and assigns, or any of them.

(3)     All other capitalized terms used in the above definitions and/or the release shall have the meanings ascribed to them in the Stipulation.

Release

a.     The Actions shall be dismissed on the merits, with prejudice, and without costs, other than the costs expressly provided for in the Stipulation, and the claims of Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class, the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class which include the Released Claims shall be forever barred.

b.     As an express element and condition of the Stipulation and the benefits conferred, the Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, the TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members, individually and collectively, agree that, except for claims expressly reserved in

Subparagraph c. below, Consumer Plaintiffs named in the Master Consumer Complaint, the Consumer Settlement Class, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints, the TPP Settlement Class and TPP Settlement Class Members (individually and/or collectively) (i) shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly, on their own behalf, on behalf of any class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims and (ii) release and discharge the Releasees from all of the Released Claims.

   c. It is not the intent of the Stipulation to release the following: (i) any claims against Releasees by any retail pharmacy that is not a TPP, and (ii) any personal injury claims or product defect claims asserting that Synthroid® is not safe and/or effective, and (iii) any claims asserted against the Releasees. <u>In re Brand Name Prescription Drugs Antitrust Litigation</u>, No. 94 C 897, United States District Court for the Northern District of Illinois and/or parallel state court actions or proceedings alleging a conspiracy between Releasees and another pharmaceutical manufacturer or wholesaler to avoid discounts to retail pharmacies, and (iv) any claim arising out of an actionable breach of a service agreement entered into by and between Releasees, their successors and assigns, and any TPP.

   d. As an express element and condition of this Stipulation and the benefits conferred herein, the TPP Plaintiffs named in the TPP Complaints and the TPP Settlement Class Members, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the Consumer Plaintiffs and/or their attorneys and/or Consumer Settlement Class Members and/or their attorneys, either directly or indirectly, on their own behalf, on behalf

of the TPP Settlement Class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims against Consumer Releasees.

e. As an express element and condition of the Stipulation and the benefits conferred therein, the Consumer Plaintiffs named in the Master Consumer Complaint and the Consumer Settlement Class Members, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the TPP Plaintiffs and/or their attorneys and/or the TPP Settlement Class Members and/or their attorneys, either directly or indirectly, on their own behalf, or on behalf of the consumer settlement class or any other person, any action, suit, cause of action, claim or demand as to any Released Claims against the TPP Releasees.

f. As an express element and condition of the Stipulation and the benefits conferred therein, the Defendants and the Individual Defendants, individually and collectively, agree that they shall not now or hereafter institute, maintain or assert against the Consumer Releasees and/or their attorneys and/or the TPP Releasees and/or their attorneys, either directly or indirectly, on their own behalf or on behalf of any other person, and release and discharge the Consumer Releasees and their attorneys and the TPP Releasees and their attorneys from, the Settled Defendants' Claims, reserving all rights Defendants have against their insurers.

g. Consumer Plaintiffs named in the Master Consumer Complaint, TPP Plaintiffs named in the TPP Complaints and all Consumer Settlement Class Members and TPP Settlement Class Members expressly agree that this release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release of the Releasees herein.

h.      Without in any way limiting the scope of the release, this release covers, without limitation, any and all claims for Attorneys' Fees and Expenses; Total Settlement Fund Costs; and/or disbursements incurred by Lead Counsel for the Consumer Plaintiffs and consumer settlement class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and any other counsel representing Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, any purported class of Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints, TPP Settlement Class Members, any purported class of TPP Settlement Class Members, or any of them, in connection with or related in any manner to the Synthroid® Marketing Litigation, the Proposed Settlement, the administration of the Proposed Settlement and/or the Released Claims except to the extent otherwise specified in the Stipulation.

i.      Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members expressly understand that Section 1542 of the Civil Code of the State of California provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Cal. Civ. Code § 1542. To the extent that, notwithstanding the choice of law provisions in this Stipulation, California or other law may be applicable, Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree that the provisions of Section 1542 and all similar federal and/or state laws, rights, rules or legal principles of any other jurisdiction (including, without limitation, North Dakota and South Dakota) which may be applicable herein,

are hereby knowingly and voluntarily waived and relinquished by Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members with respect to the Released Claims, and Consumer Plaintiffs named in the Master Consumer Complaint, Consumer Settlement Class Members, TPP Plaintiffs named in the TPP Complaints and TPP Settlement Class Members hereby agree and acknowledge that this is an essential term of this release.

j.      Nothing in this release shall preclude any action by the Settling Parties to enforce the terms of the Stipulation.

k.      The failure of any Consumer Settlement Class Member and/or TPP Settlement Class Member to claim or obtain any settlement proceeds shall not in any manner invalidate or otherwise affect the release provided herein.

## V.   SETTLEMENT HEARING

Pursuant to an order of the Court dated _____, a hearing will be held on _____ at _____ (or such adjourned dates as the Court may direct without further notice to the TPP Settlement Class), in _____:

A.      To determine whether the Proposed Settlement is fair, reasonable and adequate and in the best interests of the TPP Settlement Class and should be approved by the Court, and whether judgment should be entered thereon;

B.      To determine whether the Class has been fairly and adequately represented by the TPP Plaintiffs and by Lead Counsel for the TPP Plaintiffs and the TPP Settlement Class;

C.   To consider the applications of counsel for the TPP Settlement Class for an award of attorneys' fees and reasonable expenses;

D.   To consider whether to dismiss the Master Consumer Complaint and the TPP Complaints on the merits, with prejudice, and without attorneys' fees or costs to any party except as provided in the Stipulation;

E.   To consider whether an order and judgment should be entered incorporating the release set forth above and forever discharging the Releasees from any claims or liabilities relating to the Synthroid® Marketing Litigation and/or the Released Claims; and

F.   To consider such other matters as the Court may deem proper and necessary.

Any member of the TPP Settlement Class may appear at the Settlement Hearing and be heard. However, no member of the TPP Settlement Class shall be heard in opposition to the Proposed Settlement or any judgment to be entered thereon, and no papers or briefs submitted by such member of the TPP Settlement Class shall be accepted or considered by the Court unless, on or before _____, such member of the TPP Settlement Class has filed with the Court and served on Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' counsel the following: (a) a notice of such member of the TPP Settlement Class's intention to appear at the settlement hearing, including the names, addresses and telephone numbers of the member of the TPP Settlement Class and its attorneys; (b) a statement that indicates the basis for objection, along with any supporting documentation, papers or briefs; (c) the name and address of any witnesses to be presented at the settlement hearing, together with a statement as to the matters on which each witness may testify and a summary of the proposed testimony; and (d) any additional information,

documents or evidence on which the member of the TPP Settlement Class may wish to rely in objecting to the Proposed Settlement.

## VI.  ATTORNEYS' FEES, COSTS AND EXPENSES

At the settlement hearing, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class will apply to the Court for an award of attorneys' fees not to exceed Twenty-Nine (29%) of the settlement fund and reimbursement of expenses not to exceed One Million Three Hundred Thousand Dollars ($1,300,000.00). As part of the expenses of litigation, counsel will apply to the Court for an award to be made to those named class representatives who have actively participated in the litigation of this action. Lead Counsel for the TPP Plaintiffs and TPP Settlement Class may make supplemental application to the Court for attorneys' fees and/or expenses. All awards of attorneys' fees and expenses, and settlement fund costs shall be paid exclusively out of the TPP settlement fund for the TPP Settlement Class.

The application for an award of fees and reimbursement of costs will be filed with the Court on or before _____, and available for inspection.

## VII.  FURTHER INFORMATION

This Notice contains only a summary of the Proposed Settlement. The terms of the Proposed Settlement are set forth in detail in the Stipulation, which is available to the public to review at the office of the Clerk of Court for the United States District Court, Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604. You may also obtain a copy of the Stipulation by sending a written request to the TPP Settlement Administrator at **[ADDRESS]**.

You may obtain further information about the Proposed Settlement, including the names and addresses of the representative parties, by contacting Lead Counsel for the TPP Plaintiffs and TPP Settlement Class Counsel:

> Pamela B. Slate, Esq.
> Donaldson, Guin & Slate, LLC
> Morgan Keegan Center
> 2900 Highway 280, Suite 230
> Birmingham, Alabama 35223
>
> and
>
> Wendell H. Gauthier, Esq.
> James R. Dugan, Esq.
> Gauthier, Downing, LaBarre, Beiser & Dean
> 3500 North Hullen Street
> Metairie, Louisiana 70002
>
> and
>
> Joseph C. Kohn, Esq.
> Kohn Swift & Graf P.C.
> 1101 Market Street, Suite 2400
> Philadelphia, Pennsylvania 19107

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR THE JUDGE.**

DATED: _____     _____

> By Order of the Honorable Elaine E. Bucklo, Judge, United States District Court, Northern District of Illinois, Eastern Division.

# EXHIBIT F

## TPP SYNTHROID® MARKETING LITIGATION

## THIRD PARTY PAYOR CLAIM FORM

**IMPORTANT NOTICE:**

Please fill out this form (type or print all information except signature) and return it, along with a signed original of the attached Release and Certification, and all required supporting documentation, post-marked no later than [DATE], 1999 to: [ADDRESS].

IF YOUR COMPLETED, SIGNED CLAIM FORM IS NOT MAILED BY FIRST-CLASS MAIL POSTAGE PREPAID, AND POST-MARKED BY THE ABOVE DATE, YOU WILL NOT BE ALLOWED TO PARTICIPATE IN THE SETTLEMENT DISTRIBUTION.

You are eligible to file a Claim only if: (i) you are a Third Party Payor ("TPP"), as that term is defined in the Notice of Proposed Third Party Payor ("TPP") Synthroid® Marketing Litigation Class Action Settlement and Hearing Thereon ("the Notice"); or (ii) you are the agent or representative of a TPP with authority to release the claims of the TPP(s) on whose behalf you file a claim; and (iii) you are not otherwise excluded from the proposed TPP Settlement Class, as more particularly described in the Notice; and (iv) you otherwise qualify to receive compensation, as more particularly described in the Notice. Please refer to the Notice for further details.

If you have any questions, you can call the TPP Settlement Administrator at

_____.

If additional space is needed to respond to any of the questions below, please attach additional sheets to this Claim Form and label each sheet to correspond to the numbered question being answered:

1.  Name:_____

2.  Address:
    Street: _____

    City: _____ State: _____ Zip Code:_____

3.    A.    Employee Identification Number (for corporations, partnerships, etc.):

_____ - _____

    B.    Social Security Number (for individuals):

_____ - _____ - _____

4.    If you are and/or have been known by any other names from 1994 to the present, please list those names:

_____

_____

_____

5.    Parent Company, if any:_____

6.    Subsidiaries, if any:_____

7.    Affiliate Companies, if any:_____

8.    For each affiliate company listed in response to Question 7, please explain the affiliation.

_____

_____

_____

9.    Person completing Claim Form:

    Name:    _____

    Title:    _____

    Phone:    _____

    Fax:    _____

10.  Are you claiming on behalf of yourself as a TPP, as the agent or representative of a TPP or as both?

TPP _____        Agent or Representative of TPP _____        Both _____

If you are claiming as a TPP, complete Part A. If you are claiming as the agent of one or more TPP(s), complete Part B. If you are claiming as both a TPP and the agent of one or more TPP(s), complete Parts A and B.

PART A:    CLAIM BY TPP

11.  Are you a self-funded or self-insured plan?

YES _____                           NO _____

12.  Does any other entity provide administrative services to your plan(s)?

YES _____                           NO _____

13.  Provide the following information for any and all of the entities that administered your self-funded plan(s), or any portion thereof, as of _____ [Settlement Agreement Date]

NAME: _____

ADDRESS: _____

_____

14.  If more than one entity is listed in response to Question 13, which entity/entities, if any, was/were responsible for administering your plan(s)' prescription benefits as of _____ [Settlement Agreement Date]?

NAME: _____

ADDRESS: _____

_____

15. Have you authorized any other entity, including, but not limited to any administrator, TPA or ASO to recover, claim, settle or release any claim(s) you may have related to the marketing of Synthroid®?

   YES _____            NO _____

If the answer to the Question 15 is "NO", proceed to Question 17.  If the answer to Question 15 is "YES", proceed to Question 16.

16. What entity have you authorized to recover, claim, settle or release any claim(s) you may have related to the marketing of Synthroid®?

   Name: _____

   Address: _____

17. Have you provided prescription drug benefits at some time between 1/1/90 and the present?

   YES _____            NO _____

18. Have you paid for Synthroid® at some time between 1/1/90 and the present?

   YES _____            NO _____

"Eligible Medical Covered Lives," as used herein, means insured or member and dependent lives covered under insured and/or risk and/or self-insured products for medical benefit plans in the United States and Puerto Rico.

19. If you existed in some form on 1/1/95, provide good faith representations as to the number of Eligible Medical Covered Lives you covered as of 1/1/95.

   _____

20.  If you did not exist in any form on 1/1/95, provide good faith representations as to the number of Eligible Medical Covered Lives, as that term is defined above, you covered, if any, as of the following dates:

1/1/96: _____

1/1/97: _____

1/1/98: _____

1/1/99: _____

## PART B:    CLAIM BY AGENT OR REPRESENTATIVE OF TPP

21.  Have you been authorized by any TPP to submit this Claim Form on said TPP's behalf, and to recover, claim, settle and release any and all claim(s) said TPP may have related to the marketing of Synthroid®?

YES _____                         NO _____

22.  Are you authorized by all TPPs on whose behalf you are submitting this Claim Form to submit this Claim Form on each TPP's behalf and to recover, claim, settle and release any and all claim(s) each TPP may have related to the marketing of Synthroid®?

YES _____                         NO _____

You may not make a claim on behalf of a TPP for whom you do not have such authority. In responding to the remainder of the questions in this Claim Form, you may answer only for those TPPs for which you are authorized to recover, claim, settle and release any and all claim(s) those TPPs may have related to the marketing of Synthroid®.

23.  Have the TPPs on whose behalf you are making this claim provided prescription drug benefits at some time between 1/1/90 and the present?

YES _____                         NO _____

24.  Have the TPPs on whose behalf you are making this claim paid for Synthroid® at some time between 1/1/90 and the present?

YES _____                         NO _____

25. For the TPP(s) on whose behalf you are making this claim and which existed in some form on 1/1/95, provide good faith representations as to the number of Eligible Medical Covered Lives said TPP(s) covered as of 1/1/95.

_____

26. If any TPP(s) on whose behalf you are making this claim did not exist in any form on 1/1/95, provide good faith representations as to the number of Eligible Medical Covered Lives said TPP(s) covered, if any, as of the following dates:

1/1/96: _____

1/1/97: _____

1/1/98: _____

1/1/99: _____

## REPRESENTATIONS OF CLAIMANT(S) AND RELEASE

### Submission to Jurisdiction of Court:

Claimant(s) agree(s) to submit to the jurisdiction of the United States District Court, Northern District of Illinois, Eastern Division for all purposes associated with this Claim.

### Verification of Claim:

Claimant(s) represent(s) and warrant(s) that the information, enclosures and supporting documentation submitted herewith are true, correct and accurate. Claimant(s) further agree to cooperate with Defendants and/or the TPP Settlement Administrator with respect to verification of this Claim. If this Claim is submitted on behalf of a TPP by an agent or representative of a TPP, the undersigned represents and warrants that he/she/it is authorized to submit this Claim Form on said TPP's behalf, to recover any distribution said TPP may be entitled to as a result of submitting this Claim Form and to, on said TPP's behalf, settle and release any and all Released Claims, as that term is defined in the Stipulation.

### Release:

Subject only to the final approval of the settlement and the occurrence of the Final Settlement Date, all as more particularly described in the Notice and/or the Stipulation, the undersigned Claimant(s), on behalf of itself, himself, herself and any person claiming by or through them

(collectively the "Releasing Party"), has hereby fully, completely and forever released and discharged Defendants [BASF Corporation and Knoll Pharmaceutical Company], Individual Defendants, Boots Pharmaceuticals, Inc., Boot USA Inc., The Boots Company PLC and BASF AG, individually and/or collectively, and their current, former or future parents, subsidiaries, affiliates, brother or sister corporations, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, agents, independent contractors, brokers, managers, representatives, attorneys, insurers, heirs, administrators, executors, predecessors, successors and assigns, or any of them (collectively the "Releasees"), of and from any and all Released Claims, as defined in the Stipulation.

The Releasing Party shall be deemed to and does hereby release and forever discharge any other person or entity from Released Claims, as that term is defined in the Stipulation, that a Releasing Party has or may have against a person or entity for which Releasees could be liable to such person or entity. The Releasing Party specifically reserves any and all other claims and causes of action against any and all other persons or entities not parties to the Stipulation.

The Releasing Party certifies that it is not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out and initial the language that you are not subject to backup withholding in the certification above.

## OATH, CERTIFICATION, INDEMNIFICATION AND SIGNATURES

**The undersigned hereby swear(s) or declare(s) under penalty of perjury that all of the information attached hereto and provided herein is true and accurate. If this Claim is submitted on behalf of a TPP by an agent or representative of a TPP, the undersigned swear(s) or declare(s) under penalty of perjury that he/she/it is authorized to submit this Claim Form on each such TPP's behalf to recover any distribution each such TPP may be entitled to as a result of submitting this Claim Form and, on each such TPP's behalf, to settle and release any and all Released Claims, as that term is defined in the Stipulation. The undersigned also swear(s) or declare(s) under penalty of perjury that the numbers of Eligible Medical Covered Lives supplied in this Claim Form are accurate to the best of the undersigned's knowledge, information and belief, and includes only those lives that are Eligible Medical Covered Lives, as that term is defined above. The undersigned also grants to Releasees (as that term is defined in the Stipulation) and the Consumer Settlement Class (as that term is defined in the Stipulation) a release of Released Claims as set forth in the Stipulation of Settlement and Compromise and the Final Order and Judgment in In Re: Synthroid® Marketing Litigation, No. 97 C 6017, MDL No. 1182, United States District Court, Northern District of Illinois, Eastern Division.**

_____     _____
Signature                                          Date

COUNTY OF _____     )
STATE OF _____     )

     I, the undersigned, a Notary Public in and for said county and state, hereby certify that _____, whose name is signed to the foregoing claim form oath and certification, and who is known to me, acknowledged before me on this day that, being informed of the contents of the foregoing claim form oath and certification, he/she executed the same voluntarily and under oath.

     Given under my hand and official seal this _____ day of _____, 1999.

                         _____
                         Notary Public
                         My Commission Expires_____

# EXHIBIT G

PROPOSED JOINT MOTION FOR PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT AGREEMENT
AND FOR RELATED ORDERS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation ) | Master File No. 97 C 6017 |
| ) | MDL No. 1182 |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: | ) |
| ) | Judge Elaine E. Bucklo |
| All Actions ) | |
| ) | |

JOINT MOTION FOR PRELIMINARY APPROVAL
OF PROPOSED SETTLEMENT AGREEMENT,
FOR PRELIMINARY INJUNCTION
AND FOR RELATED ORDERS

Except as otherwise expressly provided below or as the context requires, all capitalized

terms used in this Joint Motion shall have the meanings and/or definitions given them in the

Stipulation of Settlement and Compromise executed on_____, 1999, the original of which is

attached hereto as Exhibit A.

Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel

for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel (collectively referred

to herein as "movants"), move the Court to preliminarily approve a proposed compromise

settlement, entitled the Stipulation of Settlement and Compromise (hereafter the "Stipulation"),

attached hereto and made part hereof as Exhibit A. In the support of this joint motion, movants respectfully state:

      1.    The Stipulation encompasses a series of over sixty actions filed on behalf of consumers and third party payors throughout the United States and Puerto Rico beginning in April 1996 concerning the marketing of Synthroid® by Defendants.

      2.    In 1997, based upon an agreement in principle between the consumers and the Defendants to settle the litigation, the cases pending or removed to federal court were consolidated in this Court and entitled In re Synthroid® Marketing Litigation, MDL 1182 (the "MDL Action"). Under the 1997 proposed settlement presented to this Court, Defendants contributed Ninety-Eight Million and No/100 ($98,000,000.00) Dollars plus interest accrued to the First Settlement Fund, which constituted and continues to constitute a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1.

      3.    In 1998, a fairness hearing was held before this Court during which intervenors and others, such as various third party payors ("TPPs") and State Attorneys General, many of whom were not parties to the MDL Action, objected to and/or sought exclusion from the 1997 Proposed Settlement citing, inter alia, issues of potentially overlapping claims among consumers and other entities that purchased, reimbursed, paid for and/or furnished value for the purchase of Synthroid® on behalf of consumers.

      4.    In an August 14, 1998 Opinion and Order, this Court stated that the 1997 proposed settlement could not be approved without additional information, including information regarding the participation of all appropriate interested persons and/or entities.

5.      Since that time, both the parties to the Synthroid® Marketing Litigation and the interested non-parties to that litigation have engaged in extensive settlement discussions, culminating in the Stipulation of Settlement and Compromise attached hereto as Exhibit A.

6.      This Stipulation of Settlement and Compromise constitutes a global settlement of all consumer and TPP claims relating to the marketing of Synthroid®[*], including but not limited to the claims in the MDL, since the Stipulation includes parties and claims not before the Court, while at the same time addressing concerns raised by the Court in its August 14, 1998 opinion.

7.      The Proposed Settlement contained in the Stipulation presented to this Court protects consumers by providing them with a release from all members of the TPP Settlement Class.

8.      While not admitting any liability for any damages alleged to have been caused, and while continuing to deny such liability, Defendants have agreed, subject to the terms and provisions of the Stipulation, to compromise and settle, and Consumer Plaintiffs named in the Master Consumer Complaint and TPP Plaintiffs named in the TPP Complaints have agreed to compromise, settle and dismiss, with prejudice, any and all claims that have been asserted or that could be asserted against Defendants allegedly arising or resulting from the facts or circumstances pleaded, or that could have been pleaded, in those Actions as set forth in the Stipulation already pending and/or in the MDL Action, including specifically all claims enumerated in Subsection (uu) of the Stipulation, subject to deductions from the Consumer Settlement Amount and TPP Settlement Amount for Court-approved attorneys' fees, costs and

---

[*]State Attorneys General's claims have been or are being settled separately and are not before this Court.

4798660.3 101199 1610C 98447402

expenses to be determined in further proceedings, subject to certification of settlement classes after notice and hearing and subject to final approval of the fairness of the proposed settlement in accordance with the requirements of the Stipulation and Rule 23(e) of the Federal Rules of Civil Procedure.

9.      Any settlement funds identified in the Stipulation either will be or already have been placed in escrow as Qualified Settlement Funds, under the terms and conditions as set forth more fully in the Stipulation, pursuant to applicable regulations of the United States Internal Revenue Service, and are not to be distributed to any class member or anyone else until the Final Settlement Date occurs, without the prior written consent of Defendants.

10.     The settlement herein proposed resulted from extensive and intensive arms-length bargaining between Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class, on the one hand, and Defendants' Counsel, on the other, and there have been no advantages or favoritism extended to any party to this settlement, whether counsel, class member or non-class member, to the detriment of the proposed classes or any individual member thereof.

11.     In support of their recommendation to the Court that this proposed settlement be preliminarily approved by the Court, the parties represent that the following considerations were taken into account:

a.      The complexity, expense and likely duration of the litigation.

b.      The uncertainty of the issues affecting liability, including fault and apportionment thereof, causation, injury, damages and prescription.

c.      The probability of plaintiffs' success on the merits.

d.      The range of possible recovery.

e.      The assurance to be gained for the benefit of the proposed classes that a recovery will be obtained regardless of the outcome of further litigation.

f.      The economy of cost/exposure reduction for the benefit of the proposed classes and Defendants resulting from avoidance of a protracted trial and preparations therefor.

g.      The prevailing consideration in all compromise settlements that each party, whether the proposed classes or Defendants, weighs the advantages of settlement against the risk of loss.

h.      The opinions of the class counsel and the class representatives that the settlement is fair to all.

12.      Movants seek certification for settlement purposes only, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure of the following two classes:

A Consumer Settlement Class which consists of, individually and/or collectively, all individuals or the individuals' legal representatives in the United States and Puerto Rico who purchased Synthroid® during the Class Period and (i) do not validly exclude themselves from participation under the Stipulation, and (ii) are not governmental entities and/or agencies represented by state Attorneys General, and (iii) are not TPPs or recipients of Synthroid® exclusively through state funded pharmaceutical drug programs who made no payments for Synthroid®, and (iv) are not the Individual Defendants. A TPP Settlement Class which consists of, individually and/or collectively, all TPPs in the United States and Puerto Rico who (i) do not validly exclude themselves from

participation under the Stipulation, and (ii) are not governmental entities and/or agencies represented by state Attorneys General.

13.    Movants submit that the prerequisites of Rule 23(a) & (b) of the Federal Rules of Civil Procedure are satisfied and that the proposed settlement classes may be conditionally certified for settlement purposes in accordance with Rule 23(c)(1) of the Federal Rules of Civil Procedure. The class members for each class are so numerous that joinder of all members is impracticable. There are a number of questions of law and fact common to the settlement classes which predominate over any individual questions affecting only individual class members, such as: whether defendants wrongfully suppressed the publication of the Dong study, whether the Dong study was scientifically valid and whether defendants published disparaging materials about other levothyroxine sodium products. The claims and defenses of the representative parties are typical of the claims and defenses of each settlement class. The representative parties have fairly and adequately protected the interests of each settlement class in the settlement of the Actions. In addition, each settlement class is sufficiently cohesive to warrant adjudication by representation.

14.    Movants hereby represent that, in accordance with the provisions of the Stipulation, within twenty (20) days of the date of the order of the Court granting this motion, movants shall request that the Court approve and appoint the settlement administrators and authorize the settlement administrators to perform those duties outlined more fully in the Stipulation and subject to the provisions of the order requested by this motion, under the supervision of the Court or its designee, and in accordance with applicable IRS Regulations. Movants request that the settlement administrators, among other duties and responsibilities, be

4798660.3 101199 1610C 98447402

-6-

given the responsibility of maintaining all records pertaining to receipts and disbursements; the financial aspects of all claims, fees, costs and expenses; the computerized generation and preparation of all data regarding evaluation of claims; and the eventual disbursement of the settlement funds.

15.     To assure that all putative class members are informed of this proposed settlement, and their right to review the proposed settlement documents, movants have agreed upon comprehensive notice provisions outlined in the Stipulation.

16.     Movants will present to the Court within twenty (20) days of the entry of an order granting preliminary approval to the Proposed Settlement, the publication schedule for notice to the Consumer Settlement Class and the TPP Settlement Class for review and approval by the Court.  Upon review and approval, the movants shall disseminate notice pursuant to the approved publication schedule and the provisions in paragraphs 4 and 5 of the Stipulation (collectively the "Notice Plan") and notice shall not be sent to the TPP class pursuant to the Court's September 17, 1999 order.

17.     Accordingly, movants request that the Court: (1) set this motion for hearing to determine whether to preliminarily approve the Stipulation as fair, reasonable and adequate and certify the Consumer Settlement Class and the TPP Settlement Class for settlement purposes only; (2) find that the proposed Notice Plan in the Stipulation will provide the putative class members with the best notice practicable under the circumstances and is reasonably calculated, under these circumstances, to apprise Class Members of the pendency of the Proposed Settlement; (3) review and approve the publication schedule which is to be submitted by movants within twenty (20) days of the entry of an order of preliminary approval; (4) order

distribution of notice pursuant to the proposed Notice Plan; and (4) set for hearing a final determination as to the fairness, reasonableness and adequacy of the Proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

18.     Movants further jointly request that the Court, pursuant to the All Writs Act, 28 U.S.C. § 1651(a) and the Anti-Injunction Act, 28 U.S.C. § 2283 enter an injunction necessary in aid of its jurisdiction in order to effectuate the proposed settlement. There is a potential for conflicting rulings that may occur if actions related to this lawsuit which purport to be filed on behalf of Consumer Settlement Class Members or TPP Settlement Class Members are allowed to go forward in other jurisdictions. In addition, such actions could create confusion among Consumer Settlement Class Members or TPP Settlement Class Members who remain in the Class and may interfere with the operation of Notice under the Proposed Settlement. The interests of judicial economy and the interests of justice will be served by issuing a preliminary injunction.

19.     The exhibits made a part of the Stipulation, or by attachment hereto are incorporated by reference.

Wherefore, movants pray:

I.  That this motion be set for hearing on _____, 1999.

II.  That the settlement proposed in the Stipulation, and all attachments thereto and to this motion, be preliminary approved by the Court as being fair, reasonable and adequate, free of collusion to the detriment of the classes, and within the range of possible judicial approval, subject to the terms of the Stipulation.

III. That the Court grant certification to the proposed Consumer Settlement Class and the TPP Settlement Class pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, for settlement purposes only.

IV. That the Court finds that the proposed notices in the Stipulation provide the putative class members with the best notice practicable under the circumstances and are reasonably calculated, under all circumstances, to apprise class members of the pendency of the Proposed Settlement.

V. That the Court order distribution of notice pursuant to the proposed Notice Plan.

VI. That the Court enter an order providing that:

No person or entity, or any person acting on behalf of or in concert or participation with that person or entity, may exclude any putative Consumer Settlement Class Member from the Consumer Settlement Class or any putative TPP Settlement Class Member from the TPP Settlement Class unless that person or entity provides (1) the name and address of the putative Consumer Settlement Class Member or the putative TPP Settlement Class Member, and (2) a sworn statement that said person or entity has the authority to act on behalf of the putative Consumer Settlement Class Member in electing exclusion from the Consumer Settlement Class or on behalf of the putative TPP Settlement Class Member in electing exclusion from the TPP Settlement Class.

VII. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members, and all persons acting on behalf of or in concert with or participation with any putative Consumer Settlement Class Member or putative TPP Settlement Class Member are hereby enjoined from filing, commencing, prosecuting, continuing or litigating in any lawsuit in

any jurisdiction, or arbitration proceeding, based on or relating to the Released Claims unless and until such putative Consumer Settlement Class Member has validly and timely excluded himself or herself from the Consumer Settlement Class or such putative TPP Settlement Class Member has validly and timely excluded itself from the TPP Settlement Class. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members are hereby enjoined from bringing any action on behalf of or for the benefit of Consumer Settlement Class Members or TPP Settlement Class Members, including a class action, or seeking to certify a class which includes Consumer Settlement Members or TPP Settlement Class Members in any lawsuit, in any jurisdiction, based on or relating to the facts or circumstances of the Released Claims.

VIII. That the Court set for hearing a final determination as to the fairness, reasonableness and adequacy of the Proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

IX. That in due course, the proposed settlement classes and settlement be finally approved by the Court and the settlement funds be ordered placed and held in trust at interest, pending further orders of the Court.

X. That in the Final Order and Judgment approving the settlement after the fairness hearing, the Court include therein a finding that there is no just reason for delay and that a final judgment be entered by the Court, approving the settlement and the terms of the Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and, upon the Final Settlement Date as defined in the Stipulation, dismiss with prejudice all claims (including Released Claims) of the plaintiffs, Consumer Settlement Class Members and TPP Settlement Class Members, and

all of their respective successors, assigns and beneficiaries, against Defendants and the

Releasees, and all claims of Consumer Settlement Class Members and/or Defendants against

TPP Releasees and all claims of TPP Settlement Class Members and/or Defendants against

Consumer Releasees.

XI.   That, for the benefit of the Settling Parties and to protect this Court's jurisdiction,

this Court retain continuing jurisdiction over the settlement proceedings, including but not

limited to, allocating and distributing  all available settlement funds.

Dated: _____ ___, ____              Respectfully submitted,

                                        LEAD COUNSEL FOR THE CONSUMER
                                        PLAINTIFFS  AND CONSUMER SETTLEMENT
                                        CLASS

                                        By:_____

                                        David J. Bershad, Esq.
                                        Milberg Weiss Bershad Hynes & Lerach LLP
                                        One Pennsylvania Plaza
                                        New York, New York 10119
                                        (212) 594-5300

                                            and

                                        By:_____

                                        William Bernstein, Esq.
                                        Lieff, Cabraser, Heimann & Bernstein, LLP
                                        Embarcadero Center West
                                        275 Battery Street
                                        San Francisco, California 94111
                                        (415) 956-1000

                                            and

By:_____

Allan Kanner, Esq.
Allan Kanner & Associates, PC
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777

   and

By:_____

Marvin A. Miller, Esq.
Miller Faucher Cafferty and Wexler LLP
30 North LaSalle Street
Suite 3200
Chicago, Illinois 60602
(312) 782-4880

   and

By:_____

Michael D. Hausfeld, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600

LEAD COUNSEL FOR THE TPP PLAINTIFFS
AND TPP SETTLEMENT CLASS

By:_____

Wendell Gauthier, Esq.
James R. Dugan, II, Esq.
Gauthier, Downing, LaBarre, Beiser & Dean
3500 North Hullen Street
Metairie, Louisiana 70002
(504) 835-6456


     and

By:_____


Pamela B. Slate, Esq.
Donaldson, Guin & Slate, LLC
Morgan Keegan Center
Suite 230
2900 Highway 280
Birmingham, Alabama 35223
(205) 879-9994


     and

By:_____


Joseph C. Kohn, Esq.
Kohn Swift & Graf, P.C.
Suite 2400
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-1700

DEFENDANTS

By:_____
     One of their attorneys

Tyrone C. Fahner
Delilah Brummet Flaum
MAYER, BROWN & PLATT
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Synthroid® Marketing Litigation | ) | Master File No. 97 C 6017 |
|  | ) | MDL No. 1182 |
|  | ) |  |
|  | ) |  |
| THIS DOCUMENT RELATES TO: | ) |  |
|  | ) | Judge Elaine E. Bucklo |
| All Actions | ) |  |
|  | ) |  |

## ORDER

This Court upon motion of the parties, hereby sets this matter for hearing on Preliminary Approval of Proposed Settlement Agreement and for Certification of the Settlement Classes for _____, 1999.

ENTERED:

Date:_____

By:_____
        Honorable Elaine E. Bucklo

# EXHIBIT H

## PROPOSED ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND RELATED ORDERS

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation ) | Master File No. 97 C 6017 |
| ) | MDL No. 1182 |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Elaine E. Bucklo |
| All Actions ) | |
| ) | |

### ORDER OF PRELIMINARY APPROVAL
### OF PROPOSED SETTLEMENT,
### PRELIMINARY INJUNCTION
### AND RELATED ORDERS

**Except as otherwise expressly provided below or as the context requires, all capitalized terms used in this order shall have the meanings and/or definitions given them in the Stipulation of Compromise and Settlement ("Stipulation") entered into by or on behalf of the Settling Parties, the original of which is attached as Exhibit A to the joint motion referred to below.**

This matter came before this Court for hearing on _____, 1999, upon Joint Motion for Preliminary Approval of Proposed Settlement and Certification of the Settlement Classes. Considering the Joint Motion For Preliminary Approval of Proposed Settlement and Certification of the Settlement Classes and for Related Orders (the "Joint Motion") filed by the Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel, and all exhibits thereto, and considering the

representations of the aforementioned counsel, and the matters considered at this hearing, the Court

finds that the Proposed Settlement described in the Stipulation, which is hereby made part of this

Order of Preliminary Approval, is within the range of possible final judicial approval.

THEREFORE, it is Ordered that:

1. The settlement proposed in the Stipulation, and all attachments thereto and to the Joint

Motion be preliminary approved by the Court as being fair, reasonable and adequate, free of

collusion to the detriment of the classes and within the range of possible judicial approval, subject

to the terms of the Stipulation.

2. Pursuant to the procedures set forth in Rule 23(c) of the Federal Rules of Civil Procedure.

et seq., the Court certifies, for settlement purposes only, the following two classes:

A Consumer Settlement Class which consists of, individually and/or collectively, all

individuals or the individuals' legal representations in the United States and Puerto Rico who

purchased Synthroid® during the Class Period and (i) do not validly exclude themselves

from participation under the Stipulation and (ii) are not governmental entities and/or

agencies represented by state Attorneys General, and (iii) are not TPPs or recipients of

Synthroid® exclusively through state funded pharmaceutical drug programs who made no

payments for Synthroid®, and (iv) are not the Individual Defendants.

A TPP Settlement Class which consists of, individually and/or collectively, all TPPs

in the United States and Puerto Rico who (i) do not validly exclude themselves from

participation under the Stipulation, and (ii) are not governmental entities and/or agencies

represented by state Attorneys General.

In so holding, the Court finds, based upon the allegations of the motion filed by the movants and the memorandum submitted by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class in support of their motion for entry of this Order, that the prerequisites of Rule 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied and that the class may be certified for settlement purposes only in accordance with Rule 23(c) of the Federal Rules of Civil Procedure. Further, that the Class Members for each Class are so numerous that joinder of all members is impracticable; that there are a number of questions of law and fact common to the Classes which predominate over any individual questions affecting only individual Class Members, such as: whether defendants wrongfully suppressed the publication of the Dong study, whether the Dong study was scientifically valid and whether defendants published disparaging materials about other levothyroxine sodium products; the claims and defenses of the representative parties are typical of the claims and defenses of each Class; the representative parties have fairly and adequately protected the interests of each Class in the settlement of the Actions; and that each Class is sufficiently cohesive to warrant adjudication by representation. Further, the Court has exercised its discretion in certifying these classes for settlement purposes only and has not determined whether the actions could properly be maintained on behalf of a class for purposes of trial. Defendants have preserved all of their defenses and objections against and rights to oppose certification of such classes for litigation purposes, if the Proposed Settlement does not become Final in accordance with the Stipulation.

3. The Court finds that the Proposed Settlement is sufficient to warrant notice thereof to potential class members and a full hearing on the Proposed Settlement.

4. The Court orders that movants present a publication schedule to the Court within twenty (20) days after the entry of this Order for the Court's review and approval. Upon approval, the publication schedule, in connection with the provisions of paragraphs 4 and 5 of the Stipulation, shall constitute the Notice Plan. Thereafter, notice shall be immediately disseminated to the Classes consistent with the Notice Plan and notice shall not be sent to the TPP class pursuant to the Court's September 17, 1999 order.

5. The Court hereby sets _____, 1999 at _____, ___.m. for a final hearing to determine the fairness, reasonableness and adequacy of the Proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. That the Court enter an order providing that:

No person or entity, or any person acting on behalf of or in concert or participation with that person or entity, may exclude any putative Consumer Settlement Class Member from the Consumer Settlement Class or putative TPP Settlement Class Member from the TPP Settlement Class unless that person or entity provides (1) the name and address of the putative Consumer Settlement Class Member or the putative TPP Settlement Class Member, and (2) a sworn statement that said person or entity has the authority to act on behalf of the putative Consumer Settlement Class Member in electing exclusion from the Consumer Settlement Class or on behalf of the putative TPP Settlement Class Member in electing exclusion from the TPP Settlement Class.

7. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members, and all persons acting on behalf of or in concert with or participation with any putative Consumer Settlement Class Member or putative TPP Settlement Class Member are hereby enjoined from filing, commencing, prosecuting, continuing or litigating in any lawsuit in any jurisdiction, or

arbitration proceeding, based on or relating to the Released Claims unless and until such putative Consumer Settlement Class Members has validly and timely excluded himself or herself from the Consumer Settlement Class or such putative TPP Settlement Class Member has validly and timely excluded itself from the TPP Settlement Class. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members are hereby enjoined from bringing any action on behalf of or for the benefit of Consumer Settlement Class Members or TPP Settlement Class Members, including a class action, or seeking to certify a class which includes Consumer Settlement Members or TPP Settlement Class Members in any lawsuit, in any jurisdiction, based on or relating to the facts or circumstances of the Released Claims.

8. For the benefit of the Settling Parties and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings, including for the purpose of conducting all necessary or appropriate hearings pursuant to Rule 23(d) of the Federal Rules of Civil Procedure to ensure the effectuation thereof in accordance with the Stipulation preliminarily approved herein and the orders of this Court.

ENTERED:

Date:_____

By:_____
       Honorable Elaine E. Bucklo

# EXHIBIT H

### PROPOSED ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND RELATED ORDERS

### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re Synthroid® Marketing Litigation | ) | Master File No. 97 C 6017 |
| | ) | MDL No. 1182 |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | Judge Elaine E. Bucklo |
| All Actions | ) | |
| | ) | |

### ORDER OF PRELIMINARY APPROVAL
### OF PROPOSED SETTLEMENT,
### PRELIMINARY INJUNCTION
### AND RELATED ORDERS

Except as otherwise expressly provided below or as the context requires, all capitalized terms used in this order shall have the meanings and/or definitions given them in the Stipulation of Compromise and Settlement ("Stipulation") entered into by or on behalf of the Settling Parties, the original of which is attached as Exhibit A to the joint motion referred to below.

This matter came before this Court for hearing on _____, 1999, upon Joint Motion for Preliminary Approval of Proposed Settlement and Certification of the Settlement Classes. Considering the Joint Motion For Preliminary Approval of Proposed Settlement and Certification of the Settlement Classes and for Related Orders (the "Joint Motion") filed by the Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class, Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and Defendants' Counsel, and all exhibits thereto, and considering the

representations of the aforementioned counsel, and the matters considered at this hearing, the Court finds that the Proposed Settlement described in the Stipulation, which is hereby made part of this Order of Preliminary Approval, is within the range of possible final judicial approval.

THEREFORE, it is Ordered that:

1. The settlement proposed in the Stipulation, and all attachments thereto and to the Joint Motion be preliminary approved by the Court as being fair, reasonable and adequate, free of collusion to the detriment of the classes and within the range of possible judicial approval, subject to the terms of the Stipulation.

2. Pursuant to the procedures set forth in Rule 23(c) of the Federal Rules of Civil Procedure. et seq., the Court certifies, for settlement purposes only, the following two classes:

A Consumer Settlement Class which consists of, individually and/or collectively, all individuals or the individuals' legal representations in the United States and Puerto Rico who purchased Synthroid® during the Class Period and (i) do not validly exclude themselves from participation under the Stipulation and (ii) are not governmental entities and/or agencies represented by state Attorneys General, and (iii) are not TPPs or recipients of Synthroid® exclusively through state funded pharmaceutical drug programs who made no payments for Synthroid®, and (iv) are not the Individual Defendants.

A TPP Settlement Class which consists of, individually and/or collectively, all TPPs in the United States and Puerto Rico who (i) do not validly exclude themselves from participation under the Stipulation, and (ii) are not governmental entities and/or agencies represented by state Attorneys General.

4798664.3 101199 1616C 98447402

In so holding, the Court finds, based upon the allegations of the motion filed by the movants and the memorandum submitted by Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and Lead Counsel for the TPP Plaintiffs and TPP Settlement Class in support of their motion for entry of this Order, that the prerequisites of Rule 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied and that the class may be certified for settlement purposes only in accordance with Rule 23(c) of the Federal Rules of Civil Procedure. Further, that the Class Members for each Class are so numerous that joinder of all members is impracticable; that there are a number of questions of law and fact common to the Classes which predominate over any individual questions affecting only individual Class Members, such as: whether defendants wrongfully suppressed the publication of the Dong study, whether the Dong study was scientifically valid and whether defendants published disparaging materials about other levothyroxine sodium products; the claims and defenses of the representative parties are typical of the claims and defenses of each Class; the representative parties have fairly and adequately protected the interests of each Class in the settlement of the Actions; and that each Class is sufficiently cohesive to warrant adjudication by representation. Further, the Court has exercised its discretion in certifying these classes for settlement purposes only and has not determined whether the actions could properly be maintained on behalf of a class for purposes of trial. Defendants have preserved all of their defenses and objections against and rights to oppose certification of such classes for litigation purposes, if the Proposed Settlement does not become Final in accordance with the Stipulation.

3. The Court finds that the Proposed Settlement is sufficient to warrant notice thereof to potential class members and a full hearing on the Proposed Settlement.

4. The Court orders that movants present a publication schedule to the Court within twenty (20) days after the entry of this Order for the Court's review and approval. Upon approval, the publication schedule, in connection with the provisions of paragraphs 4 and 5 of the Stipulation, shall constitute the Notice Plan. Thereafter, notice shall be immediately disseminated to the Classes consistent with the Notice Plan and notice shall not be sent to the TPP class pursuant to the Court's September 17, 1999 order.

5. The Court hereby sets _____, 1999 at _____, ___.m. for a final hearing to determine the fairness, reasonableness and adequacy of the Proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. That the Court enter an order providing that:

No person or entity, or any person acting on behalf of or in concert or participation with that person or entity, may exclude any putative Consumer Settlement Class Member from the Consumer Settlement Class or putative TPP Settlement Class Member from the TPP Settlement Class unless that person or entity provides (1) the name and address of the putative Consumer Settlement Class Member or the putative TPP Settlement Class Member, and (2) a sworn statement that said person or entity has the authority to act on behalf of the putative Consumer Settlement Class Member in electing exclusion from the Consumer Settlement Class or on behalf of the putative TPP Settlement Class Member in electing exclusion from the TPP Settlement Class.

7. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members, and all persons acting on behalf of or in concert with or participation with any putative Consumer Settlement Class Member or putative TPP Settlement Class Member are hereby enjoined from filing, commencing, prosecuting, continuing or litigating in any lawsuit in any jurisdiction, or

arbitration proceeding, based on or relating to the Released Claims unless and until such putative Consumer Settlement Class Members has validly and timely excluded himself or herself from the Consumer Settlement Class or such putative TPP Settlement Class Member has validly and timely excluded itself from the TPP Settlement Class. All putative Consumer Settlement Class Members and putative TPP Settlement Class Members are hereby enjoined from bringing any action on behalf of or for the benefit of Consumer Settlement Class Members or TPP Settlement Class Members, including a class action, or seeking to certify a class which includes Consumer Settlement Members or TPP Settlement Class Members in any lawsuit, in any jurisdiction, based on or relating to the facts or circumstances of the Released Claims.

8.    For the benefit of the Settling Parties and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings, including for the purpose of conducting all necessary or appropriate hearings pursuant to Rule 23(d) of the Federal Rules of Civil Procedure to ensure the effectuation thereof in accordance with the Stipulation preliminarily approved herein and the orders of this Court.

ENTERED:

Date:_____

By:_____
    Honorable Elaine E. Bucklo

# EXHIBIT I

<u>PROPOSED FINAL ORDER AND JUDGMENT</u>

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re Synthroid® Marketing Litigation ) | Master File No. 97 C 6017 |
| ) | MDL No. 1182 |
| ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | ) |
| ) | Judge Elaine E. Bucklo |
| All Actions ) | |
| ) | |

---

## FINAL ORDER AND JUDGMENT

---

**All capitalized terms used in this Final Order and Judgment shall have the meanings and/or definitions given them in the Stipulation of Settlement and Compromise ("Stipulation") entered into by or on behalf of the Settling Parties, and preliminarily approved by this Court on _____. A copy of the Stipulation is attached hereto as Exhibit A.**

This Court, having on the _____ day of ____, 1999, entered orders certifying a TPP Settlement Class and a Consumer Settlement Class, subsequently conducted a hearing to determine whether the Stipulation entered into by or on behalf of the Settling Parties was fair, reasonable, adequate and in the best interests of the Consumer Settlement Class and the TPP Settlement Class. After considering: (i) the memoranda submitted on behalf of the respective Settling Parties [and, if applicable, other interested parties], (ii) the Stipulation and all exhibits

thereto, (iii) the record of this proceeding, including the evidence adduced at the hearing, (iv) the

representations and argument of counsel for the respective Settling Parties [and, if applicable,

other interested parties], and (v) the relevant law, including, without limitation, the requirements

of Rule 23 of the Federal Rules of Civil Procedure and based upon the findings of fact and law

identified below and implicit in this order:

IT IS ORDERED, ADJUDGED, AND DECREED that:

(1)    The Consumer Settlement Class is so numerous that the joinder of all members is

impracticable;

(2)    The TPP Settlement Class is so numerous that the joinder of all members is

impracticable;

(3)    There are questions of law or fact common to the Consumer Settlement Class;

(4)    There are questions of law or fact common to the TPP Settlement Class;

(5)    The claims or defenses of the Consumer Plaintiffs named in the Master Consumer

Complaint are typical of the claims or defenses of the members of the Consumer Settlement

Class;

(6)    The claims or defenses of the TPP Plaintiffs named in the TPP Complaints are

typical of the claims or defenses of the members of the TPP Settlement Class;

(7)    The Consumer Settlement Class is defined objectively in terms of ascertainable

criteria, such that the Court may determine the constituency of the Consumer Settlement Class

for purposes of the conclusiveness of this judgment;

(8)     The TPP Settlement Class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the TPP Settlement Class for purposes of the conclusiveness of this judgment;

(9)     The representatives of the Consumer Settlement Class and the TPP Settlement Class have fairly and adequately protected the interests of the Consumer Settlement Class and the TPP Settlement Class, respectively;

(10)    Lead Counsel for the Consumer Plaintiffs and Consumer Settlement Class and the Consumer Plaintiffs named in the Master Consumer Complaint have adequately represented the Consumer Settlement Class for purposes of entering into and implementing the Proposed Settlement;

(11)    Lead Counsel for the TPP Plaintiffs and TPP Settlement Class and the TPP Plaintiffs named in the TPP Complaints have adequately represented the TPP Settlement Class for purposes of entering into and implementing the Proposed Settlement;

(12)    The questions of law or fact common to the members of the Consumer Settlement Class predominate over any questions affecting only individual members of the Consumer Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(13)    The questions of law or fact common to the members of the TPP Settlement Class predominate over any questions affecting only individual members of the TPP Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(14)    The notice methodology implemented pursuant to the Stipulation complies in all respects with Rule 23(e) of the Federal Rules of Civil Procedure and (i) constitutes reasonable and the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably

calculated, under the circumstances, to apprise putative Consumer Settlement Class Members and putative TPP Settlement Class Members of the pendency of the Actions and the Synthroid® Marketing Litigation, the terms of the Proposed Settlement, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure and any other applicable rules of the Court;

(15) The Settling Parties, the Consumer Settlement Class and the TPP Settlement Class have submitted to the jurisdiction of the court for purposes of the Proposed Settlement; the Court has personal jurisdiction over the Settling Parties, the Consumer Settlement Class Members and TPP Settlement Class Members; the Court has subject matter jurisdiction over this Action; and the Court has subject matter jurisdiction to approve the Stipulation, including all exhibits thereto;

[(16) If applicable: The objections made to due process, constitutionality, procedures, and compliance with law, including but not limited to, the adequacy of notice and the fairness of the Proposed Settlement, lack merit and are hereby overruled;]

(17) The Stipulation was the result of extensive and intensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation;

(18) The Proposed Settlement is fair, reasonable and adequate in light of the complexity, expense and likely duration of the litigation, in light of the risks involved in establishing liability and damages, and in maintaining a class action through trial. The Court hereby declares (i) the Stipulation to be binding on all Consumer Settlement Class Members and

TPP Settlement Class Members; and (ii) the Stipulation to be preclusive in all pending and future lawsuits or other proceedings. The Settling Parties and their counsel are hereby directed to comply with and consummate the terms of the Stipulation;

(19) The amount of oral and written discovery and independent investigation conducted in this litigation to date, and the factual record compiled, suffices to enable the Settling Parties to make an informed decision as to the fairness and adequacy of the Proposed Settlement;

(20) The certification of the Consumer Settlement Class and the TPP Settlement Class for settlement purposes only, is hereby confirmed;

(21) Each and every term and condition of the Stipulation and the Stipulation as a whole is approved as proposed and the Stipulation is made part of this Final Order and Judgment and is to be effective, implemented and enforced as provided in the Stipulation;

(22) All claims of the Consumer Settlement Class and TPP Settlement Class as set forth in the Stipulation, under the terms and conditions of the Stipulation, against each of the Releasees are hereby dismissed, with prejudice, each party to bear its own costs, and Releasees are forever discharged from any claims or liabilities relating to the Synthroid® Litigation and/or the Released Claims, in accordance with the Stipulation;

(23) The Master Consumer Complaint and the TPP Complaints are hereby dismissed upon the Final Settlement Date, with prejudice, and without attorneys' fees or costs to any party except as provided in the Stipulation;

(24) Pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 2283, the Court hereby bars and enjoins: (i) all Consumer Settlement Class Members and TPP Settlement Class Members and all

persons acting on behalf of or in concert or participation with such Consumer Settlement Class Members and/or TPP Settlement Class Members, from filing, commencing, prosecuting, intervening in or participating in any lawsuit in any jurisdiction on behalf of any Consumer Settlement Class Member or TPP Settlement Class Member, based upon or asserting any of the Released Claims (irrespective of whether such lawsuit is brought by or on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members against the Releasees, or brought by or on behalf of TPP Settlement Class Members against the Consumer Releasees, or brought by or on behalf of the Consumer Settlement Class Members against the TPP Releasees); and (ii) all putative Consumer Settlement Class Members and putative TPP Settlement Class Members who have not timely and validly excluded themselves from their respective classes, and all persons acting on behalf of or in concert or participation with such Consumer Settlement Class Members and/or TPP Settlement Class Members, from bringing a class action on behalf of Consumer Settlement Class Members and/or TPP Settlement Class Members or seeking to certify a class which includes such Consumer Settlement Class Members and/or TPP Settlement Class Members in any lawsuit (including by seeking to amend a pending complaint to include class action allegations, or seeking class certification in a pending action) based upon or asserting any of the Released Claims;

(25)     The Second Settlement Fund, when established, shall be formed and operate to meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1; and the First Settlement Fund shall continue to operate and meet all the requirements of a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1;

(26)     All funds to be paid to or for the benefit of Consumer Settlement Class Claimants who are minors, incompetents, successions or absentees shall be placed in appropriate safekeeping pending the completion of appointment, qualification, and administrative procedures otherwise applicable with respect to the interests and property of minors, incompetents, successions and absentees;

(27)     Under applicable law, the Stipulation was entered into in good faith, at arms length, and is fair, reasonable and adequate and in the best interests of the Consumer Settlement Class and TPP Settlement Class;

(28)     The Final Order and Judgment shall be immediately appealable subject to the provisions of Rule 54 of the Federal Rules of Civil Procedure; and

(29)     The Court retains continuing and exclusive jurisdiction over the parties to the Stipulation for all purposes necessary or proper:  (1) for the consummation, administration, supervision, interpretation, construction and/or enforcement of the Stipulation and the Final Order and Judgment; (2) for supervising the management and disbursement of the funds in the First Settlement Fund and/or the Second Settlement Fund; (3) to protect and effectuate the Final Order and Judgment; and (4) for any other necessary purpose.


ENTERED:

Date:_____

By:_____

        Honorable Elaine E. Bucklo