UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re Synthroid Marketing Litigation | ) Master File No. 97 C 6017 |
|  | ) M.D.L. No. 1182 |
| THIS DOCUMENT RELATES TO: | ) |
| THE TPP ACTIONS | ) Honorable Judge Elaine E. Bucklo |
|  | ) |

**REPORT AND MEMORANDUM REQUESTING AN ORDER AUTHORIZING DISPOSITION OF THE RESIDUE OF THE THIRD PARTY PAYOR ("TPP") SETTLEMENT FUND TO CHARITY AND TERMINATION OF TPP CLAIMS**

1. After completion of the TPP claims process, including two distributions of Settlement Fund proceeds to eligible members of the TPP Class, and extensive follow-up efforts to locate all eligible TPPs and distribute proceeds to them, a residue of approximately $76,400 remains in the TPP Settlement Fund (the "Fund"). This amount remains in the Fund as a result of several factors: (1) the Fund maintained a small reserve balance when distributions were made against any contingencies such as a late-filing claimant or disputes over the amounts of the claims; (2) the fact that a number of checks were not cashed by claimants despite follow-up reminders to these claimants; and (3) accruing interest on these reserve funds.

2. The remaining balance (which is approximately two-tenths of 1% of the initial distribution amount) is not large enough to justify the time and expense necessary for a third distribution to TPP Class Members. From the date the Fund was created a total of approximately $484,000.00 in interest has been earned. The residual amount therefore, represents approximately 15% of the interest earned on the Fund.

3. Instead, Class Counsel recommend that these remaining funds be donated to one or more educational, charitable, or public service organizations of the Court's choosing. As set

78006_2

forth below, this procedure for donation of residual class settlement funds has been employed by many federal courts throughout the country. Because the drug Synthroid is used in the treatment of thyroid problems, counsel respectfully suggest the American Thyroid Association, a leading professional association dedicated to thyroid disease prevention and treatment, be considered as one possible recipient of the remaining funds. (Information about the American Thyroid Association may be found at http://www.thyroid.org/.)

4. This method of charitably disposing of remaining settlement funds has been employed by courts in numerous cases. *See, e.g., In re Amino Acid Lysine Antitrust Litig.*, C.A. No. 95 C 7679, MDL No. 1083 (N.D. Ill. Oct. 7, 1999) (authorizing payment of the $5,256.94 settlement fund balance to University of Chicago Law School for use in its Edwin Mandel Legal Aid Clinic); *In re RIO Hair Naturalizer Products Liability Litig.*, MDL 1055 (E.D. Mich. Nov. 12, 1999) ($112,548.46 to five women's and community organizations); *In re Automotive Refinishing Paint Antitrust Litig.*, MDL No. 1426 (April 24, 2009 E.D. Pa) (payment of the $91,689.61 settlement fund balance to Philadelphia Bar Foundation, the charitable arm of the Philadelphia Bar Association); *Blind Builders USA Inc. v. Royal Window Coverings (USA) L.P.*, No. 2:07-cv-01387-PD (E.D. Pa. April 23, 2009) ($9,212.75 to Habitat for Humanity); *Uniondale Beer Co. v. Anheuser-Busch, Inc., et al.*, C.A. No. 86-CV-2400 (TCP) (E.D.N.Y. Jan. 16, 1997) (authorizing payment of $11,039.30 each to Mothers Against Drunk Driving and Eastern District of New York Civil Litigation Fund); *Stewart v. Associates Consumer Discount Company,* C.A. No. 97-CV- 4678 (E.D. Pa. May 28, 2002) (total of $90,000 to nine separate community consumer agencies); *In re Residential Doors Antitrust Litig.*, C.A. Nos. 94-CV-3744 and 96-CV-2125, MDL No. 1039 (E.D. Pa. Aug. 14, 2000) ($1,470.94 to Habitat for Humanity). (Copies of the above orders are collected and attached as Group Exhibit "A.")

5. Pursuant to an Order of the Court (Docket No. 1012), in December 2002 Class Counsel distributed $38,099,999.68 to the 2,938 TPP claimants who submitted approved claims to the TPP Settlement Administrator, Tilghman & Co. After extensive follow-up efforts by the claims administrator to locate all eligible TPPs, 163 checks in the total amount of $79,853.86 remained outstanding and the total Fund balance in 2008, including the outstanding checks, was approximately $339,000.

6. Class Counsel determined that this balance was large enough to justify a second distribution. Therefore, in August 2008 Class Counsel, assisted by the claims administrator, distributed an additional $324,000 to claimants. A reserve of $15,000 was retained for expenses and contingencies.

7. Despite further extensive follow-up efforts and attempts to locate new addresses or otherwise reach all of the claimants, checks to 64 claimants, totaling $41,052.12, remain uncashed.

8. The balance remaining in the Fund as of April 29, 2011 was $76,395.31, which was comprised of additional interest earned on the Settlement Fund, outstanding and returned checks, and the balance of the reserve referenced in paragraph 6.

9. Class Counsel recommend that the right to settlement funds represented by the 227 outstanding checks from both distributions be terminated and the total remaining Fund be distributed as described below.

10. Class Counsel have expended many hours, and have incurred costs, in the administration and distribution of the Fund, but are not seeking any compensation for these services and costs from the Fund.

78006_2

11. In summary, Class Counsel respectfully request that the Court enter the accompanying proposed Order which:

a. Terminates the rights of all claimants with uncashed checks from either distribution to the funds represented by their outstanding checks and authorizes that those funds be made available for disposition pursuant to the proposed Order.

b. Authorizes payment of the balance remaining in the Fund, less any bank or tax preparation charges and required tax payments[1], plus accruing interest, to one or more educational, charitable, or public service organizations selected by the Court.

c. Authorizes TPP Class Counsel to file with the Internal Revenue Service any additional Federal Income tax return due on behalf of the Fund.

d. Releases and discharges the claims administrator, TPP Class Plaintiffs, TPP Class Counsel and all other persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of the proof of claim forms submitted in connection with settlement of claims of the TPP Class from any and all claims arising out of such involvement, and bars all TPP Class Members, whether or not they filed a claim or received payment from the Fund, from making further claims against the Fund or the discharged and released persons.

e. Grants TPP Class Counsel and the claims administrator permission to discard all claim files and other records related to the administration of the settlement or distributions of the settlement funds after the date of entry of the Order.

f. Discharges TPP Class Counsel from all further responsibility for the Fund and for this litigation upon compliance with the Order.

---

[1] It is Class Counsel's present understanding that no additional tax payments will be required.

4

78006_2

Dated: June 8, 2011

Respectfully submitted,

/s/ Gary D. McCallister
Gary D. McCallister
GARY D. MCCALLISTER & ASSOC., LLC
120 North LaSalle Street, Suite 2800
Chicago, IL 60602
(312) 345-0611

One of the TPP Class Counsel

Pamela Beard Slate
Slate Carter Comer PLLC
One Commerce Street, Suite 850
Montgomery, AL 36104
(334) 262-3300

Joseph C. Kohn
Douglas A. Abrahams
KOHN, SWIFT, & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

James R. Dugan, II
THE DUGAN LAW FIRM
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
(504) 648-0180

Co-Lead Counsel for the TPP Class

78006_2